Debra I. Grassgreen (CA Bar No. 169978)
Jeremy V. Richards (CA Bar No. 102300)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrichards@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312/222-9350
Facsimile: 312/527-0484
Email: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com

Attorneys for Defendant
Uber Technologies, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case No. 20-30242 (HLB)<br><br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Adv. Pro. No. 20-03050 (HLB)<br><br>**UBER TECHNOLOGIES INC.'S ADMINISTRATIVE MOTION TO FILE REDACTED OBJECTION TO GOOGLE LLC'S MOTION TO INTERVENE AND FILE UNREDACTED VERSION UNDER SEAL** |

Uber Technologies, Inc. (the "**Defendant**") hereby applies to this Court (the "**Motion**"), pursuant to section 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Civil Local Rule 79-5

(applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)), for the entry of an order authorizing the Defendant to (i) submit to the Court a partially redacted *Objection to Google LLC's Motion to Intervene* (the "**Objection**") and (ii) submit to the Court for filing, under seal, the unredacted version of the Objection. The Motion has been served on counsel to Google LLC ("**Google**") and the plaintiff, Anthony Levandowski ("**Plaintiff**").

If the Motion is granted, the Defendant will be permitted to file the redacted Objection and file the unredacted version of the same document under seal. Pursuant to Civ. L.R. 79-5(d)(2) an unredacted copy of the Objection will be submitted to Chambers.

## I.

## FACTS

On July 31, 2020, Google filed a *Motion to Intervene* in this adversary proceeding. In order to properly respond to the Motion to Intervene, Defendant must reference some of the issues related to a 2018 settlement between between Google, its subsidiary, Waymo, LLC, and Defendant resolving the litigation that was pending in the United States District Court for the Northern District of California, captioned *Waymo LLC vs. Uber Technologies*, *et al.*, (Case No. 17-00939). The terms of that Settlement Agreement, however, are confidential. The Settlement Agreement requires the parties thereto to seek appropriate confidentiality protections, including by motions to seal before disclosing any of its terms. In order to comply with the confidentiality provisions of the Settlement Agreement and properly address the issues raised in the Motion to Intervene, Defendant seeks to redact various portions of the Objection that address the terms of the Settlement Agreement and file an unredacted Objection, under seal.

Defendant believes that Google will consent to the relief requested in the Motion.

## II.

## LEGAL AUTHORITY

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

The terms of the Settlement Agreement are confidential and requires the parties thereto to seek appropriate confidentiality protections, including by motions to seal before disclosing any of its terms. Therefore, in order to properly address the issues raised in the Motion to Intervene while protecting the confidentiality of the Settlement Agreement, Defendant seeks Court approval to file a redacted Objection and an unredacted Objection, under seal. The relief requested herein is an appropriate exercise of this Court's authority under both section 107 of the Bankruptcy Code and Local Rule 1002-2(a) and should be granted.

## III.

## CONCLUSION

For all of the foregoing reasons, the Defendant respectfully requests that the Court grant this Motion and enter the accompanying proposed order.

Respectfully Submitted,

Dated: August 20, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Debra I. Grassgreen*
Debra I. Grassgreen

and

JENNER & BLOCK LLP
David J. Bradford (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)

*Attorneys for Uber Technologies, Inc.*