1 **KELLER BENVENUTTI KIM** LLP
TOBIAS S. KELLER (SBN 151445)
2 *tkeller@kbkllp.com*
DARA L. SILVEIRA (SBN 274923)
3 *dsilveira@kbkllp.com*
650 California Street, Suite 1900
4 San Francisco, California 94108
Tel.: +1 415 364 6793
5 Fax: +1 650 636 9251

6 BRETT M. SCHUMAN (SBN 189247)
*bschuman@goodwinlaw.com*
7 RACHEL M. WALSH (SBN 250568)
*rwalsh@goodwinlaw.com*
8 **GOODWIN PROCTER** LLP
Three Embarcadero Center
9 San Francisco, California 94111
Tel.: +1 415 733 6000
10 Fax.: +1 415 677 9041

11 HONG-AN VU (SBN 266268)
*hvu@goodwinlaw.com*
12 **GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Flr.
13 Los Angeles, California 90017
Tel.: +1 213 426 2500
14 Fax: +1 213 623 1673

15 *Attorneys for Plaintiff and Debtor and*
*Debtor in Possession Anthony S. Levandowski*
16

17 **UNITED STATES BANKRUPTCY COURT**

18 **NORTHERN DISTRICT OF CALIFORNIA**

19 **SAN FRANCISCO DIVISION**

20 | In re: | Bankruptcy Case
| | No. 20-30242 (HLB)
21 | ANTHONY SCOTT LEVANDOWSKI, | Chapter 11

22 | Debtor. | **Adv. Pro. No. 20-03050 (HLB)**

23 | ANTHONY LEVANDOWSKI, an individual, | **ANSWER TO DEFENDANT UBER TECHNOLOGIES, INC.'S AMENDED**
| | **COUNTERCLAIMS; AND**
24 | Plaintiff, | **AFFIRMATIVE DEFENSES**

25 | v. |

26 | UBER TECHNOLOGIES, INC. |

27 | Defendant. |

28

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS; AND AFFIRMATIVE DEFENSES

Anthony Scott Levandowski ("Levandowski"), as debtor and debtor in possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), and as Counterclaim Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through his attorneys, hereby states as follows:

## THE PARTIES

1. In response to Paragraph 1, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

2. In response to Paragraph 2, Levandowski admits the allegations set forth therein.

## JURISDICTION AND VENUE

3. In response to Paragraph 3, Levandowski admits that he filed a Chapter 11 voluntary petition on March 4, 2020 in the United States Bankruptcy Court for the Northern District of California in the matter, *In re Anthony Scott Levandowski*, Bankruptcy Petition No. 20-30242 (HLB). Levandowski further states that Paragraph 3 contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

4. In response to Paragraph 4, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

5. In response to Paragraph 5, Levandowski admits that venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) and this Court's July 29, 2020 Order Granting Stipulation to Withdraw Arbitration and Litigate Indemnity Dispute in Bankruptcy Court. Pursuant to that Stipulation, Levandowski does not dispute that venue is proper before this Court with respect to Uber's Counterclaims. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## FACTS

6. In response to Paragraph 6, Levandowski refers to his allegations in Paragraphs 1–252 of his Complaint.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

7.     In response to Paragraph 7, Levandowski admits he worked at Google in a division referred to as "Project Chauffeur." Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

8.     In response to Paragraph 8, Levandowski admits that he had entered into a term sheet with Uber by February 22, 2016. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

9.     In response to Paragraph 9, Levandowski admits that he was interviewed by Stroz employees on March 22 and 23, 2016, and also states that Stroz interviewed him on April 2, 2016 as well. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

10.    In response to Paragraph 10, Levandowski admits that Stroz interviewed him and drafted a memo that summarized his interview that stated that Stroz had asked him about "side projects" but denies that the Stroz memo from which the allegations in Paragraph 10 rely is accurate and complete. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

11.    In response to Paragraph 11, Levandowski admits that Otto had acquired Tyto with Uber's consent in May 2016. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding Uber's knowledge, and therefore denies them. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

12.    In response to Paragraph 12, Levandowski admits that Stroz interviewed him and drafted a memo that stated that he had communicated that information found on his devices was stored in the normal course of his work at Google, that he was not aware of the volume of Google information Stroz found on his devices, and that he accurately told Uber that as of the date of the

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

3

interviews, he did not intend to rely on any information or data from Google in his work for Uber. However, Levandowski denies that the Stroz memo from which the allegations in Paragraph 10 rely is accurate and complete. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

13.     In response to Paragraph 13, Levandowski states that the written attestation referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

14.     In response to Paragraph 14, Levandowski denies the allegations therein.

15.     In response to Paragraph 15, Levandowski denies the allegations therein.

16.     In response to Paragraph 16, Levandowski admits that he and Uber entered into the Indemnification Agreement on April 11, 2016 as part of a transaction for Uber to acquire Ottomotto and Otto Trucking. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

17.     In response to Paragraph 17, Levandowski denies the allegations therein.

18.     In response to Paragraph 18, Levandowski states that the allegations reference a writing, and to the extent that writing exists, it speaks for itself. Levandowski therefore denies any and all allegations to the extent inconsistent with the contents therein.

19.     In response to Paragraph 19, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

20.     In response to Paragraph 20, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

21.     In response to Paragraph 21, Levandowski denies the allegations therein.

22.     In response to Paragraph 22, Levandowski admits to the allegations therein.

23.     In response to Paragraph 23, Levandowski denies the allegations therein.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

24.     In response to Paragraph 24, Levandowski states that the indictment referenced therein pertaining to the matter, *United States of America v. Anthony Scott Levandowski*, Case No. 3:19-cr-00377-WHA (N.D. Cal. filed Aug. 15, 2019), speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

25.     In response to Paragraph 25, Levandowski states that the indictment referenced therein pertaining to the matter, *United States of America v. Anthony Scott Levandowski*, Case No. 3:19-cr-00377-WHA (N.D. Cal. filed Aug. 15, 2019) speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

26.     In response to Paragraph 26, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

27.     In response to Paragraph 27, Levandowski states that the August 30, 2019 letter from Uber to Levandowski referenced therein, and the Indemnification Agreement also referenced therein speaks for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

28.     In response to Paragraph 28, Levandowski admits that he received letters from Uber's counsel dated September 11, 2019, September 27, 2019, December 31, 2019, and March 27, 2020.  Levandowski further states that the letters dated September 11, 2019, September 27, 2019, December 31, 2019, and March 27, 2020 referenced therein speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

29.     In response to Paragraph 29, Levandowski states that the final award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

30.     In response to Paragraph 30, Levandowski states that the judgment referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

31.     In response to Paragraph 31, Levandowski admits that on March 4, 2020, he filed a Chapter 11 voluntary petition listing Uber as a potential creditor with a claim valued at $1.

Levandowski further states that the petition and attendant documents filed therewith speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

32. In response to Paragraph 32, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Levandowski denies that he had fraudulently concealed any information when he negotiated the Indemnification Agreement. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

33. In response to Paragraph 33, Levandowski states that the judgment in the matter, *United States of America v. Anthony Scott Levandowski*, Case No. 19-cr-00377-WHA (N.D. Cal.) referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

34. In response to Paragraph 34, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

35. In response to Paragraph 35, Levandowski admits the allegation therein.

36. In response to Paragraph 36, Levandowski states that the Google Arbitration Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

37. In response to Paragraph 37, Levandowski states that the written opinion of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

38. In response to Paragraph 38, Levandowski states that the written opinion of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

Case: 20-03050    Doc# 50    Filed: 09/28/20    Entered: 09/28/20 19:13:45    Page 6 of 40

39.     In response to Paragraph 39, Levandowski states that the Arbitration Award and judgment referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

40.     In response to Paragraph 40, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

41.     In response to Paragraph 41, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

42.     In response to Paragraph 42, Levandowski states that the Indemnification Agreement speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

43.     In response to Paragraph 43, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

44.     In response to Paragraph 44, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

45.     In response to Paragraph 45, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

46.     In response to Paragraph 46, Levandowski states that the amended complaint in *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.) and the finding of the Arbitration Panel speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

47.     In response to Paragraph 47, Levandowski admits that he had requested consent from Uber for Otto to acquire Tyto, and Uber provided that consent.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

48.     In response to Paragraph 48, Levandowski denies the allegations therein. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

49.     In response to Paragraph 49, Levandowski states that the Google Arbitration Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

50.     In response to Paragraph 50, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

51.     In response to Paragraph 51, Levandowski admits that he was interviewed by Stroz employees on March 22 and 23, 2016, and also adds that he was interviewed again on April 2, 2016.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

52.     In response to Paragraph 52, Levandowski denies the allegations therein.

53.     In response to Paragraph 53, Levandowski states that Stroz's report referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent

with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

54.     In response to Paragraph 54, Levandowski denies that he failed to disclose to Stroz his involvement with Tyto. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

55.     In response to Paragraph 55, Levandowski states that the findings of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

56.     In response to Paragraph 56, Levandowski states that the findings of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

57.     In response to Paragraph 57, Levandowski states that the findings of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

58.     In response to Paragraph 58, Levandowski admits he worked at Google in a division referred to as "Project Chauffeur," participated in the Chauffeur Bonus Plan, and received compensation for his work at Project Chauffeur. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

59.     In response to Paragraph 59, Levandowski states that the award entered by the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

60.     In response to Paragraph 60, Levandowski states that the Chauffeur Bonus Plan referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

61.     In response to Paragraph 61, Levandowski states that the Arbitration Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

62.     In response to Paragraph 62, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

63.     In response to Paragraph 63, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

64.     In response to Paragraph 64, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

65.     In response to Paragraph 65, Levandowski denies the allegations therein.

66.     In response to Paragraph 66, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

67.     In response to Paragraph 67, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

Goodwin Procter LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

68.     In response to Paragraph 68, Levandowski admits that Google requested Levandowski's deposition in the Google Arbitration. Levandowski denies any and all remaining allegations of Paragraph 68.

69.     In response to Paragraph 69, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

70.     In response to Paragraph 70, Levandowski states that the January 15, 2018 email referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

71.     In response to Paragraph 71, Levandowski states that the January 15, 2018 email referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

72.     In response to Paragraph 72, Levandowski denies the allegations therein.

73.     In response to Paragraph 73, Levandowski admits that he sat for a deposition on January 18, 2018. Levandowski further states that the transcript of the deposition proceedings on January 18, 2018 referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

74.     In response to Paragraph 74, Levandowski states that the April 2, 2018 letter referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

75.     In response to Paragraph 75, Levandowski states that the April 2, 2018 email referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

76.     In response to Paragraph 76, Levandowski admits the allegations therein.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Case: 20-03050     Doc# 50     Filed: 09/28/20     Entered: 09/28/20 19:15:45     Page 11 of 40

77.     In response to Paragraph 77, Levandowski states that the April 24, 2018 decision of the Google Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

78.     In response to Paragraph 78, Levandowski denies the allegations therein.

79.     In response to Paragraph 79, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

80.     In response to Paragraph 80, Levandowski denies the allegations therein.

81.     In response to Paragraph 81, Levandowski denies the allegations therein.

82.     In response to Paragraph 82, Levandowski admits that Uber, who was not a party to the Google Arbitration, did not present evidence on allocation of damages at the hearing. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

83.     In response to Paragraph 83, Levandowski denies the allegations therein.

84.     In response to Paragraph 84, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

85.     In response to Paragraph 85, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## **COUNT 1**

86.     In response to Paragraph 86, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

Goodwin Procter LLP
ATTORNEYS AT LAW
SILICON VALLEY

87.     In response to Paragraph 87, Levandowski states that the Arbitration Award and subsequent judgment referenced therein speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

88.     In response to Paragraph 88, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

89.     In response to Paragraph 89, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

90.     In response to Paragraph 90, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

91.     In response to Paragraph 91, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

92.     In response to Paragraph 92, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

93.     In response to Paragraph 93, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski denies all other allegations herein.

94.     In response to Paragraph 94, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

95.     In response to Paragraph 95, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

96.     In response to Paragraph 96, Levandowski denies that Uber is entitled to relief. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## COUNT II

97.     In response to Paragraph 97, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

98.     In response to Paragraph 98, Levandowski states that California Civil Code § 2774 speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski further states that this Paragraph contains legal contentions as to which no response is required.

99.     In response to Paragraph 99, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

100.     In response to Paragraph 100, Levandowski states that the indictment and the Arbitration Award referenced therein speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

101.     In response to Paragraph 101, Levandowski states that the judgment in the matter, *United States of America v. Anthony Scott Levandowski*, Case No. 319-cr-00377-WHA (N.D. Cal.) referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

102.     In response to Paragraph 102, Levandowski states that the findings of the Google Arbitration Panel, and the contents of Cal. Civ. Code § 2774 and Cal. Penal Code §§ 502(c)(1)

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

and (2) referenced therein speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

103. In response to Paragraph 103, Levandowski denies the allegations therein.

104. In response to Paragraph 104, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

105. In response to Paragraph 105, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

106. In response to Paragraph 106, Levandowski denies that Uber is entitled to any relief, and denies the allegations therein.

## COUNT III

107. In response to Paragraph 107, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

108. In response to Paragraph 108, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

109. In response to Paragraph 109, Levandowski denies the allegations therein.

110. In response to Paragraph 110, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

111. In response to Paragraph 111, Levandowski states that the Indemnification Agreement, amended complaint in the Waymo litigation, and Corrected Final Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski admits that he received indemnification for certain legal

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case: 20-03050   Doc# 50   Filed: 09/28/20   Entered: 09/28/20 19:13:45   Page 15 of 40

fees in connection with Google Arbitration.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

112.    In response to Paragraph 112, Levandowski denies the allegations therein.

113.    In response to Paragraph 113, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

114.    In response to Paragraph 114, Levandowski denies the allegations therein.

115.    In response to Paragraph 115, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

116.    In response to Paragraph 116, Levandowski states that the Google Arbitration Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

117.    In response to Paragraph 117, Levandowski denies that Uber is entitled to any relief.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

118.    In response to Paragraph 118, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

16

Case: 20-03050    Doc# 50    Filed: 09/28/20    Entered: 09/28/20 19:15:45    Page 16 of 40

119.     In response to Paragraph 119, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

120.     In response to Paragraph 120, Levandowski denies the allegations therein and denies that Uber is entitled to any relief.

### COUNT IV

121.     In response to Paragraph 121, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

122.     In response to Paragraph 122, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

123.     In response to Paragraph 123, Levandowski states that the Arbitration Award and the Indemnification Agreement referenced therein speak for themselves, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

124.     In response to Paragraph 124, Levandowski states that the Arbitration Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

125.     In response to Paragraph 125, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

126.     In response to Paragraph 126, Levandowski denies the allegations therein.

127.     In response to Paragraph 127, Levandowski states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

128.     In response to Paragraph 128, Levandowski states that this Paragraph contains legal contentions as to which no response is required.

129.     In response to Paragraph 129, Levandowski denies that Uber is entitled to any relief.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## COUNT V

130.     In response to Paragraph 130, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

131.     In response to Paragraph 131, Levandowski admits that he invoked his Fifth Amendment privilege and that he was not permitted by the arbitrators to testify at the arbitration hearing.  Levandowski further states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

132.     In response to Paragraph 132, Levandowski states that the Indemnification Agreement referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

133.     In response to Paragraph 133, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

134.     In response to Paragraph 134, Levandowski denies the allegations therein.

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

18

135.     In response to Paragraph 135, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

136.     In response to Paragraph 136, Levandowski denies that Uber is entitled to any relief, and further denies the allegations therein.

## COUNT VI

137.     In response to Paragraph 137, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

138.     In response to Paragraph 138, Levandowski admits that Uber and other parties entered into the Indemnification Agreement with Levandowski on April 11, 2016 as part of the transaction for Uber to acquire Otto.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

139.     In response to Paragraph 139, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

140.     In response to Paragraph 140, Levandowski states that the document(s) reflecting Stroz's interview with Levandowski on March 22 and 23, 2016 referenced therein speaks for itself, but in any event, denies that the Stroz interview memo and notes are complete and accurate. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

141.     In response to Paragraph 141, Levandowski states that the findings of the Arbitration Panel referenced therein speaks for itself, and therefore denies any and all allegations

Goodwin Procter LLP
ATTORNEYS AT LAW
SILICON VALLEY

to the extent inconsistent with the contents therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

142. In response to Paragraph 142, Levandowski states that the document(s) reflecting Stroz's interview with Levandowski on March 22 and 23, 2016 referenced therein speaks for itself, and in any event, denies that the Stroz interview memo or notes are complete and accurate. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

143. In response to Paragraph 143, Levandowski states that the document(s) reflecting Stroz's interview with Levandowski on March 22 and 23, 2016 referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein. in any event, denies that the Stroz interview memo or notes are complete and accurate. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

144. In response to Paragraph 144, Levandowski states that to the extent this Paragraph refers to a written attestation, it speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

145. In response to Paragraph 145, Levandowski states that the written attestation referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

146. In response to Paragraph 146, Levandowski states that the written attestation referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

147. In response to Paragraph 147, Levandowski denies the allegations therein.

148. In response to Paragraph 148, Levandowski denies that he made fraudulent representations and omissions with the intent of deceiving Uber and inducing it to enter into the Indemnification Agreement. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

Goodwin Procter LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

149. In response to Paragraph 149, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

150. In response to Paragraph 150, Levandowski denies the allegations therein.

151. In response to Paragraph 151, Levandowski denies the allegations therein.

152. In response to Paragraph 152, Levandowski denies the allegations therein.

153. In response to Paragraph 153, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

154. In response to Paragraph 154, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

155. In response to Paragraph 155, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

156. In response to Paragraph 156, Levandowski denies that Uber is entitled to any relief. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

157. In response to Paragraph 157, Levandowski denies that Uber is entitled to any relief. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

158. In response to Paragraph 158, Levandowski denies that Uber is entitled relief, and denies that any of Uber's claims for damages are non-dischargeable pursuant to 11 U.S.C. § 523

21

(a)(2)(A). Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

159. In response to Paragraph 159, Levandowski denies that he was the lead officer responsible for Uber's self-driving car business during his tenure at Uber, and denies that any of Uber's claims for damages are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(A). Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

160. In response to Paragraph 160, Levandowski denies that any of Uber's claims for damages are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## COUNT VII

161. In response to Paragraph 161, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

162. In response to Paragraph 162, Levandowski denies the allegations therein.

163. In response to Paragraph 163, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

164. In response to Paragraph 164, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

165. In response to Paragraph 165, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

22

no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

166. In response to Paragraph 166, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

167. In response to Paragraph 167, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

168. In response to Paragraph 168, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

169. In response to Paragraph 169, Levandowski denies that he was the lead officer responsible for Uber's self-driving car business during his tenure at Uber, and denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

170. In response to Paragraph 170, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## <u>COUNT VIII</u>

171. In response to Paragraph 171, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

172.     In response to Paragraph 172, Levandowski admits that Uber, Levandowski and other parties entered into the Indemnification Agreement on April 11, 2016.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

173.     In response to Paragraph 173, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

174.     In response to Paragraph 174, Levandowski admits that he was interviewed by Stroz employees on March 22 and 23, 2016, and adds that he was interviewed again on April 2, 2016.  Levandowski further states that the document(s) reflecting Stroz's interview with Levandowski on March 22 and 23, 2016 referenced therein speaks for itself, and in any event, denies that the Stroz interview memo or notes are complete and accurate.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

175.     In response to Paragraph 175, Levandowski denies the allegations therein.

176.     In response to Paragraph 176, Levandowski denies the allegations therein.

177.     In response to Paragraph 177, Levandowski states that the document(s) reflecting Stroz's interview with Levandowski on March 22 and 23, 2016 referenced therein speak for themselves, and in any event, denies that the Stroz interview memo or notes are complete and accurate.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

178.     In response to Paragraph 178, Levandowski states that the writing referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

179.     In response to Paragraph 179, Levandowski states that the written attestation referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

180.     In response to Paragraph 180, Levandowski states that the written attestation referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

181.     In response to Paragraph 181, Levandowski denies the allegations therein.

182.     In response to Paragraph 182, Levandowski denies that he made fraudulent representations or omissions with the intent of deceiving Uber and inducing it to enter into the Indemnification Agreement.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

183.     In response to Paragraph 183, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

184.     In response to Paragraph 184, Levandowski denies the allegations therein.

185.     In response to Paragraph 185, Levandowski states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

186.     In response to Paragraph 186, Levandowski states that this Paragraph contains legal contentions as to which no response is required.

187.     In response to Paragraph 187, Levandowski denies that Uber it entitled to relief on its claim.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## COUNT IX

188.     In response to Paragraph 188, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

189. In response to Paragraph 189, Levandowski states that the Corrected Final Award referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

190. In response to Paragraph 190, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

191. In response to Paragraph 191, Levandowski states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.

192. In response to Paragraph 192, Levandowski denies the allegations therein.

193. In response to Paragraph 193, Levandowski denies the allegations therein.

194. In response to Paragraph 194, Levandowski denies that Uber's claims for contribution are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

195. In response to Paragraph 195, Levandowski denies that the was the lead officer responsible for Uber's self-driving car business during his tenure at Uber and denies that Uber's claims for contribution are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

196. In response to Paragraph 196, Levandowski denies that Uber is entitled to relief on its claim. Levandowski further states that this Paragraph contains legal contentions as to which no response is required. Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

## **COUNT X**

197.     In response to Paragraph 197, Levandowski refers to its responses to the allegations in all of the above Paragraphs and incorporates by reference such responses as if set forth herein.

198.     In response to Paragraph 198, Levandowski admits that Uber served a proof of claim on July 6, 2020.  The Proof of Claim contains legal conclusions that do not require a response.  Except as expressly admitted, Levandowski denies the allegations in this Paragraph.

199.     In response to Paragraph 199, Levandowski admits that on March 4, 2020, he filed a Chapter 11 voluntary petition.  Levandowski further states that the Petition and documents filed therewith as referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.

200.     In response to Paragraph 200, Levandowski states that the Proof of Claim referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Levandowski further states that this Paragraph contains legal contentions as to which no response is required.  Levandowski further states that he lacks knowledge or information sufficient to form a belief regarding the truth of the allegations therein, and therefore denies each and every allegation set forth therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

201.     In response to Paragraph 201, Levandowski states that the Proof of Claim referenced therein speaks for itself, and therefore denies any and all allegations to the extent inconsistent with the contents therein.  Except as expressly admitted, Levandowski denies each and every allegation in this Paragraph.

**PRAYER FOR RELIEF**

Levandowski denies that Uber is entitled to the requested relief or any relief.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

By way of further answer, Levandowski alleges and asserts the following defenses in response to the allegations contained in the Counterclaims.  In this regard, Levandowski undertakes the burden of proof only as to the defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the instant Answer.  Levandowski

27

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

reserves the right to amend or assert other affirmative defenses as this action proceeds based on further discovery, legal research, or analysis that may supply additional facts or lend new meaning or clarification to the claims contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

## WAIVER

202. Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

203. Uber's claims are barred, either in whole or in part, because it expressly or impliedly waived its claims in this action.

204. In February 2016, Uber entered into a non-binding term sheet with Levandowski to acquire Ottomotto and Otto Trucking. In connection with the contemplated acquisition, Uber engaged the services of a third-party forensic investigator, Stroz Friedberg. The purpose of engaging Stroz was to confirm that Google proprietary information was excluded from the assets contemplated in the Uber-Otto transaction.

205. As part of the Stroz investigation, Stroz requested Levandowski to provide devices to Stroz. Levandowski fully complied. Stroz conducted in-person interviews with Levandowski in March 2016 to further detail the information stored on Levandowski's devices and clarify assets in the proposed Uber-Otto transaction.

206. Levandowski's devices contain the very information that Uber claims is not disclosed. Specifically, the devices that Stroz requested, and Levandowski provided in response to that request, contained information disclosing the fact of Tyto, its assets, and its relationship to Diligenced Employees. In fact, Levandowski repeatedly communicated to Uber during the Stroz investigation that the most accurate information pertaining to assets contemplated in the Uber-Otto transaction would be found on those devices themselves.

207. Uber continued with the Uber-Otto transaction anyway. Accordingly, Uber entered into the Indemnification Agreement with Levandowski in connection with the closing of the Uber-Otto transaction. It did so knowing that the Stroz investigation had not yet been completed at that time, and in Levandowski's full disclosure of material information—including

28

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

Tyto—learned during the course of the Stroz investigation. In fact, the Stroz report was not completed until August 2016, nearly four months after the Uber-Otto transaction consummated.

208. Uber, having full knowledge that the Stroz investigation was not complete, and further having full knowledge that information was provided to it that were located on Levandowski's devices, undertook the deliberate decision to consummate the transaction anyway. Uber has waived its claim to now object to enforcement of the Indemnification Agreement based on acts that it knew or should have known at the time of the bargained-for contract, but chose to disregard.

209. Uber also waived its counterclaims in whole or in party by accepting Levandowski's claim for indemnity without reservation of rights, including after stating its belief that some of the information alleged by Google in the arbitration demands were not disclosed by Levandowski to Stroz.

210. Uber further waived its counterclaims by waiting more than three years to raise any defenses to the agreement. During that three-year period, Uber performed under the Indemnification Agreement well after it was aware of any alleged basis for rescission, any now alleged Post-Signing Specified Bad Act, and by affirming the Indemnification Agreement expressly and impliedly.

211. Uber further waived any objections as to Excluded Claims because it failed to disclaim liability and give notice of its reservation of rights at the time the indemnification obligation arose under the Indemnification Agreement, even though it had full knowledge that the Stroz investigation was not complete, and further had full knowledge that the information was provided to it that were located on Levandowski's devices.

212. Levandowski relied on Uber's performance of its indemnity obligations for years, including by giving Uber control of his defense and settlement ability, which has ultimately proved to have been to his detriment.

213. Uber also waived each and every counterclaim by continuing to proceed with closing the Otto Trucking transaction and acquiring that company. The Otto acquisition, Otto Trucking acquisition, and the Indemnity were one transaction documented by the agreement

29

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

1   entered into on April 11, 2016.  By proceeding to acquire Otto Trucking well after Uber was

2   aware of the allegations pled in the Counterclaim, Uber waived any of its claims for avoiding its

3   obligations under the Indemnification Agreement.

### SECOND AFFIRMATIVE DEFENSE

### ESTOPPEL

6       214.    Levandowski incorporates by reference his responses in the preceding paragraphs

7   and the allegations made in the Complaint.

8       215.    Uber's claims are barred, either in whole or in part, because it is equitably

9   estopped from pursuing its claims in this action.

10      216.    In February 2016, Uber entered into a non-binding term sheet with Levandowski

11  to acquire Ottomotto and Otto Trucking.  In connection with the contemplated acquisition, Uber

12  engaged the services of a third-party forensic investigator, Stroz Friedberg.  The purpose of

13  engaging Stroz was to confirm that Google proprietary information was excluded from the assets

14  contemplated in the Uber-Otto transaction.

15      217.    As part of the Stroz investigation, Stroz requested Levandowski to provide devices

16  to Stroz.  Levandowski fully complied.  Stroz conducted in-person interviews with Levandowski

17  in March 2016 to further detail the information stored on Levandowski's devices and clarify

18  assets in the proposed Uber-Otto transaction.

19      218.    Levandowski's devices contain the very information that Uber claims is not

20  disclosed.  Specifically, the devices that Stroz requested, and Levandowski provided in response

21  to that request, contained information disclosing the fact of Tyto, its assets, and its relationship to

22  Diligenced Employees.  In fact, Levandowski repeatedly communicated to Uber during the Stroz

23  investigation that the most accurate information pertaining to assets contemplated in the Uber-

24  Otto transaction would be found on those devices themselves.

25      219.    Uber continued with the Uber-Otto transaction anyway.  Accordingly in April

26  2016, Uber entered into the Indemnification Agreement with Levandowski in connection with

27  consummating the Uber-Otto transaction.  It did so knowing that the Stroz investigation had not

28  yet been completed at that time, and in Levandowski's full disclosure of material information—

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

30

including Tyto—learned during the course of the Stroz investigation. In fact, the Stroz report was not completed until August 2016, nearly four months after the Uber-Otto transaction consummated.

220. Uber, by its statements and conduct, intentionally and deliberately led Levandowski to believe that it was satisfied with the Stroz investigation, or was satisfied with continuing with the Uber-Otto transaction in the absence of the completion of the Stroz investigation. Accordingly, Uber caused Levandowski to reasonably rely on those statements and conduct, did not suggest at any time that further action was necessary from Levandowski to correct or further perfect any aspect of the Stroz investigation in the course of due diligence for the Uber-Otto transaction, and intended that the Uber-Otto transaction close. Uber therefore is equitably estopped from asserting claims or take legal positions in contradiction to it.

221. Uber also is estopped from asserting any of the alleged claims because it has accepted Levandowski's claim for indemnity without reservation of rights, including after stating its belief that some of the information alleged by Google in the arbitration demands were not disclosed by Levandowski to Stroz.

222. Uber is further estopped because it performed under the Indemnification Agreement for years and well after it was aware of the alleged actions by Levandowski that give rise to the counterclaims, thereby inducing Levandowski to rely on Uber's performance of the Indemnification Agreement to his detriment.

223. Uber is further estopped from raising any objections as to Excluded Claims because it failed to disclaim liability and give notice of its reservation of rights at the time the indemnification obligation arose under the Indemnification Agreement, even though it had full knowledge that the Stroz investigation was not complete, and further had full knowledge that the information was provided to it that were located on Levandowski's devices.

224. Uber also is estopped from bringing each and every counterclaim by continuing to proceed with closing the Otto Trucking transaction and acquiring that company. The Otto acquisition, Otto Trucking acquisition, and the Indemnity were one transaction documented by the agreement entered into on April 11, 2016. By proceeding to acquire Otto Trucking well after

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Uber was aware of the allegations pled in the Counterclaim, Uber waived any of its claims for

avoiding its obligations under the Indemnification Agreement.

**THIRD AFFIRMATIVE DEFENSE**

**STATUTE OF LIMITATIONS—FRAUD**

225.    Levandowski incorporates by reference his responses in the preceding paragraphs

and the allegations made in the Complaint.

226.    Uber's claims are barred, either in whole or in part, under the applicable statute of

limitations.

227.    In February 2016, Uber entered into a non-binding term sheet with Levandowski

to acquire Ottomotto and Otto Trucking.  In connection with the contemplated acquisition, Uber

engaged the services of a third-party forensic investigator, Stroz Friedberg.  The purpose of

engaging Stroz was to confirm that Google proprietary information was excluded from the assets

contemplated in the Uber-Otto transaction.

228.    As part of the Stroz investigation, Stroz requested Levandowski to provide devices

to Stroz.  Levandowski fully complied.  Stroz conducted in-person interviews with Levandowski

in March 2016 to further detail the information stored on Levandowski's devices and clarify

assets in the proposed Uber-Otto transaction.

229.    Levandowski's devices contain the very information that Uber claims is not

disclosed.  Specifically, the devices that Stroz requested, and Levandowski provided in response

to that request, contained information disclosing the fact of Tyto, its assets, and its relationship to

Diligenced Employees.  In fact, Levandowski repeatedly communicated to Uber during the Stroz

investigation that the most accurate information pertaining to assets contemplated in the Uber-

Otto transaction would be found on those devices themselves.

230.    Uber continued with the Uber-Otto transaction anyway.

231.    On July 16, 2020, Levandowski filed the instant complaint in the above captioned

matter.  Uber filed its answer and counterclaims on August 17, 2020, raising among other things

fraud-based claims against Levandowski.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

232.     Uber knew or should have known the bases for its fraud-based claims, and therefore Uber's fraud-based claims are barred, either in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

### STATUTE OF LIMITATIONS—CONTRIBUTION

233.     Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

234.     Uber's claims are barred, either in whole or in part, under the applicable statute of limitations.

235.     On December 23, 2019, the Google Arbitration Panel issued a Corrected Final Award in the matter *Google, Inc. v. Anthony Scott Levandowski et al.* Upon information and belief, on or about February 5, 2020, Uber tendered a payment in the amount of $9,453,135.87 on behalf of Lior Ron to Google in connection with the Corrected Final Award.

236.     Uber was party in the matter, *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.), filed on February 23, 2017.

237.     Upon information and belief, on February 8, 2018, Waymo and Uber executed a settlement agreement (the "Waymo Settlement"). Further upon information and belief, Uber entered into the Waymo Settlement for just consideration, and secured the release of claims in exchange for, among other things, a $245 million equity share to Waymo.

238.     On July 16, 2020, Levandowski filed the instant complaint in the above captioned matter. Uber filed its answer and counterclaims on August 17, 2020, seeking among other things contribution against Levandowski for payments it made to Google in connection with the Waymo Settlement and the Corrected Final Award.

239.     Accordingly, Uber's contribution claims are barred, either in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

### UNCLEAN HANDS

Goodwin Procter LLP
ATTORNEYS AT LAW
SILICON VALLEY

240. Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

241. Uber's claims are barred, either in whole or in part, because it has unclean hands.

242. In February 2016, Uber entered into a non-binding term sheet with Levandowski to acquire Ottomotto and Otto Trucking. The term sheet contemplated that Uber would acquire Ottomotto and Otto Trucking. The acquisition of Otto Trucking was a condition precedent for Levandowski to agree to the Uber-Otto transaction. Without this agreement, Levandowski would not have continued with the Uber-Otto transaction.

243. Accordingly, in April 2016, Uber and Levandowski executed the Indemnification Agreement, the Otto Agreement, and the Otto Trucking Agreement. The Otto Trucking Agreement provided Uber an option to acquire Otto Trucking, consistent with the terms contemplated under the February 2016 term sheet. Under the Otto Trucking Agreement, Uber was obligated to use "commercially reasonable efforts" to consummate the Otto Trucking merger, which the parties intended to occur within forty-five (45) days of the exercise of the option.

244. In fact Uber never intended to acquire Otto Trucking. It fraudulently misrepresented to Levandowski its true intentions so as to induce Levandowski to continue with the Uber-Otto transaction. Levandowski relied on Uber's misrepresentations that it would pursue in a good faith the Otto Trucking acquisition following the close of Uber's acquisition of Ottomotto.

245. The Uber-Otto transaction closed on August 18, 2016. In November 2017, within the close of the Call Option period, Uber exercised the call option acquire Otto Trucking by providing notice of its decision.

246. After exercising its option to acquire Otto Trucking, Uber did not close, and never intended to close, on the Otto Trucking acquisition in the required 45-day period. In fact Uber unilaterally delayed and stalled the closing for nearly nine months. Upon information and belief, during that time, Uber negotiated a settlement with Waymo whereby it agreed to an illegal no-hire scheme with respect to Mr. Levandowski and any company affiliated with him, and also agreed to divest him from Otto Trucking.

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

247. Uber then coerced Levandowski out of Otto Trucking, making it a condition to acquiring that company, that Levandowski sell his shares.

248. Uber also refused to terminate the Otto Trucking merger agreement at that time as it would give Levandowski right to an exclusive license to Uber's self-driving technology for use in trucking.

249. Uber threatened to tie up Levandowski in protracted litigation unless he sold his shares.

250. Uber then terminated the original Otto Trucking Merger Agreement without disclosing this termination to Levandowski to obfuscate his right to the trucking IP license.

251. Uber's fraud in the course of the Uber-Otto transaction constitutes unclean hands, and Uber's claims are barred, either in whole or in part, therefore.

252. Uber's hands are also unclean due to its inducement of Levandowski to bring over Google employees to Uber and was fully aware and encouraged any solicitation by Levandowski of Google employees.

253. Uber's hands are further unclean in that, upon information and belief, it agreed as part of the Waymo Settlement to divest Levandowski from Otto Trucking. Further upon information and belief, Uber also agreed with a competitor to an illegal no-hire agreement where it agreed never to work with Levandowski or anyone affiliated with him ever again.

## SIXTH AFFIRMATIVE DEFENSE

## RELEASE OF CLAIMS

254. Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

255. Uber's claims are barred, either in whole or in part, because it expressly or impliedly released its claims in this action.

256. Uber was party in the matter, *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.), filed on February 23, 2017.

257. Upon information and belief, on February 8, 2018, Waymo and Uber executed a settlement agreement. Further upon information and belief, the Waymo Settlement contained

35

releases in which Google and Uber agreed to release both known and unknown claims that have or could be asserted against the other's past and former employees.

258. Upon information and belief, Uber entered into the agreement for just consideration, and secured the release of claims in exchange for, among other things, a $245 million equity share to Waymo.

259. Upon information and belief, the Waymo Settlement release includes Levandowski. Further upon information and belief, Levandowski is a former employee as understood in the Waymo Settlement agreement.

## SEVENTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

260. Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

261. Uber's claims are barred, either in whole or in part, because it failed to mitigate damages.

262. In February 2016, Uber entered into a non-binding term sheet with Levandowski to acquire Ottomotto and Otto Trucking. Because Levandowski anticipated litigation from his former employer, Google, upon the disclosure of the contemplated Uber-Otto transaction, the parties agreed that Uber would indemnify Levandowski in the event litigation were to occur, and in the event damages were found against Levandowski. As a further condition of indemnification, Uber required that Levandowski agree that Uber can control his legal defense.

263. In April 2016, Uber and Levandowski entered into the Indemnification Agreement that memorialized these terms, among other things.

264. In February 2017, following the consummation of the Uber-Otto transaction, Google filed a demand for arbitration captioned, Google, Inc. v. Anthony Scott Levandowski et al. That arbitration demand alleged, among other things, that Levandowski downloaded 14,000 files from a Google server, and that those files were acquired by Uber in 2016.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case: 20-03050    Doc# 50    Filed: 09/28/20    Entered: 09/28/20 19:13:45    Page 36 of 40

265.     Under the Indemnification Agreement, Uber had an obligation to indemnify Levandowski of legal expenses related to his defense, and further to indemnify any money judgment rendered against him.

266.     In the course of the Google Arbitration, Levandowski made several proposals to Uber regarding settlement intended to facilitate a global settlement of all claims.  Uber did not agree.  Further, because Uber controlled Levandowski's legal defense, Levandowski could not agree, either.  Uber unjustifiably and unreasonably denied Levandowski's settlement proposals to resolve the matter.

267.     As a direct result of Uber's unilateral decision to deny Levandowski's interim settlement proposals, the arbitration proceeded to trial and final award.

268.     On December 6, 2019, the Arbitration Panel issued a final award against Levandowski in the amount of approximately $174 million.

269.     Uber at all times acted unjustifiably and unreasonably in failing to consider interim settlement proposals that could resolve the dispute before the Arbitration Panel's final award. Accordingly, Uber's claims are barred, either in whole or in part, because it unjustifiably and unreasonably failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

## RATIFICATION

270.     Levandowski incorporates by reference his responses in the preceding paragraphs and the allegations made in the Complaint.

271.     Uber's counterclaims are barred by in whole or in party by the doctrine of ratification.

272.     In February 2016, Uber entered into a non-binding term sheet with Levandowski to acquire Ottomotto and Otto Trucking.  In connection with the contemplated acquisition, Uber engaged the services of a third-party forensic investigator, Stroz Friedberg.  The purpose of engaging Stroz was to confirm that Google proprietary information was excluded from the assets contemplated in the Uber-Otto transaction.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

37

273.     As part of the Stroz investigation, Stroz requested Levandowski to provide devices to Stroz.  Levandowski fully complied.  Stroz conducted in-person interviews with Levandowski in March 2016 to further detail the information stored on Levandowski's devices and clarify assets in the proposed Uber-Otto transaction.

274.     Levandowski's devices contain the very information that Uber claims is not disclosed.  Specifically, the devices that Stroz requested, and Levandowski provided in response to that request, contained information disclosing the fact of Tyto, its assets, and its relationship to Diligenced Employees.  In fact, Levandowski repeatedly communicated to Uber during the Stroz investigation that the most accurate information pertaining to assets contemplated in the Uber-Otto transaction would be found on those devices themselves.

275.     Uber continued with the Uber-Otto transaction anyway.  Accordingly, Uber entered into the Indemnification Agreement with Levandowski in connection with the closing of the Uber-Otto transaction.  It did so knowing that the Stroz investigation had not yet been completed at that time, and in Levandowski's full disclosure of material information—including Tyto—learned during the course of the Stroz investigation.  In fact, the Stroz report was not completed until August 2016, nearly four months after the Uber-Otto transaction consummated.

276.     Uber, having full knowledge that the Stroz investigation was not complete, and further having full knowledge that information was provided to it that were located on Levandowski's devices, undertook the deliberate decision to consummate the transaction anyway.  Uber has waived its claim to now object to enforcement of the Indemnification Agreement based on acts that it knew or should have known at the time of the bargained-for contract, but chose to disregard.

277.     Uber further ratified any claim for rescission and exclusion by accepting Levandowski's claim for indemnity without reservation of rights, including after stating its belief that some of the information alleged by Google in the arbitration demands were not disclosed by Levandowski to Stroz.

278.     Uber further ratified any right to rescind the Indemnification Agreement or assert any of these claims by waiting more than three years to raise any defenses to the agreement.

38

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

279. During that three-year period, Uber performed under the Indemnification Agreement well after it was aware of any alleged basis for rescission, any now alleged Post-Signing Specified Bad Act, and by affirming the Indemnification Agreement expressly and impliedly.

280. Levandowski relied on Uber's performance of its indemnity obligations for years, including by giving Uber control of his defense and settlement ability, which has ultimately proved to have been to his detriment.

281. Uber also ratified any alleged conduct by Levandowski that Uber now claims is a basis for avoiding its indemnity obligation by continuing to proceed with closing the Otto Trucking transaction and acquiring that company. The Otto acquisition, Otto Trucking acquisition, and the Indemnity were one transaction documented by the agreement entered into on April 11, 2016. By proceeding to acquire Otto Trucking well after Uber was aware of the allegations pled in the Counterclaim, Uber waived any of its claims for avoiding its obligations under the Indemnification Agreement.

282. In addition, Uber impliedly and expressly ratified the alleged fraud, Post-Signing Bad Acts, and other related claims by amending the Otto Trucking Merger Agreement, which affirmed the entire transaction between Levandowski and the agreements made as part of that transaction—the Otto acquisition, Indemnity, and Otto Trucking acquisition.

//
//

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

39

1 | //

2 | Dated: September 28, 2020                    Respectfully submitted,

3 |
                                               By: */s/ Brett M. Schuman*
4 |                                                  Brett M. Schuman (SBN 189247)
                                                   *bschuman@goodwinlaw.com*
5 |                                                  Rachel M. Walsh (SBN 250568)
                                                   *rwalsh@goodwinlaw.com*
6 |                                                  **GOODWIN PROCTER** LLP
                                                   Three Embarcadero Center
7 |                                                  San Francisco, California 94111
                                                   Tel.: +1 415 733 6000
8 |                                                  Fax.: +1 415 677 9041

9 |                                                  Hong-An Vu (SBN 266268)
                                                   *hvu@goodwinlaw.com*
10 |                                                 **GOODWIN PROCTER** LLP
                                                   601 S. Figueroa Street, 41st Flr.
11 |                                                 Los Angeles, California 90017
                                                   Tel.: +1 213 426 2500
12 |                                                 Fax: +1 213 623 1673

13 |                                                 **ATTORNEYS FOR PLAINTIFF AND
                                                   DEBTOR AND DEBTOR IN POSSESSION
14 |                                                 ANTHONY LEVANDOWSKI**

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

ANSWER TO AMENDED COUNTERCLAIMS; AND AFFIRMATIVE DEFENSES