

Signed and Filed: January 28, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>           Debtor. | Bankruptcy Case No.<br>20-30242-HLB<br><br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI<br><br>           Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Adversary Case No. 20-03050-HLB |

**MEMORANDUM DECISION RE DISCOVERY DISPUTE**

    The court has reviewed the January 25, 2021, letter from Brett M. Schuman, Esq., counsel for Anthony Levandowski and the January 27, 2021, letter from Debra Grassgreen, Esq., counsel for

Uber Technologies, Inc.[1]  Based upon the arguments presented, the court rules as follows:

1) Uber should produce the documents it committed to produce during the January 21, 2021, hearing no later than January 29, 2021, unless Mr. Levandowski agrees to a later date.

2) Uber should ensure that documents in Morrison & Foerster's possession, and referred to during the January 21 hearing, are produced no later than February 5, 2021, unless Mr. Levandowski agrees to a later date.

3) The court will take no position on the so-called "Topic 8" debate because it appears to be much more complicated than can be summarized in two short letter briefs and does not appear to have been separately identified to in the prior letter briefing.  Uber's proposal to produce two witnesses who have testified about those topics appears reasonable and, given the state of the record and this court's limited familiarity with the case, does not justify any further relief to Mr. Levandowski on this subject at present.

4) The court will defer Mr. Levandowski's request to recall witnesses and instead will rely on Uber's counsel's representation that she will meet and confer with Mr.

---

[1] The court also received the January 26, 2021, letter from John W. Berry, Esq., counsel for Google, LLC, but did not consider the merits of that letter.  When asked by Judge Blumenstiel to deal with these discovery matters, the court was aware that Google had intervened in this adversary proceeding but was not involved in the specific dispute.  It must recuse itself from any dispute involving Google.  Mr. Barry's letter satisfies the court that rendering the January 21 oral ruling and this decision do not directly implicate or affect Google.  If there are further disputes in this adversary proceeding that directly impact Google, this court will not be involved in resolving them.

Levandowski's counsel if there is a good faith basis for further questioning of Mr. Poetzscher.

5) The court makes no comment about the penultimate paragraph of Ms. Grassgreen's letter that appears to respond to the final paragraph of Mr. Schuman's letter.

6) Counsel for Mr. Levandowski should prepare a form of written order memorializing the court's January 21, 2021 oral ruling (as she offered to do during the hearing) and this Memorandum Decision, and submit that proposed order to counsel for Uber for approval as to form and upload it when approved. If Uber's counsel is unwilling or unable to agree to the form of order, she should upload an alternative form, marked in redline against Mr. Levandowski's proposed form, without argument. Orders being produced in accordance with this paragraph should be uploaded in the ECF system in the normal fashion, but Judge Blumenstiel's courtroom deputy, Mr. Benjamin Gapuz, should be advised of that fact so that he can route those orders to this court for signature.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

ECF Recipients