# *EXHIBIT 78*

# *EXHIBIT 78*

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

June 8, 2017

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Waymo requests that the Court issue an order compelling third-party Stroz Friedberg, LLC ("Stroz") to produce documents in response to the subpoena (the "Subpoena") (Ex. 1) Waymo served on May 10, 2016 (Ex. 2 (Proof of Service).)

Stroz is the "forensic expert" who was hired "to investigate certain Ottomotto employees who were formerly employed by Waymo, including Levandowski and Lior Ron." (Dkt. 566 at 1.) At least one result of the investigation was a "due diligence" report regarding "Bad Acts," including trade secret misappropriation, of the former Waymo employees. It appears from this and other evidence that Stroz is or was in possession of some or all of the Waymo documents downloaded by Mr. Levandowski. Yet Stroz, Defendants, and Mr. Levandowski are effectively obstructing Waymo's ability to retrieve any of its own documents that are still at Stroz and/or learn what happened to them.

Defendants failed to produce the stolen Waymo files provided by its employee Levandowski to its retained agent Stroz in accordance with the Court's March 16th Expedited Discovery Order. (Dkt. 61 ¶ 4.) Yet, in attempting to establish that the results of the Stroz investigation were its work product, Defendants repeatedly touted Stroz's status as their "agent."[1] (*See* Dkts. 321, 369, 444, & 524.) Then, when the Court granted the Preliminary Injunction, ordering that Defendants must instruct their "agents" to return any Waymo downloaded documents (Dkt. 433 at 23 ¶ 2(b)), Defendants reversed course again suddenly contending that they lacked the authority to direct Stroz in this regard. In fact, Defendants did not even *ask* Stroz to return those materials in response to that Order, claiming that Waymo's proprietary files are somehow Mr. Levandowski's personal property (Dkt. 546-1 (5/31 email from W. Ray).) Meanwhile, Mr. Levandowski has not only asserted his Fifth Amendment rights broadly to avoid doing anything to return the downloaded materials to Waymo, but he has repeatedly sought to prevent *others* from returning those materials—even claiming that the identity of Stroz be shielded from discovery—despite the fact that the Fifth Amendment is a personal privilege that is much more limited than Mr. Levandowski has thus far understood. (Dkts. 151, 371, & 466.)

This constellation of (at times inconsistent) positions by Defendants and by Mr. Levandowski has—even in the face of numerous Court orders—thwarted Waymo's attempt to retrieve its files and/or to understand

---

[1] Stroz was not only Uber's agent in connection with the acquisition but is also Uber's agent in this litigation. (Dkt. 183 ¶ 3 (Faulkner Decl. ISO Defs' Opp. to Mot. for Prelim. Inj.); Dkt. 303 ¶ 3 (Faulkner Decl. ISO Defs' Sur-Reply ISO Opp. to Mot. for Prelim. Inj.).)

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Case: 20-03050   Doc# 129-5   Filed: 02/24/21   Entered: 02/24/21 04:14:33   Page 2 of 100

what has happened to them. In this context, Waymo served the Subpoena on Stroz on May 10, with a May 25 return date. (Ex. 2.) As discussed further below, the Subpoena requests factual information transmitted to Stroz by Defendants and third parties in addition to information relating to the due diligence investigation. On May 22, Waymo designated Request Nos. 3 and 30 in the Subpoena as "expedited requests" under the Court's Preliminary Injunction Order. After conferences with the Special Master, Stroz agreed to provide Objections and Responses to all of the requests in the Subpoena on June 7 (Ex. 3), and all relevant parties agreed to an omnibus briefing schedule regarding enforcement of the Subpoena.[2]

**The Subpoena**

The Subpoena seeks production of documents in response to 31 requests which, for ease of reference, are grouped into categories by general subject-matter below:

> **Group 1**: Agreements between Stroz and Defendants and/or third parties relating to the downloaded files, the due diligence investigation, or Ottomotto (RFP Nos. 1-5);

> **Group 2**: Factual information transmitted between Defendants and Stroz relating to the due diligence investigation (RFP Nos. 9-12 15, 18-19, 29-31);

> **Group 3**: Information pertaining to the protocol for investigation carried out by Stroz at the direction of Defendants (RFP Nos. 14);

> **Group 4**: Analyses and reports prepared by Stroz for Defendants relating to the downloaded files, the due diligence investigation, Ottomotto, or Waymo (RFP Nos. 6, 7, 13);

> **Group 5**: Factual information, including the downloaded files, communicated between Stroz and third-parties such as Mr. Levandowski and his attorneys (RFP Nos. 9-12, 16-17, 20-28)

> **Group 6**: Analyses and reports prepared by Stroz for Mr. Levandowski (RFP No. 8).

Stroz served objections to the Subpoena on June 7. (Ex. 3.) Most of the objections are generalized, boilerplate objections, which are improper. *E.E.O.C. v. Safeway Store, Inc.*, Case No. C-00-3155 THE (EMC), 2002 WL 31947153, at *2 (N.D. Cal. Sept. 16, 2002) ("Where, as here, the responding party provides a boilerplate or generalized objection, said "objections are inadequate and tantamount to not making any objection at all."). Additionally, Stroz made clear that ***it was not producing any documents in response*** to the Subpoena—that is, Stroz would not produce any documents over which Defendants or Third Parties (*i.e.*, Mr. Levandowski) were continuing to claim any privilege and would not produce any documents unless it was expressly authorized to do so by Defendants and other Third Parties (*i.e.*, Mr. Levandowski). Indeed, in response to all 31 Requests, Stroz states:

---

[2] Waymo files this Motion to Compel per the parties' agreed briefing schedule. The deadline for Defendants and Mr. Levandowski to oppose is June 13. Defendants' deadline to file a motion to quash or for protective order is June 9, and Waymo's deadline to file an opposition to such motion is June 15. Mr. Levandowski's deadline to intervene and file a motion to quash or for protective order is June 9, Waymo's deadline to file an opposition to that motion is June 14, and Mr. Levandowski's deadline to reply is June 19.

Case: 20-03050   Doc# 129-5   Filed: 02/24/21   Entered: 02/24/21 04:14:33   Page 3 of 100

> Subject to, and without waiving these Specific and General Objections, and *only to the extent it obtains the express written permission of Defendants or Third Persons to do so*, Stroz Friedberg will produce nonprivileged documents responsive to this Request that are *not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection*.

(*See generally* Ex. 3 (emphases added).)

Waymo requests that Stroz be compelled to produce documents responsive documents to all 31 requests.

## Argument

Defendants and Mr. Levandowski are now using Stroz to continue the privilege shell game, to prevent the return of the stolen files, and to prevent Waymo from learning what happened to the stolen files and any excerpts, copies, or summaries thereof. Especially in light of the Order compelling production of the due diligence materials, Stroz must be ordered to account for any stolen materials that were ever in its possession and to produce any and all documents related to those materials, the due diligence investigation, and the other topics described in the Subpoena.

### 1.      There is No Dispute the Requests Seek Relevant Information.

The Court has identified "*what Uber knew and when they knew it*" about the downloaded files as an "important issue" and "one of the key issues in the case[.]" (6/7 Hr'g Tr. at 40:8-11; 49:20-22) (emphasis added).) The requests seek information on this precise issue, and neither Stroz nor Defendants have argued otherwise.

### 2.      The Requests Are Not Unduly Burdensome or Disproportional to the Needs of the Case.

The requests seek discrete and easily located documents—agreements (Group 1), due diligence reports and analyses (Group 4 and Group 6), materials (such as the downloaded materials) sent by Mr. Levandowski and others to Stroz in connection with the due diligence investigation (Group 2 and Group 5), and communications Stroz has had with Defendants and third parties regarding the due diligence investigation (Group 2 and Group 5). Stroz has not made any particularized showing of burden because there isn't any. Moreover, any minimal burden is vastly outweighed by Waymo's need for discovery on this "important" and "key" issue: what Uber knew about the downloaded files, and when they knew it. (6/7 Hr'g Tr. at at 40:8-11; 49:20-22.)

### 3.      The Requests Do Not Seek Privileged Information.

The parties have vigorously litigated whether documents related to the due diligence investigation, including underlying factual material, is protected by any claim of privilege. (*See* Dkts. 321, 369, 444, & 524.) The Magistrate Judge has now found that no privileges apply. (Dkt. 566.) Specifically, the Court has found that no underlying privilege attaches to documents shared between Stroz and third parties such as Mr. Levandowski (*i.e.* Group 5 and Group 6 Requests), because Stroz was neither retained nor working at the direction of Mr. Levandowski at the relevant time. (Dkt. 566 at 7-10.) Additionally, the Court has found the sharing of Stroz documents amongst any combination of Uber, Otto, and Mr. Levandowski (*i.e.* Group 1, Group 2, Group 3, and Group 4 Requests) constitutes waiver of any otherwise applicable claim of privilege because these parties were not communicating pursuant to a common legal interest. (Dkt.

3

566 at 13-22.) Finally, the Court has found that even to the extent certain factual material may qualify for the work product privilege, that privilege has been waived and such information is nonetheless producible in light of Waymo's "substantial need" (*i.e.*, Group 1, Group 2, and Group 3 Requests). (Dkt. 566 at 22-23.)

Thus, as the Court has already ruled, the requests do not seek privileged material, and Stroz may not withhold information on this ground. The Court should reject the privilege objections in Stroz's June 7 Responses and Objections.

4.      **Stroz May Not Withhold Information Subject To Their Clients or Third Parties' Approval.**

The Court should also clarify that Stroz is not entitled to predicate its production of documents on the approval of Defendants or other third parties. The law is clear that a confidentiality obligation owed to some other party is not grounds for ignoring a lawfully served subpoena. *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009) ("Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off."). Thus, Stroz is not entitled to withhold documents at the direction to Defendants or third parties.

For all of these reasons, the Court should compel Stroz to comply in full with the Subpoena and produce documents responsive to each of Waymo's 31 Requests.

Respectfully,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

cc:      All counsel of record; Special Master John Cooper

# EXHIBIT 1

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     David A. Perlson (Bar No. 209502)
3    davidperlson@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
4    melissabaily@quinnemanuel.com
     John Neukom (Bar No. 275887)
5    johnneukom@quinnemanuel.com
     Jordan Jaffe (Bar No. 254886)
6    jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:    (415) 875-6600
8   Facsimile:    (415) 875-6700

9   Attorneys for WAYMO LLC

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

14            Plaintiff,                **PLAINTIFF WAYMO'S NOTICE OF
                                        SERVICE OF SUBPOENA**
15       vs.

16  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO LLC; OTTO TRUCKING
17  LLC,

18            Defendants.

19

20

21

22

23

24

25

26

27

28

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, under Rule 45 of the Federal Rules of Civil Procedure,

3   Plaintiff Waymo LLC ("Waymo") will serve the attached subpoena on third party Stroz Friedberg,

4   LLC.

5

6   DATED:  May 10, 2017            QUINN EMANUEL URQUHART & SULLIVAN,
                                    LLP
7
                                    By  */s/ David A. Perlson*
8                                       David A. Perlson
                                        Attorneys for WAYMO LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern  District of California

| | |
|---|---|
| WAYMO LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO | ) |
| LLC; OTTO TRUCKING LLC | ) |
| *Defendant* | ) |

Civil Action No. 3:17-cv-00939-WHA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stroz Friedberg,LLC
c/o CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Quinn Emanuel Urquhart & Sullivan LLP, 50  California Street, 22nd Floor, San Francisco, California 94111 | Date and Time: May 25, 2017 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 10, 2017

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Charles K. Verhoeven

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Waymo LLC
_____, who issues or requests this subpoena, are:
Charles K. Verhoeven, 50 California Street, 22nd Floor, San Francisco, California 94111; gewaymo@quinnemanuel.com; Tel: (415) 875-6600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO-88B

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _0.00_____ .

My fees are $ _____0.00__ for travel and $ _____0.00__ for services, for a total of $ _____0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____
                                            _____
                                                        *Server's signature*

                                            _____
                                                        *Printed name and title*

                                            _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "YOU" or "STROZ" means Stroz Friedberg LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and YOUR affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by YOU, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by YOU.

2.      "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

3.      "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

ATTACHMENT A                                1

4.      "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

5.      "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTOMOTTO.  For the avoidance of doubt, OTTOMOTTO includes all former names under which OTTOMOTTO operated, including without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

6.      "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTO TRUCKING, and all predecessors and successors in interest to such entities, and any entity

owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

7.   "DEFENDANTS" means UBER and OTTOMOTTO AND OTTO TRUCKING.

8.   "MORRISON" means Morrison & Foerster LLP, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and MORRISON's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by MORRISON, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by MORRISON.

9.   "O'MELVENY" means O'Melveny & Meyers LLP, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and O'MELVENY's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by O'MELVENY, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by O'MELVENY.

10.   "DONAHUE" means Donahue Fitzgerald LLP, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and DONAHUE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by DONAHUE, and all

predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by DONAHUE.

11.     "LEVINE" means Levine & Baker LLP, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and LEVINE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by LEVINE, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by LEVINE.

12.     "ODIN WAVE" means Odin Wave, LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ODIN WAVE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by ODIN WAVE, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ODIN WAVE.

13.     "TYTO" means Tyto Lidar LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and TYTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by TYTO, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by TYTO.

ATTACHMENT A                                        4

14.   "POUCH HOLDINGS" means Pouch Holdings LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and POUCH HOLDING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by POUCH HOLDINGS, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by POUCH HOLDINGS.

15.   "DOGWOOD LEASING" means Dogwood Leasing, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and DOGWOOD LEASING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by DOGWOOD LEASING, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by DOGWOOD LEASING.

16.   "APPARATE INTERNATIONAL" means Apparate International C.V. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and APPARATE INTERNATIONAL's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by APPARATE INTERNATIONAL, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by APPARATE INTERNATIONAL.

ATTACHMENT A

17.     "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which LEVANDOWSKI retained possession, without authorization of either GOOGLE or WAYMO, after LEVANDOWSKI's employment with GOOGLE/WAYMO ended.   Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five documents that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; and (iv) the file exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016

18.     "DUE DILIGENCE REPORT" refers to the August 5, 2016 due diligence report (referenced in the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A), including all exhibits, attachments, and appendices thereto.

19.     "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,

ATTACHMENT A                                    6

papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.   The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

20.   "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

21.   "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

22.   "INCLUDE" and "INCLUDING" shall mean including without limitation.

23.   Use of the singular also INCLUDES the plural and vice-versa.

24.   The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

25.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

1.      In answering the following Document Requests, furnish all available information, INCLUDING information in the possession, custody, or control of YOU or any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge.  If you cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief YOU has concerning the unanswered portion of any such Document Requests.

2.      Electronic records and computerized information must be produced in an intelligible format.

3.      Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4.      File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

ATTACHMENT A                                              8

5.      Documents attached to each other shall not be separated.

6.      If YOUR response to a particular Document Request is a statement that YOU lack the ability to comply with that Document Request, YOU must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

7.      If YOUR response to a particular Document Request is a statement that the requested documents have been deleted, YOU must state the extent of such deletion and produce all documents bearing on said deletion, destruction, or modification.

8.      If any DOCUMENT(S) or COMMUNICATION(S) are considered "confidential" by YOU, such DOCUMENT(S) or COMMUNICATION(S) should be produced subject to the terms and provisions of the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order, available at http://www.cand.uscourts.gov/model-protective-orders.

9.      YOUR obligation to respond to these Document Requests is continuing and its responses are to be supplemented to INCLUDE subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

ATTACHMENT A                                          9

## DOCUMENTS TO BE PRODUCED AND INSPECTED

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between YOU and any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between YOU and LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 4:**

The "agreement with Donahue, whereby Stroz agreed to keep confidential all information learned from Mr. Levandowski during the course of its investigation unless Mr. Levandowski consented to sharing that information with any person" (referenced in paragraph 7 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

**REQUEST FOR PRODUCTION NO. 5:**

The "engagement letter" through which "Stroz was jointly engaged by Morrison & Foerster ('MoFo'), on behalf of its client Uber Technologies LLC ('Uber'), and O'Melveny & Meyers LLP ('OMM'), on behalf of its client Ottomotto LLC ('Ottomotto')" (referenced in paragraph 3 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A), and all attachments, exhibits, appendices, and amendments to the engagement letter.

**REQUEST FOR PRODUCTION NO. 6:**

The August 5, 2016 due diligence report (referenced in the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A), including all exhibits, attachments, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 7:**

All reports or analyses prepared by YOU for any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 8:**

All reports or analyses prepared by YOU for LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS provided to YOU by DEFENDANTS, LEVANDOWSKI, Lior Ron, or the "three other employees who participated in the Stroz Investigation review process" (referenced in paragraph 11 of the May 8, 2017 Declaration of John F. Gardner in Support of Defendants' Opposition to Waymo's Motion to Compel Production of Withheld Documents, attached hereto as Exhibit B), REGARDING LEVANDOWSKI¸ Lior Ron, OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the identity of the "three other employees who participated in the Stroz Investigation review process" (referenced in paragraph 11 of the May 8, 2017 Declaration of John F. Gardner in Support of Defendants' Opposition to Waymo's Motion to Compel Production of Withheld Documents, attached hereto as Exhibit B).

ATTACHMENT A                    11

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS REGARDING the purported "joint defense and common interest agreement" (referenced in paragraph 5 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

**REQUEST FOR PRODUCTION NO. 12:**

The forensic data underlying the "forensic analysis" YOU did in connection with the August 5, 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, attached hereto as Exhibit C).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" YOU did in connection with the August 5, 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, attached hereto as Exhibit C).

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "directives from MoFo and OMM regarding what topics to investigate and how Stroz should investigate those topics" that "MoFo provided … to Stroz" (referenced in paragraph 4 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between YOU and any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between YOU and LEVANDOWSKI REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOU and Lior Ron REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS between YOU and MORRISON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS between YOU and O'MELVENY REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed

ATTACHMENT A                    13

therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS between YOU and DONAHUE REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS between YOU and LEVINE REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between YOU and Fenwick & West LLP and/or Ted Wang REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and Ognen Stojanovski REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

ATTACHMENT A                                    14

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS between YOU and Doug Mandell REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 25:**

All COMMUNICATIONS between YOU and Maureen Dorney REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS between YOU and GCA Law Partners LLP REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 27:**

All COMMUNICATIONS between YOU and TYTO and/or ODIN WAVE, REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU, on the one hand, and POUCH HOLDINGS, DOGWOOD LEASING, and/or APPARATE INTERNATIONAL, on the other, REGARDING

ATTACHMENT A                          15

LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 29:**

All invoices submitted to any DEFENDANT in connection with the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

**REQUEST FOR PRODUCTION NO. 30:**

Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS sufficient to show any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" that were destroyed by YOU pursuant to the "Return of Client Materials" provision on page 4 of the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

# EXHIBIT A

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:     415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC  20005
    Telephone:     202.237.2727
12  Facsimile:     202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15                   UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18  WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

19              Plaintiff,              **DECLARATION OF ERIC M.**
                                        **FRIEDBERG IN SUPPORT OF**
20        v.                            **DEFENDANTS' OPPOSITION TO**
                                        **WAYMO'S MOTION TO COMPEL**
21  UBER TECHNOLOGIES, INC.,
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   Date:      June 8, 2017
22                                      Time:      10:00 a.m.
              Defendants.               Ctrm:      F, 15th Floor
23                                      Judge:  Hon. Jacqueline Scott Corley

24                                      Trial Date: October 2, 2017

25

26

27

28

1       I, Eric M. Friedberg, declare as follows:

2       1.      I am the co-Founder of Stroz Friedberg, LLC ("Stroz"), and I currently serve as

3 the Company's co-President. I submit this declaration in support of Defendants' Opposition to

4 Plaintiff Waymo's Motion to Compel Production of Withheld Documents. I have personal

5 knowledge of the facts stated herein and, if called as a witness, I could and would testify

6 competently as to these facts.

7       2.      Stroz is a specialty consulting company that provides, among other services,

8 digital forensics, electronic discovery, and factual investigations to its clients.

9       3.      On or about March 4, 2016, Stroz was jointly engaged by Morrison & Foerster

10 ("MoFo"), on behalf of its client Uber Technologies LLC ("Uber"), and O'Melveny & Meyers

11 LLP ("OMM"), on behalf of its client Ottomotto LLC ("Ottomotto") to conduct a factual

12 investigation and develop the facts necessary to assist MoFo and OMM in providing legal advice

13 about potential litigation by Google related to Uber's potential acquisition of Ottomotto and Otto

14 Trucking, LLC. Stroz's engagement is reflected in an engagement letter. Stroz marked the

15 engagement letter "privileged and confidential," and has at all times treated the engagement letter

16 as such.

17       4.      Stroz's investigative work was guided by directives from MoFo and OMM

18 regarding what topics to investigate and how Stroz should investigate these topics. MoFo

19 provided these directives to Stroz.

20       5.      I understand that Uber, Ottomotto, and two of Ottomotto's founders, Anthony

21 Levandowski and Lior Ron, entered into a joint defense, common interest, and confidentiality

22 agreement amongst themselves as of at least March 4, 2016. Mr. Levandowski was separately

23 represented by John Gardner of Donahue Fitzgerald LLP ("Donahue") and that Mr. Ron was

24 separately represented by Alisa Baker of Levine & Baker LLP ("Levine"). I understand that the

25 parties memorialized their joint defense and common interest agreement in writing subsequent to

26 the commencement of Stroz's investigation.

27       6.      Recognizing that Uber, Ottomotto, Mr. Levandowski, and Mr. Ron were parties to

28 a joint defense and common interest agreement in its engagement letter with MoFo and OMM,

1    Stroz agreed to keep confidential all communications with counsel for Uber, counsel for

2    Ottomotto, Messrs. Levandowski and Ron and their respective counsel at Donahue and Levine

3    and to treat all information which Stroz received as protected by the attorney-client privilege,

4    attorney work product doctrine, and/or common interest doctrine.

5         7.    Stroz entered into an agreement with Donahue, whereby Stroz agreed to keep

6    confidential all information learned from Mr. Levandowski during the course of its investigation

7    unless Mr. Levandowski consented to sharing that information with any person, including with

8    the parties to the joint defense and common interest agreement.  At times during Stroz's

9    investigation, Mr. Levandwoski's counsel consented to Stroz sharing certain information with

10   counsel for Uber, Otto, and Mr. Ron under the umbrella of the parties' joint defense and common

11   interest agreement.  Some information was shared on an outside counsel-eyes-only basis, while

12   other information was shared on an attorneys-eyes-only basis.

13        8.    On August 5, 2016, Stroz provided its report (the "Due Diligence Report") to

14   MoFo, OMM, Donahue, and Baker.  The Due Diligence Report was marked "Outside Counsel &

15   Attorneys-Eyes-Only" and "Privileged & Confidential / Attorney Work Product."  The Due

16   Diligence Report was password protected.

17        9.    After Stroz provided the Due Diligence Report to MoFo, OMM, Donahue, and

18   Baker, Stroz sent MoFo an Appendix of Exhibits to the Due Diligence Report.  The Appendix of

19   Exhibits is marked "Privileged & Confidential / Attorney Work Product" and "Outside Counsel-

20   Eyes-Only."

21        10.   Stroz selected the exhibits for inclusion in the Appendix based upon the topics that

22   MoFo and OMM identified as relevant to the investigation.  Stroz culled the exhibits from the

23   larger universe of documents that Stroz reviewed in the course of its investigation.

24        11.   I have kept confidential at all times the Due Diligence Report and the Appendix of

25   Exhibits, and all communications pertaining to the investigation, and have always treated these

26   materials as covered by attorney-client privilege, attorney work product doctrine, and the

27   common interest doctrine.  I have never shared or discussed the Due Diligence Report or the

28

1    Appendix of Exhibits with any person outside of Stroz, other than with counsel for Uber, Otto,

2    and Messrs. Levandowski and Ron.

3          12.      I have also communicated with the current Stroz employees who had access to the

4    content or findings of the Due Diligence Report or the Appendix of Exhibits.  I have confirmed

5    that each of them has kept confidential at all times the Due Diligence Report, the Appendix of

6    Exhibits, and all communications pertaining to the investigation, and has always treated these

7    materials covered by attorney-client privilege, attorney work product doctrine, and the common

8    interest doctrine.  To the best of my knowledge, none of them has ever shared or discussed the

9    content or findings of the Due Diligence Report or the Appendix of Exhibits with any person

10    outside of Stroz, other than with counsel for Uber, Otto, and Messrs. Levandowski and Ron.

11        I declare under penalty of perjury under the laws of the United States of America that the

12    foregoing is true and correct.  Executed this 8th day of May, 2017, in New York, New York.

13

14

15                      /s/    Eric Friedberg

16                              Eric M. Friedberg

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5  MORRISON & FOERSTER LLP
    425 Market Street
6  San Francisco, California 94105-2482
    Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC 20005
    Telephone:    202.237.2727
12  Facsimile:    202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  WAYMO LLC, | Case No.    3:17-cv-00939-WHA |
| 19          Plaintiff, | **DECLARATION OF JOHN F. GARDNER IN SUPPORT OF DEFENDANTS' OPPOSITION TO WAYMO'S MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS** |
| 20      v. | |
| 21  UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| 22 | |
| 23         Defendants. | Date:    June 8, 2017<br>Time:    10:00 a.m. |
| 24 | Ctrm:   F, 15th Floor<br>Judge:  Hon. Jacqueline Scott Corley |
| 25 | Trial Date: October 2, 2017 |

26

27

28

1    I, John F. Gardner, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner with Donahue

3    Fitzgerald LLP.    I submit this declaration in support of Defendants' Opposition to Motion to

4    Compel Production of the Stroz Due Diligence Report.  I have personal knowledge of the facts

5    stated herein and, if called as a witness, I could and would testify competently as to these facts.

6    2.    I was contacted in late January 2016 by Anthony Levandowski ("Mr.

7    Levandowski") to provide personal counsel regarding a potential corporate transaction with Uber

8    Technologies, Inc. ("Uber") (the "Transaction").  Mr. Levandowski had retained O'Melveny &

9    Myers LLP ("OMM") as primary corporate counsel with respect to the Transaction representing

10   Ottomotto LLC and Otto Trucking LLC (collectively "Otto").

11   3.    The parties recognized from the outset that there was a tangible risk that Google

12   would file litigation against Uber, Otto, Mr. Levandowski, and Lior Ron ("Mr. Ron") if the

13   Transaction was consummated.  The proposed Transaction involved the movement of former

14   high-level executives from Google's self-driving car program, Project Chauffer, to another

15   autonomous vehicle program.  The litigation risk was particularly high due to the intensely

16   competitive nature of the self-driving vehicle industry and the potentially billion dollar

17   commercial market involved.   A significant part of my practice is supervising litigation on behalf

18   of corporate clients, which has included corporate disputes regarding executives moving from one

19   company to another, so I was particularly aware of this issue and the potential risk.

20   4.    Based on the common interest the parties shared in protecting against this tangible

21   risk of litigation, our open acknowledgement of that risk, and the need to share information freely

22   among the firms in order to adequately evaluate those risks, anticipate defenses, and assess legal

23   strategies, I viewed my conversations and communication with OMM, Morrison, Baker and their

24   clients regarding a factual investigation and potential litigation by Google to be privileged from

25   the outset of our engagement.  The parties assigned specialized legal teams to handle various

26   aspects of the Transaction.  For purposes of the litigation risk and defensive strategy, Uber was

27   primarily represented by Eric Tate at Morrison & Foerster LLP ("Morrison"), Otto was

28

1    represented by Eric Amdursky at OMM, Mr. Ron was represented by Alisa Baker at Levine &

2    Baker LLP ("Baker"), and I represented Mr. Levandowski.

3         5.    On February 22, 2016, the parties entered into a Term Sheet with respect to the

4    Transaction.  The signing documentation included a formal Indemnification Agreement (called an

5    "Indemnity Construct").  The Indemnification Agreement provided for OMM and Morrison to

6    engage a consultant to conduct an investigation, and they retained Stroz Friedberg LLC ("Stroz")

7    for this purpose (the "Stroz Investigation").

8         6.    I worked jointly with OMM, Morrison and Baker with respect to the process

9    involved in the Stroz Investigation, which included numerous conference calls and

10   correspondence.  Based on Stroz's work we discussed how to approach various possible litigation

11   scenarios, legal theories Google might assert against Uber, Otto, Mr. Levandowski and/or Mr.

12   Ron, and how best to refute and defend against any claims that might arise. I also worked

13   internally with Donahue litigators and employment partners to assess the parties' litigation

14   exposure, how claims might arise, and how best to prepare for defending against them in possible

15   future litigation.

16        7.    OMM, Morrison, Baker and I crafted a set of guidelines for Stroz, and worked

17   together regarding a strategy to be employed in the Stroz Investigation.

18        8.    On March 11, 2016, I received a draft Joint Defense, Common Interest, and

19   Confidentiality Agreement ("Joint Defense Agreement") which OMM was negotiating with

20   Morrison for the purpose of confirming our prior discussions and agreement that the parties were

21   working jointly in furtherance of a common interest in the anticipation of potential litigation by

22   Google in connection with the Transaction.

23        9.    On March 22, 2016, I sent separate e-mails to OMM, Morrison and Baker in order

24   to confirm our understanding that we were working collaboratively under the common interest

25   doctrine.  I would not have communicated freely with these parties, in particular with respect to

26   the Stroz Investigation, but for my understanding that those communications were privileged.

27        10.   A formal Joint Defense Agreement was signed on or about April 11, 2016.

28

11.     At the end of the Stroz Investigation, Stroz produced a final Report.  The Report was delivered to OMM, Morrison, Donahue and Baker on or about August 5, 2016 by secure, passcode protected electronic delivery.  The Report also included a series of Exhibits, based on the results of the search criteria supplied by the law firms and applied by Stroz to information provided by Mr. Levandowski, as well as Mr. Ron and three other employees who participated in the Stroz Investigation review process.  The Exhibits reflected the attorneys' directions regarding what to search for, and what types of litigation risks were anticipated in connection with the Transaction.  I reviewed the Report and continued our risk assessment and legal strategy based in its findings.

12.     Under the Joint Defense Agreement, the parties were required to keep the Report in strict confidence.  To my knowledge, since its release to the parties to the Joint Defense Agreement by Stroz, the Report was not and has not been shared with anyone other than the parties to the Joint Defense Agreement.  In addition, Donahue has at all times treated the Report and information learned from the Report, including the Exhibits to the Report, and all communications pertaining to the Report, as privileged and confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 7th day of May, 2017, in Walnut Creek, California.

John F. Gardner

# EXHIBIT C

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC- UMENT | SUBJECT MATTER | NATURE OF PRIV- ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 1 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Summary Report by Stroz Friedberg, LLC ("Investigation Report") Regarding Investigation Relating to Acquisition of Ottomotto by Uber (the "Due Diligence Investigation"). | AC / WP/JI[2] | Uber In- House Counsel | Investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | Uber affirms that to its knowledge no unauthorized persons have received the Investigation Report. Specifically, to Uber's knowledge the only recipients of this document are the original recipients—those listed in the Recipient(s) column—and Uber's in-house counsel, Ottomotto's in-house counsel, and Outside Counsel of Record in this litigation. Pursuant to a common interest agreement dated April 11, 2016 and entered into by counsel for Uber, counsel for Ottomotto, counsel for A. Levandowski, and counsel for Lior Ron, the recipients of the Investigation Report (including its attachments) were contractually obligated to not disclose it to any other persons except for in-house counsel for Uber, in-house counsel for Ottomotto, outside counsel for those entities, outside counsel for A. Levandowski, and outside counsel for Lior Ron. |
| 2 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | March 21, 2016 | Attachment to Investigation Report. Memorandum regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In- House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

---

[1] Individuals from each entity identified as an author or recipient are listed on page 17, as are recipients from Uber and Otto.

[2] The invocation of the privileges on this log are pursuant to the "Joint Defense, Common Interest, and Confidentiality Agreement" filed with the Court with Anthony Levandowski's motion, filed on April 4, 2017.

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 3 | John Gardner, Donahue Fitzgerald LLP | Stroz Friedberg Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Levine & Baker LLP (outside counsel for Lior Ron) | March 21, 2016 | Correspondence between Stroz Friedberg, LLC and attorney for A. Levandowski regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Correspondence relating to investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 4 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | March 4, 2016 | Correspondence regarding engagement of Stroz Friedberg, LLC for purposes of conducting the Due Diligence Investigation and memorandum regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Correspondence relating to investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 5 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | April 2, 2016 | Memorandum regarding analysis of information ascertained from A. Levandowski during the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 6 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | April 12, 2016 | Memorandum regarding analysis of information ascertained from L. Ron during Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 7* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation summarizing analysis of electronic media collected from A. Levandowski. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 8* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation summarizing analysis of electronic media collected from A. Levandowski. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |

Page 3 of 17

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 9* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation summarizing analysis of electronic media collected from A. Levandowski. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 10* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation summarizing analysis of electronic media collected from A. Levandowski. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 11 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | July 28, 2016 | Memorandum regarding investigation methodology for Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 12 | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 2, 2016 | Memorandum regarding analysis of information ascertained from potential witnesses during Due Diligence Investigation. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum containing the mental impressions, conclusions, and opinions of the author prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 13** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

Page 5 of 17

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 14** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 15** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Communications collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 16** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Stroz Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 17** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber)/O'Melveny & Myers LLP (outside counsel for Otto)/Donahue Fitzgerald LLP (outside counsel for Levandowski)/Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation summarizing analysis of electronic media collected from A. Levandowski. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 18** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Communications collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 19** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 20** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 21** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 22** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 23** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 24** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

Page 9 of 17

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 25** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 26** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated.  The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege.  The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report.  The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 27** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the selection of the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOC-UMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 28** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 29** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 30** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT[1] | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| **31**\*\* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| **32**\*\* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| **33**\*\* | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

\*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

\*\*With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

Page 13 of 17

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIV- ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 34** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber)/O'Melveny & Myers LLP (outside counsel for Otto)/Donahue Fitzgerald LLP (outside counsel for Levandowski)/Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 35** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 36** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 37** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 38** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 39** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated.  The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege.  The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report.  The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT[1] | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIV-ILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 40** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 41** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | File collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 42** | Stroz Friedberg, LLC | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Files collected from A. Levandowski and obtained by Stroz Friedberg, LLC during Due Diligence Investigation and appended to Investigation Report. | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated.  The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege.  The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report.  The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

Page 16 of 17

Waymo LLC v. Uber Technologies, Inc., et al., No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| Stroz Friedberg LLC | Morrison & Foerster LLP |
|---|---|
| Judith Branham | Eric Tate |
| Scott Brown | Anna Ferrari |
| Hanley Chew | Elizabeth Balassone |
| Eric Friedberg | Shouvik Biswas |
| Mary Fulginiti | Elizabeth Crandall-Whitton |
| Melanie Maugeri | Sarah Davis |
| Mitchell Dobi | Derek Foran |
| Cristina Antalik | Teresa MacLean |
| Jessica Madore | Colette Reiner Mayer |
| | Frances Sagapolu |
| | Dick Van Nort |
| | Ethel Villegas |
| | Ben Williams |
| **Uber Technologies, Inc.** | |
| Andrew Glickman, Esq. | |
| Todd Hamblet, Esq. | |
| Christian Lynn, Esq. | **O'Melveny & Myers LLP** |
| Angela Padilla, Esq. | Eric Amdursky |
| Justin Suhr, Esq. | Paul Sieben |
| Robert Wu, Esq. | |
| Salle Yoo, Esq. | |
| | |
| **Ottomotto LLC** | **Donahue Fitzgerald LLP** |
| Adam Bentley, Esq. | John F. Gardner |
| Anthony Levandowski | Branden Clary |
| Lior Ron | |
| | **Levine & Baker LLP** |
| | Alisa J. Baker |
| | |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated.  The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege.  The author of these documents is listed as Stroz Friedberg, LLC because it is the entity who selected the documents for inclusion in the Investigation Report.  The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

# EXHIBIT D

# EXHIBIT 3

**PRIVILEGED AND CONFIDENTIAL**

ENGAGEMENT LETTER

VIA EMAIL

As of March 4, 2016

Eric Akira Tate
Partner
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Paul Sieben
Partner
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025

Dear Counsel:

Thank you to Morrison & Foerster LLP ("Morrison") and its client Uber Technologies, Inc. ("Uber"), to O'Melveny & Myers LLP ("O'Melveny") and its client Ottomotto LLC ("Ottomotto") for jointly engaging Stroz Friedberg, LLC ("Stroz Friedberg"). This letter (the "Agreement") will serve to document the terms and conditions of our engagement.

Services

Morrison and O'Melveny (each a "Client", and together "Clients") on behalf of their clients Uber and Ottomotto, respectively, have requested that Stroz Friedberg, LLC ("Stroz Friedberg"), among other things, provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Stroz Friedberg will use criteria provided to us by Clients to aid Clients in their review of documents for potential relevance or potential privilege, it being understood that the ultimate decision to assert a privilege and/or the relevance of any particular document will be made by Clients pursuant to the protocol attached hereto as Exhibit A. Stroz Friedberg will report the results of its factual investigation to Clients pursuant to the protocol attached hereto as Exhibit A. These services constitute the "Engagement". Uber agrees to pay all fees, charges and disbursements incurred in connection with the Services, in accordance with the terms set forth in this Agreement. Stroz Friedberg is not authorized to practice law or provide legal services and that the services offered by Stroz Friedberg as part of the Engagement are limited to non–legal services.

Fees

a) General Rates. Stroz Friedberg charges for the time devoted to the Engagement on an hourly fee basis, at the rates in effect when the work is performed. The current hourly rates are set forth as follows: Chairmen and Executive Managing Directors: $1,000 - $1,150; Managing Directors and Vice Presidents: $680 - $850; Directors and Assistant Directors: $600 - $715; Consulting and Forensics

Professionals: $250 - $600; Data Discovery Professionals: $275 - $375; and Administrative Professionals: $110 - $275.  These rates apply generally, as well as to travel.  The use of subcontractors, if needed, will be charged at Stroz Friedberg's rates.

b) <u>Machine Time and Specialized Solutions</u>. The rate for machine time devoted to running a forensic process is $95 per hour.  The rate for use of our proprietary host interrogation tool is $100 per host (capped at $150,000 per incident); our network traffic capture tool $1,500 per week; our proprietary incident response tool $5,000 per week per platform; the OmniPeek Network Analyzer $5,000 per week per platform; and our high speed, on-site malware analysis and forensic hosting tool, $2,500 per week per platform.  Use of our mobile electronic disclosure/discovery processing, hosting and production unit will be charged at an amount to be structured depending upon the circumstances of the deployment.

c) <u>Electronic Discovery Services</u>.  Any electronic discovery consulting services will be billed at the hourly rates set forth above.  All other electronic discovery charges are detailed in Exhibit B.

d) <u>Intelligence and Investigations Division</u>.  Forensic accounting, due diligence, or investigation services requested by Clients will be performed by our Intelligence and Investigations division at the rates in effect when the work is performed.

e) <u>Testimony</u>.  Written testimony or reports will be provided at normal hourly rates.  Internal peer review is part of an Engagement, and normal hourly rates will apply to any supervision of oral testimony and any internal peer review of proposed reports, affidavits, declarations or oral testimony.

f) <u>Retainer</u>.  Stroz Friedberg requests an initial retainer of $75,000 to begin work in this Engagement.  In cases where Stroz Friedberg's fees and charges approach the limit of the initial or a later retainer amount, Stroz Friedberg will request funds to replenish the retainer.  At the end of the Engagement, Stroz Friedberg agrees to refund to Uber any amount of the retainer or replenishment, not properly applied to fees and costs incurred as of the date of termination.

g) <u>Miscellaneous Charges</u>.  Stroz Friedberg may charge for other miscellaneous expenses, fees, and costs including, but not limited to, use of forensically-prepared thumb drives or hard drives (at $50 - $420 depending on size); other computer hardware and digital media; transportation, meals, and lodging; copies or printed documents; overnight delivery charges; storage fees for original media provided to Stroz Friedberg, after 30 days at rates up to $50 per month per item; credit check fees, and database searches.  Stroz Friedberg reserves the right to pass on any reasonable legal fees and expenses that are incurred as the result of the Engagement but will notify Uber before such fees and expenses are incurred.

h) <u>Invoices</u>.  The charges will be billed 100% to Uber. Stroz Friedberg will send invoices directly to Uber with a copy to Morrison.  Invoices are due within 30 days of the invoice date.  Morrison and Uber shall notify Stroz Friedberg in writing of any disputed charges within these 30 days; otherwise Stroz Friedberg's invoices shall be deemed payable in full.  Any charges that remain undisputed and unpaid 30 days after the invoice date will accrue interest at 1.5 percent per month.  Stroz Friedberg reserves the right to terminate its services at any time if Uber fails to pay Stroz Friedberg's invoices on time or fails to pay the requested refresher of a retainer.  Any provided estimates of fees and expenses are only estimates and are not binding.

<u>Confidentiality</u>

The purpose of the Engagement is to enable Uber, Ottomoto, Anthony Levandowski and Lior Ron (who are parties to a Joint Defense and Common Interest Agreement), along  with their respective counsel, to understand certain factual matters potentially relevant to potential litigation and related matters; therefore, Stroz Friedberg's communications with Clients, Uber, Ottomoto, (and Messrs. Levandowski and Ron (including their respective counsel), Stroz Friedberg's work product, and all information and data received from Clients, Uber, and Ottomoto(including its employees and/or their respective counsel) are covered by common interest, attorney-client privilege and/or attorney work product doctrine.  Accordingly, Stroz Friedberg will maintain as confidential all information and data it receives from Clients, Uber, Ottomoto (including its employees), and Messrs. Levandowski and Ron (including their respective counsel) (the

"Confidential Information"), and not disclose any Confidential Information to any parties other than Clients, Uber, Ottomotto, or Messrs. Levandowski and Ron (including their respective counsel). Any such disclosures of Confidential Information disclosures of data from Ottomotto or Messrs. Levandowski and Ron (including through their respective counsel) to Uber shall be governed by the protocol attached hereto as Exhibit A.

Stroz Friedberg agrees all communications (including emails) by it relating to the Engagement will be sent to all Clients together. In addition, all phone calls relating to the Engagement must include all Clients, unless otherwise agreed to in writing by all Clients. However, communications concerning general administrative or billing matters may be dealt with individually. In performing the Engagement, Stroz Friedberg agrees that only information relating to the Services and purpose of the Engagement may be disclosed to Morrison and Uber, provided, however, that in the event such information includes or may include confidential or proprietary information of a former employer of an Ottomotto employee, or there is any potential question or uncertainty whether information relates to the Services and purpose of the Engagement, such information will be disclosed to Clients only on an outside counsel attorney's eyes only (AEO) basis. Notwithstanding the foregoing, under no circumstances will Stroz Friedberg disclose to Uber or Morrison or any of their representatives any attorney-client privileged communications between Ottomotto and/or any of its employees, stockholders, officers, members, managers or directors, on the one hand, and counsel for Ottomotto or counsel to any of such persons, on the other hand, that are disclosed to or discovered by Stroz Friedberg in its performance of the services. For the avoidance of doubt, communications between Ottomotto and/or any of its employees, stockholders, officers, members, managers or directors, on the one hand, and any of the following attorneys and law firms, on the other hand, is attorney-client privileged communication and will not be disclosed by Stroz Friedberg to Uber or Morrison or any of their representatives: O'Melveny & Myers LLP, Fenwick & West LLP (including text messages with Ted Wang at      ), Orrick, Herrington & Sutcliffe LLP, Donahue Fitzgerald LLP (including emails with John Gardner at      ), Ognen Stojanovski at ognen@alumni.stanford.edu, Doug Mandell at dmandell@mlawgroup.com, Maureen Dorney at maureen@paradigmcounsel.com, GCA Law Partners LLP, or Levine & Baker LLP or any other attorney or law firm with whom such persons had attorney-client privileged communications.

Confidential Information does not include (1) information that has been or is, prior to the Engagement, in the public record, or is placed in the public record by Clients, Uber, or Ottomotto after the Engagement begins, through no unlawful act of anyone; (2) indications of compromise (i.e., data, configurations, specifications, and other conditions that are identified as malware, vulnerabilities, anomalies, compromises, or potentially harmful conditions) identified by Stroz Friedberg; or (3) facts necessary to set forth in proceedings for non-payment of invoices. If Stroz Friedberg encounters what it deems to be any child pornography on any computer media delivered to it in the course of the Engagement, Stroz Friedberg reserves the right to disclose such contraband to the appropriate authorities.

Authority to Access Data and Indemnification

Uber and Ottomotto each authorize Stroz Friedberg to access the data related to this Engagement and represents that such access does not violate any applicable law or treaty. Uber and Ottomotto agree to hold harmless and indemnify Stroz Friedberg, including its officers, employees, and agents against all third-party claims, damages and costs including attorneys' fees and disbursements arising from the Engagement, except for actions by Stroz Friedberg, its officers, employees, and/or agents that are adjudicated to constitute willful misconduct or gross negligence.

Limitation of Liability and Damages

      Stroz Friedberg for itself and its officers, employees, or agents will not assume responsibility for damage that may occur to       prior to or during Stroz Friedberg's efforts to complete the Engagement. As such, other than due to its willful misconduct of Stroz Friedberg will not be liable for direct or indirect damages arising from harm that may occur to       . Any data, especially data restored from unknown sources, may contain viruses or

3

other malware; therefore, Clients, Uber and Ottomotto assume responsibility to protect themselves with respect to the receipt of data from Stroz Friedberg or any other party and shall advise its agents and third-party recipients to take similar precautions. Other than due to its and their willful misconduct, in no event shall Stroz Friedberg, its officers, employees, or agents be liable for damages, under any theory, beyond the amount paid to Stroz Friedberg under this Engagement.

<u>Return of Client Materials</u>

Prior to the end of the Engagement, Stroz Friedberg and Clients will confirm the disposition of any original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg. In the event that, after using its reasonable efforts to do so, Stroz Friedberg is not able to return to Clients, Uber, or Ottomotto original materials provided by Clients, Uber, or Ottomotto to Stroz Friedberg, Stroz Friedberg reserves the right to destroy such original materials pursuant to its then-current destruction policy (subject to the preceding sentence).

<u>Conflicts</u>

This Engagement pertains to a discrete matter and would not preclude Stroz Friedberg from rendering services to other clients adverse to Clients or Uber or Ottomotto on matters that are not specifically related to this Engagement.

<u>Miscellaneous</u>

Clients, Uber, Ottomotto and Stroz Friedberg agree that the Engagement shall be governed by and construed and enforced in accordance with the internal laws of the State of California (as opposed to the conflict of law provisions) as an agreement made and to be performed entirely within such State. Clients, Uber, Ottomotto, and Stroz Friedberg agree that this Agreement (1) may not be modified or amended, except by a writing signed by each party; (2) shall be binding upon each party, its successors and permitted assigns; and (3) contains the entire agreement and understanding among Clients, Uber, Ottomotto, and Stroz Friedberg with respect to the subject matter hereof and supersedes all prior agreements and understandings, written or oral, among Clients, Uber, Ottomotto, and Stroz Friedberg with respect to the subject matter hereof. No provision of this Agreement may be waived except in writing by the party against whom such waiver is sought to be enforced. No express or implied waiver, breach or default by any party of any provision of this Agreement shall constitute a continuing waiver of such provision or of any other provision of this Agreement. Clients, Uber, Ottomotto, and Stroz Friedberg hereby consent to the jurisdiction of the Superior Court of the State of California for the County of Santa Clara and the United States District Court for the Northern District of California for all purposes in connection with the Engagement, and further consent that any process or notice of motion may be served as a notice, if in writing and given by (1) prepaid certified or regular first class mail, (2) personal delivery, or (3) nationally recognized overnight delivery service at the addresses set forth at the beginning of this letter, and shall be deemed given when sent, within or without the State of California, provided a reasonable time for appearance is allowed. This letter, along with the protocol attached hereto,amends, restates, and supersedes all previous communications between the undersigned regarding the Engagement.

If you find this letter satisfactory, kindly return an executed copy together with Uber's check or wire transfer in the amount of $75,000. Stroz Friedberg looks forward to working with you. Very truly yours,

STROZ FRIEDBERG, LLC

By: _____

Eric Friedberg
Executive Chairman

AGREED TO AND ACCEPTED:
**Morrison & Foerster LLP**

By: _____

Eric Akira Tate
Partner

ACKNOWLEDGED AND AGREED TO:
**Uber Technologies, Inc.**

By: _____

Name:
Title:

AGREED TO AND ACCEPTED:
**O'Melveny & Meyers**

By: _____

Paul Sieben
Partner

ACKNOWLEDGED AND AGREED TO:
**Ottomotto LLC**

By: _____

Name: LIOR RON
Title: PRESIDENT

If you find this letter satisfactory, kindly return an executed copy together with Uber's check or wire transfer in the amount of $75,000. Stroz Friedberg looks forward to working with you. Very truly yours,

STROZ FRIEDBERG, LLC

By: _____

Eric Friedberg
Executive Chairman

AGREED TO AND ACCEPTED:
**Morrison & Foerster LLP**

By: _____

Eric Akira Tate
Partner

AGREED TO AND ACCEPTED:
**O'Melveny & Meyers**

By: _____

Paul Sieben
Partner

ACKNOWLEDGED AND AGREED TO:
**Uber Technologies, Inc.**

By: _____
    Name:
    Title:

ACKNOWLEDGED AND AGREED TO:
**Ottomotto LLC**

By: _____
    Name:
    Title:

6

If you find this letter satisfactory, kindly return an executed copy together with Uber's check or wire transfer in the amount of $75,000. Stroz Friedberg looks forward to working with you. Very truly yours,

STROZ FRIEDBERG, LLC

By: _____
Eric Friedberg
Executive Chairman

AGREED TO AND ACCEPTED:
**Morrison & Foerster LLP**


By: _____
Eric Akira Tate
Partner


ACKNOWLEDGED AND AGREED TO:
**Uber Technologies, Inc.**

By: _____
Name: Angela Padilla
Title: Associate General Counsel,
Employment and Litigation

AGREED TO AND ACCEPTED:
**O'Melveny & Meyers**


By: _____
Paul Sieben
Partner


ACKNOWLEDGED AND AGREED TO:
**Ottomotto LLC**

By: _____
Name:
Title:

6

**EXHIBIT B**

| EARLY CASE ASSESSMENT – FIRST GLANCE | |
|---|---|
| • First Glance Processing (*concept clustering, searching, visual data analysis, ability to cull data/promote docs for full processing to review platform*) | $ 125/GB |
| **PROCESSING** | |
| • Data culling (*de-NIST, dedupe, date and/or keyword filtering,*) | $ 75/GB |
| • Processing (*de-NIST, dedupe, extract text/metadata & embedded objects, promote to review*) | $ 295/GB |
| • Foreign Language Translation to English (*machine translation*) | $ 295/GB or $ .03/page |
| **PRE-PROCESSED DATA** | |
| • Ingestion of Pre-Processed Data (*Paper/ 3rd Party Productions/ Migrated Data*) | $ 75/GB |
| • OCR or other text extraction | $ 100/GB |
| **REVIEW ANALYTICS** | |
| • Relativity Analytics Bundle (*Near Duplication & Email Threading, Conceptual Search, Clustering, Categorization (Predictive Coding), Keyword Expansion*) | $175/GB |
| • Stroz Analytics Bundle (*Near Duplication & Email Threading, Conceptual Search, Clustering, Categorization (Predictive Coding), Keyword Expansion*) | $ 150/GB |
| *Note: Near dupe and threading can be unbundled upon request at $ 75/GB* | |
| *Note: Privilege Analytics can be unbundled upon request at $ 50/GB* | |
| **HOSTING** | |
| • Standard Hosting | $ 35/GB/month |
| • Near-line "In"/Active "Out" Hosting | $ 10/$ 35/GB/month |
| • User Licenses | $ 100/user/month |
| **PRODUCTION** | |
| • Tiff Generation | $ .03/page |
| • Tiff Bundle (Production including Bates Stamping, Branding & Watermarking) | $ .05/page |
| • Load File Delivery | $ 75/load file |
| • Output to Hard Drive | $ 175 to $ 400 per drive |
| • Output to CD/DVD | $ 35/$ 55 per media |
| **DATA STORAGE** | |
| • Data Deletion | No Charge |
| • Full Archiving | $ 35/GB |
| • Near Line Storage | $ 10/GB/month |
| **CONSULTING & ENGINEERING SERVICES** | |
| • Expert Consulting & Forensic Analysis | Per Engagement Letter |
| • Project Management & Exception Handling | Per Engagement Letter |
| • Customized Engineering Services | Per Engagement Letter |

# EXHIBIT 2

| *Attorney or Party without Attorney:*<br>QUINN EMANUEL URQUHART & SULLIVAN<br>50 CALIFORNIA STREET, 22ND FLOOR<br>SAN FRANCISCO, CA  94111<br>Telephone No: 415-875-6600     FAX No: 415-875-6700 | | *For Court Use Only* |
|---|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>01980-00104 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court For The Northern District Of California | | |
| *Plaintiff:* WAYMO LLC | | |
| *Defendant:* UBER TECHNOLOGIES, INC.; ET AL | | |

| PROOF OF SERVICE<br>SUBPOENA TO PRODUCE | *Hearing Date:*<br>Thu, May. 25, 2017 | *Time;*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>3:17-CV-00939-WHA |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT; INSPECTION OF PREMISES IN A CIVIL ACTION.

3. a. *Party served:*             STROZ FRIEDBERG, LLC C/O CSC LAWYERS
   b. *Person served:*        BECKY DE GEORGE, AUTHORIZED TO ACCEPT SERVICE, White, Female,
                                   52 Years Old, Blonde Hair, 5 Feet 7 Inches, 200 Pounds

4. *Address where the party was served:*    2710 GATEWAY OAKS DRIVE, STE. 150N
                                         SACRAMENTO, CA  95833

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Wed., May. 10, 2017 (2) at: 2:27PM
   b. *I received this subpoena for service on:*    Wednesday, May 10, 2017

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**                                Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY W. ABEGGLEN

                                     d.   *The Fee for Service was:*

     ★ **A & A LEGAL SERVICE** ★        e.   I am: (3)  registered California process server
                                          (i)   Independent Contractor
1541 Bayshore Hwy.                            (ii)  *Registration No.:*    2009-98
Burlingame, CA 94010-1602    Fax (650) 697-4640        (iii) *County:*           Sacramento
**(650) 697-9431**

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: **Wed, May. 10, 2017**

# EXHIBIT 3

1    Robert B. Ellis, P.C. (*pro hac vice* forthcoming)
     KIRKLAND & ELLIS LLP
2    300 North LaSalle Street
     Chicago, Illinois  60654
3    Telephone: (312) 862-2000
     Facsimile: (312) 862-2200
4    Email: rellis@kirkland.com

5    Kevin K. Chang (SBN 292271)
     KIRKLAND & ELLIS LLP
6    555 California Street
     San Francisco, California  94104
7    Telephone: (415) 439-1400
     Facsimile: (415) 439-1500
8    Email: kevin.chang@kirkland.com

9    Attorneys for
     *Stroz Friedberg, LLC*
10

11                   **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                      **SAN FRANCISCO DIVISION**

14   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

15          Plaintiff,                   **NON-PARTY STROZ FRIEDBERG, LLC'S
                                         RESPONSES AND OBJECTIONS TO**
16   v.                                  **PLAINTIFF WAYMO LLC'S  SUBPOENA
                                         TO PRODUCE DOCUMENTS,**
17   UBER TECHNOLOGIES, INC.;            **INFORMATION, OR OBJECTIONS OR**
     OTTOMOTTO LLC; OTTO                 **TO PERMIT INSPECTION OF PREMISES**
18   TRUCKING LLC,                       **IN A CIVIL ACTION**

19
            Defendants.
20

21

22

23

24

25

26

27

28

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Stroz Friedberg, LLC ("Stroz

2    Friedberg"), by and through its undersigned counsel, hereby responds and objects to Plaintiff

3    Waymo, LLC's ("Waymo") Subpoena To Produce Documents, Information, Or Objects Or To

4    Permit Inspection Of Premises In A Civil Action (the "Requests"), dated May 10, 2017.

5                              **GENERAL OBJECTIONS**

6           The following General Objections apply to and are incorporated into each Specific Objection

7    set forth below, as if fully set forth therein.

8           1.     Stroz Friedberg objects to each Request to the extent that it purports to require the

9    production of documents that are equally available to the parties to the above-captioned litigation, or

10   are publicly available.   Stroz Friedberg is a non-party and should not bear the cost of discovery that

11   can be obtained from parties to the litigation or publicly-available sources. Stroz Friedberg reserves

12   the right to seek costs of compliance with each Request that requires Stroz Friedberg to incur

13   "significant expense," as that term is used in Federal Rule of Civil Procedure 45(d)(2)(B)(ii).  As set

14   forth in Ninth Circuit's decision in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir.

15   2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with

16   a subpoena, if those costs are significant."

17          2.     Stroz Friedberg objects to each Request to the extent that it seeks information which

18   is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19          3.     Stroz Friedberg objects to each Request to the extent that it seeks documents or

20   information from Stroz Friedberg that contain sensitive, confidential, competitive, developmental or

21   commercial research information that is of a proprietary nature and/or is protected by other privacy

22   protections provided by applicable laws, rules, and/or regulations.

23          4.     Stroz Friedberg objects to each Request to the extent that it is vague, ambiguous, and

24   unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single

25   meaning.

26          5.     Stroz Friedberg objects to each Request to the extent that it is duplicative.

27          6.     Stroz Friedberg objects to each Request to the extent that it is overly broad or unduly

28   burdensome.

7.     Stroz Friedberg objects to each Request to the extent that it fails to comply with the requirements of Rule 34 of the Federal Rules of Civil Procedure to "describe each item [requested] with reasonable particularity."

8.     Stroz Friedberg objects to each Request to the extent that it fails to designate a time or scope, or designates a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Stroz Friedberg objects to each Request to the extent that it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, which belong to a third person or to Stroz Friedberg.  Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

10.     Stroz Friedberg objects to each Request to the extent that it seeks material that may not be divulged by law.

11.     Stroz Friedberg objects to each Request to the extent that it seeks to impose upon Stroz Friedberg an obligation to provide documents not in its possession, custody and/or control, or to create documents that do not currently exist.

12.     Stroz Friedberg objects to each Request to the extent that it purports to require Stroz Friedberg to respond on behalf of any person or entity other than Stroz Friedberg.  Stroz Friedberg responds to these Requests only on behalf of itself as Stroz Friedberg, and no other person.

13.     Stroz Friedberg objects to each Request to the extent that it requires Stroz Friedberg to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost.

14.     Stroz Friedberg objects to each Request to the extent that it requires disclosure from which Stroz Friedberg is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.

15.     Stroz Friedberg objects to each Request to the extent it seeks to impose upon Stroz Friedberg an obligation to provide documents that Stroz Friedberg is prevented from disclosing without the express written permissions of one or more third persons.

16.     Stroz Friedberg objects to all instructions, definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Requests, Stroz Friedberg does not admit the truth of any such allegations or conclusions.

17.     Stroz Friedberg responds to each Request based on its present knowledge, and Stroz Friedberg reserves the right to amend, modify, or supplement these Responses and Objections if Stroz Friedberg learns of new information.

18.     Stroz Friedberg objects to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require Stroz Friedberg to conduct an unreasonably broad search to find responsive documents on the grounds that it seeks documents or information that are not relevant or that exceed the scope of permissible discovery because they are not necessary to prosecute or defend the case at bar, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and disproportionate burden or expense of responding to the Request as stated.  Stroz Friedberg further objects to each Instruction, Definition, and Request to the extent that they purport to impose obligations on Stroz Friedberg greater than those required by the Federal Rules of Civil Procedure or the Civil Local Rules of the United States District Court for the Northern District of California.  Stroz Friedberg will comply with the obligations required by these Rules and Local Rules.  Stroz Friedberg further objects to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on Stroz Friedberg's production efforts, or to the extent that they purport to require the production of original documents.

19.     To the extent that Stroz Friedberg asserts a specific objection to a particular Request, Stroz Friedberg does not thereby waive these General Objections.  To the extent that Stroz Friedberg objects to a particular Request but proceeds to respond to said Request in whole or in part, Stroz Friedberg does not thereby waive any objection to that Request.  Stroz Friedberg reserves its own rights as well as any rights of any third person who may object to the use of any documents or information produced in response to any Request as evidence.

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1

## SPECIFIC OBJECTIONS

2

**REQUEST FOR PRODUCTION NO. 1:**

3

All agreements between YOU and any DEFENDANT.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5

Stroz Friedberg objects to this Request to the extent that it seeks documents and information

6

Stroz Friedberg is prevented from disclosing without the express written permission of the

7

defendants in the above-captioned action ("Defendants") or any other relevant third persons ("Third

8

Persons"). Stroz Friedberg further objects to this Request to the extent it seeks documents equally

9

available from parties to the above-captioned litigation. Stroz Friedberg further objects to this

10

Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the

11

lead to the discovery of admissible evidence, including to the extent that it seeks "all" agreements

12

which do not relate to any of the issues, claims, and defenses presented in the above-captioned

13

action. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of

14

information protected by the attorney-client privilege, the attorney work product doctrine, or any

15

other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg

16

further objects to this Request as being duplicative of Request Nos. 2, 3, 4, and 5. Subject to, and

17

without waiving these Specific and General Objections, and only to the extent it obtains the express

18

written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-

19

privileged documents responsive to this Request that are not the subject of an assertion by

20

Defendants or Third Persons as being protected by the attorney-client privilege, work product

21

doctrine, or any other applicable privilege or protection.

22

**REQUEST FOR PRODUCTION NO. 2:**

23

All agreements between YOU and LEVANDOWSKI.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25

Stroz Friedberg objects to this Request to the extent that it seeks documents and information

26

Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

27

or Third Persons. Stroz Friedberg further objects to this Request to the extent it seeks documents

28

equally available from parties to the above-captioned litigation or Third Persons. Stroz Friedberg

further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks "all" agreements which do not relate to any of the issues, claims, and defenses presented in the above-captioned action. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 1, 3, 4, and 5. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons. Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 1, 2, 4, and 5. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

1   Request that are not the subject of an assertion by Defendants or Third Persons as being protected by

2   the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

3   **REQUEST FOR PRODUCTION NO. 4:**

4   The "agreement with Donahue, whereby Stroz agreed to keep confidential all information learned

5   from Mr. Levandowski during the course of its investigation unless Mr. Levandowski consented to

6   sharing that information with any person" (referenced in paragraph 7 of the May 8, 2017 Declaration of

7   Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto

8   as Exhibit A).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10   Stroz Friedberg objects to this Request to the extent that it seeks documents and information

11   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

12   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

13   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

14   this Request to the extent that it seeks disclosure of information protected by the attorney-client

15   privilege, the attorney work product doctrine, or any other applicable privilege or protection

16   belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

17   duplicative of Request Nos. 1, 2, 3, and 5.   Subject to, and without waiving these Specific and

18   General Objections, and only to the extent it obtains the express written permission of Defendants or

19   Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

20   Request that are not the subject of an assertion by Defendants or Third persons as being protected by

21   the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

22   **REQUEST FOR PRODUCTION NO. 5:**

23   The "engagement letter" through which "Stroz was jointly engaged by Morrison & Foerster

24   ('MoFo'), on behalf of its client Uber Technologies LLC ('Uber'), and O'Melveny & Meyers LLP

25   ('OMM'), on behalf of its client Ottomotto LLC ('Ottomotto')" (referenced in paragraph 3 of the May 8,

26   2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to

27   Compel, attached hereto as Exhibit A), and all attachments, exhibits, appendices, and amendments to the

28   engagement letter.

NON-PARTY STROZ FRIEDBERG, LLC'S   CASE NO. 3: 17-CV-00939-WHA
RESPONSES AND OBJECTIONS TO WAYMO'S
SUBPOENA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

3  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

4  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

5  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

6  this Request to the extent that it seeks disclosure of information protected by the attorney-client

7  privilege, the attorney work product doctrine, or any other applicable privilege or protection

8  belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

9  duplicative of Request Nos. 1, 2, 3, and 4.  Subject to, and without waiving these Specific and

10  General Objections, and only to the extent it obtains the express written permission of Defendants or

11  Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

12  Request that are not the subject of an assertion by Defendants or Third Persons as being protected by

13  the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

14  **REQUEST FOR PRODUCTION NO. 6:**

15       The August 5, 2016 due diligence report (referenced in the May 8, 2017 Declaration of Eric M.

16  Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as

17  Exhibit A), including all exhibits, attachments, and appendices thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

20  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

21  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

22  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

23  this Request to the extent that it seeks disclosure of information protected by the attorney-client

24  privilege, the attorney work product doctrine, or any other applicable privilege or protection

25  belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

26  duplicative of Request Nos. 7 and 8.  Subject to, and without waiving these Specific and General

27  Objections, and only to the extent it obtains the express written permission of Defendants or Third

28  Personsto do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

1  that are not the subject of an assertion by Defendants or Third Persons as being protected by the

2  attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

3  **REQUEST FOR PRODUCTION NO. 7:**

4        All reports or analyses prepared by YOU for any DEFENDANT REGARDING

5  LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

6  OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED

7  MATERIALS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9        Stroz Friedberg objects to this Request to the extent that it seeks documents and information

10  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

11  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

12  equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to

13  this Request to the extent that it seeks disclosure of information protected by the attorney-client

14  privilege, the attorney work product doctrine, or any other applicable privilege or protection

15  belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

16  duplicative of Request Nos. 6 and 8.  Subject to, and without waiving these Specific and General

17  Objections, and only to the extent it obtains the express written permission of Defendants or Third

18  Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

19  that are not the subject of an assertion by Defendants or Third Persons as being protected by the

20  attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

21  **REQUEST FOR PRODUCTION NO. 8:**

22        All reports or analyses prepared by YOU for LEVANDOWSKI.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24        Stroz Friedberg objects to this Request to the extent that it seeks documents and information

25  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

26  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

27  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

28  this Request to the extent that it seeks disclosure of information protected by the attorney-client

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSE AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-mc-03050   Document 1-29-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 77
of 100

1   privilege, the attorney work product doctrine, or any other applicable privilege or protection

2   belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

3   duplicative of Request Nos. 8 and 9.  Subject to, and without waiving these Specific and General

4   Objections, and only to the extent it obtains the express written permission of Defendants or Third

5   Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

6   that are not the subject of an assertion by Defendants or Third Persons as being protected by the

7   attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

8   **REQUEST FOR PRODUCTION NO. 9:**

9       All DOCUMENTS provided to YOU by DEFENDANTS, LEVANDOWSKI, Lior Ron, or the

10  "three other employees who participated in the Stroz Investigation review process" (referenced in

11  paragraph 11 of the May 8, 2017 Declaration of John F. Gardner in Support of Defendants' Opposition to

12  Waymo's Motion to Compel Production of Withheld Documents, attached hereto as Exhibit B),

13  REGARDING  LEVANDOWSKI¸ Lior Ron, OTTO  TRUCKING, OTTOMOTTO, GOOGLE,

14  WAYMO, or the MISAPPROPRIATED MATERIALS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16      Stroz Friedberg objects to this Request to the extent that it seeks documents and information

17  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

18  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

19  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

20  this Request to the extent that it seeks disclosure of information protected by the attorney-client

21  privilege, the attorney work product doctrine, the constitutional or statutory right of privacy, or any

22  other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg

23  further objects to this Request as being duplicative of Request Nos. 10, 12 to 28, and 30.  Subject to,

24  and without waiving these Specific and General Objections, and only to the extent it obtains the

25  express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce

26  non-privileged documents responsive to this Request that are not the subject of an assertion by

27  Defendants or Third Persons as being protected by the attorney-client privilege, work product

28  doctrine, or any other applicable privilege or protection.

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSE AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1   **REQUEST FOR PRODUCTION NO. 10:**

2        DOCUMENTS sufficient to show the identity of the "three other employees who participated in

3   the Stroz Investigation review process" (referenced in paragraph 11 of the May 8, 2017 Declaration of

4   John F. Gardner in Support of Defendants' Opposition to Waymo's Motion to Compel Production of

5   Withheld Documents, attached hereto as Exhibit B).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7        Stroz Friedberg objects to this Request to the extent that it seeks documents and information

8   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

9   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

10  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

11  this Request to the extent that it seeks disclosure of information protected by the attorney-client

12  privilege, the attorney work product doctrine, or any other applicable privilege or protection

13  belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

14  duplicative of Request Nos. 9, 12 to 28, and 30.  Subject to, and without waiving these Specific and

15  General Objections, and only to the extent it obtains the express written permission of Defendants or

16  Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

17  Request that are not the subject of an assertion by Defendants or Third Persons as being protected by

18  the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

19  **REQUEST FOR PRODUCTION NO. 11:**

20       All DOCUMENTS and COMMUNICATIONS REGARDING the purported "joint defense and

21  common interest agreement" (referenced in paragraph 5 of the May 8, 2017 Declaration of Eric M.

22  Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as

23  Exhibit A).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

26  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

27  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

28  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO'S RULE 45
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-03050   Doc# 129-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 79
of 100

1 this Request to the extent that it seeks disclosure of information protected by the attorney-client

2 privilege, the attorney work product doctrine, or any other applicable privilege or protection

3 belonging to Stroz Friedberg, Defendants, or Third Persons.  Subject to, and without waiving these

4 Specific and General Objections, and only to the extent it obtains the express written permission of

5 Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents

6 responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or

7 Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other

8 applicable privilege or protection.

9 **REQUEST FOR PRODUCTION NO. 12:**

10      The forensic data underlying the "forensic analysis" YOU did in connection with the August 5,

11 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of Defendants' Privilege Log

12 Associated with March 31, 2017 Production of Documents, attached hereto as Exhibit C).

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14      Stroz Friedberg objects to this Request to the extent that it seeks documents and information

15 Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

16 or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

17 equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

18 this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to

19 the lead to the discovery of admissible evidence, including to the extent that it seeks all forensic data

20 which do not relate to any of the issues, claims, and defenses presented in the above-captioned

21 action.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of

22 information protected by the attorney-client privilege, the attorney work product doctrine, the

23 constitutional or statutory right of privacy, or any other applicable privilege or protection belonging

24 to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative

25 of Request Nos. 9. 10, 13 to 28, and 30.  Subject to, and without waiving these Specific and General

26 Objections, and only to the extent it obtains the express written permission of Defendants or Third

27 Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

28

1   that are not the subject of an assertion by Defendants or Third Persons as being protected by the

2   attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

3   **REQUEST FOR PRODUCTION NO. 13:**

4          All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" YOU did

5   in connection with the August 5, 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of

6   Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, attached hereto as

7   Exhibit C).

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9          Stroz Friedberg objects to this Request to the extent that it seeks documents and information

10  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

11  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

12  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

13  this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to

14  the lead to the discovery of admissible evidence, including to the extent that it seeks "all" documents

15  and communications which do not relate to any of the issues, claims, and defenses presented in the

16  above-captioned action.  Stroz Friedberg further objects to this Request as overly broad and unduly

17  burdensome because it seeks "all" documents and communications, which will impose "significant

18  expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the

19  Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule

20  45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena,

21  if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs

22  incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further

23  objects to this Request to the extent that it seeks disclosure of information protected by the attorney-

24  client privilege, the attorney work product doctrine, or any other applicable privilege or protection

25  belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this

26  Request as being duplicative of Request No. 9, 10, 12, 14 to 28, and 30.  Subject to, and without

27  waiving these Specific and General Objections, and only to the extent it obtains the express written

28  permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1   documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg,

2   Defendants, or Third Persons as being protected by the attorney-client privilege, work product

3   doctrine, or any other applicable privilege or protection.

4   **REQUEST FOR PRODUCTION NO. 14:**

5        All DOCUMENTS and COMMUNICATIONS REGARDING the "directives from MoFo and

6   OMM regarding what topics to investigate and how Stroz should investigate those topics" that "MoFo

7   provided … to Stroz" (referenced in paragraph 4 of the May 8, 2017 Declaration of Eric M. Friedberg in

8   Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

11  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

12  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

13  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

14  this Request as overly broad and unduly burdensome because it seeks "all" documents and

15  communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that

16  term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738

17  F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-

18  party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves

19  the right to seek significant compliance costs incurred in having to respond to this Request, to the

20  extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks

21  disclosure of information protected by the attorney-client privilege, the attorney work product

22  doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or

23  Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request No. 9,

24  10, 12, 13, 15 to 28, and 30.  Subject to, and without waiving these Specific and General Objections,

25  and only to the extent it obtains the express written permission of Defendants or Third Persons to do

26  so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not

27  the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by

28  the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO LLC'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1   **REQUEST FOR PRODUCTION NO. 15:**

2         All   COMMUNICATIONS   between   YOU   and   any   DEFENDANT   REGARDING

3   LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

4   OTTO   TRUCKING,   OTTOMOTTO,   GOOGLE,   WAYMO,   or   the   MISAPPROPRIATED

5   MATERIALS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7         Stroz Friedberg objects to this Request to the extent that it seeks documents and information

8   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

9   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

10  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

11  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

12  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

13  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

14  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

15  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

16  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

17  Friedberg further objects to this Request to the extent that it seeks disclosure of information

18  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

19  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

20  further objects to this Request as being duplicative of Request Nos. 9, 10, 12, 13, 14, and 16 to 28.

21  Subject to, and without waiving these Specific and General Objections, and only to the extent it

22  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

23  produce non-privileged documents responsive to this Request that are not the subject of an assertion

24  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

25  work product doctrine, or any other applicable privilege or protection.

26  **REQUEST FOR PRODUCTION NO. 16:**

27        All   COMMUNICATIONS   between   YOU   and   LEVANDOWSKI   REGARDING

28  LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES TO OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-cv-03050  Document 129-5  Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 83
of 100

1    OTTO    TRUCKING,    OTTOMOTTO,    GOOGLE,    WAYMO,    or    the    MISAPPROPRIATED

2    MATERIALS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4           Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5    Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6    or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7    equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8    this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9    will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10   45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11   Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12   with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13   compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14   Friedberg further objects to this Request to the extent that it seeks disclosure of information

15   protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16   privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17   further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 15, and 17 to 28.

18   Subject to, and without waiving these Specific and General Objections, and only to the extent it

19   obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

20   produce non-privileged documents responsive to this Request that are not the subject of an assertion

21   by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

22   work product doctrine, or any other applicable privilege or protection.

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOU and Lior Ron REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 16, and 18 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

1   **REQUEST FOR PRODUCTION NO. 18:**

2       All COMMUNICATIONS between YOU and MORRISON REGARDING LEVANDOWSKI,

3   Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO

4   TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

6       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16  Friedberg further objects to this Request to the extent that it seeks disclosure of information

17  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 17, and 19 to 28.

20  Subject to, and without waiving these Specific and General Objections, and only to the extent it

21  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22  produce non-privileged documents responsive to this Request that are not the subject of an assertion

23  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24  work product doctrine, or any other applicable privilege or protection.

25

26

27

28

Case 3:20-mc-03050   Document 29-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 86 of 100

1    **REQUEST FOR PRODUCTION NO. 19:**

2         All COMMUNICATIONS between YOU and O'MELVENY REGARDING LEVANDOWSKI,

3    Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO

4    TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6         Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7    Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8    or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9    equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10   this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11   will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12   45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13   Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14   with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15   compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16   Friedberg further objects to this Request to the extent that it seeks disclosure of information

17   protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18   privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19   further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 18, and 20 to 28.

20   Subject to, and without waiving these Specific and General Objections, and only to the extent it

21   obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22   produce non-privileged documents responsive to this Request that are not the subject of an assertion

23   by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24   work product doctrine, or any other applicable privilege or protection.

25

26

27

28

Case 3:20-03050   Doc# 129-5   Filed: 02/24/21   Entered: 02/24/21 04:14:33   Page 87
of 100

1   **REQUEST FOR PRODUCTION NO. 20:**

2       All COMMUNICATIONS between YOU and DONAHUE REGARDING LEVANDOWSKI,

3   Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO

4   TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

6       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16  Friedberg further objects to this Request to the extent that it seeks disclosure of information

17  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 19, and 21 to 28.

20  Subject to, and without waiving these Specific and General Objections, and only to the extent it

21  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22  produce non-privileged documents responsive to this Request that are not the subject of an assertion

23  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24  work product doctrine, or any other applicable privilege or protection.

25

26

27

28

1   **REQUEST FOR PRODUCTION NO. 21:**

2       All COMMUNICATIONS between YOU and LEVINE REGARDING LEVANDOWSKI, Lior

3   Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING,

4   OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16  Friedberg further objects to this Request to the extent that it seeks disclosure of information

17  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 20, and 22 to 28.

20  Subject to, and without waiving these Specific and General Objections, and only to the extent it

21  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22  produce non-privileged documents responsive to this Request that are not the subject of an assertion

23  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24  work product doctrine, or any other applicable privilege or protection.

25  **REQUEST FOR PRODUCTION NO. 22:**

26      All COMMUNICATIONS between YOU and Fenwick & West LLP and/or Ted Wang

27  REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter

28

Case 20-03050   Doc 129-3   Filed 02/24/20   Entered: 02/24/21 04:14:33   Page 89
of 100

1   discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the

2   MISAPPROPRIATED MATERIALS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

4         Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8   this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9   will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10   45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11   Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12   with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13   compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14   Friedberg further objects to this Request to the extent that it seeks disclosure of information

15   protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16   privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17   further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 21, and 23 to 28.

18   Subject to, and without waiving these Specific and General Objections, and only to the extent it

19   obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

20   produce non-privileged documents responsive to this Request that are not the subject of an assertion

21   by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

22   work product doctrine, or any other applicable privilege or protection.

23

24

25

26

27

28

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSE AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-03050  Doc# 129-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 90
of 100

1

**REQUEST FOR PRODUCTION NO. 23:**

2

　　All COMMUNICATIONS between YOU and Ognen Stojanovski REGARDING

3

LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

4

OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED

5

MATERIALS.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7

　　Stroz Friedberg objects to this Request to the extent that it seeks documents and information

8

Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

9

or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

10

equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

11

this Request as overly broad and unduly burdensome because it seeks "all" communications, which

12

will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

13

45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

14

Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

15

with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

16

compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

17

Friedberg further objects to this Request to the extent that it seeks disclosure of information

18

protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

19

privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

20

further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 22, and 24 to 28.

21

Subject to, and without waiving these Specific and General Objections, and only to the extent it

22

obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

23

produce non-privileged documents responsive to this Request that are not the subject of an assertion

24

by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

25

work product doctrine, or any other applicable privilege or protection.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 24:**

2         All COMMUNICATIONS between YOU and Doug Mandell REGARDING LEVANDOWSKI,

3    Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO

4    TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6         Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7    Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8    or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9    equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10   this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11   will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12   45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13   Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14   with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15   compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16   Friedberg further objects to this Request to the extent that it seeks disclosure of information

17   protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18   privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19   further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 23, and 25 to 28.

20   Subject to, and without waiving these Specific and General Objections, and only to the extent it

21   obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22   produce non-privileged documents responsive to this Request that are not the subject of an assertion

23   by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24   work product doctrine, or any other applicable privilege or protection.

25   **REQUEST FOR PRODUCTION NO. 25:**

26        All   COMMUNICATIONS   between   YOU   and   Maureen   Dorney   REGARDING

27   LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

28

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES TO OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1   OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED

2   MATERIALS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

4       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8   this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9   will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14  Friedberg further objects to this Request to the extent that it seeks disclosure of information

15  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 24, and 26 to 28.

18  Subject to, and without waiving these Specific and General Objections, and only to the extent it

19  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

20  produce non-privileged documents responsive to this Request that are not the subject of an assertion

21  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

22  work product doctrine, or any other applicable privilege or protection.

23

24

25

26

27

28

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSE TO OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-03050   Doc# 129-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 93
of 100

1   **REQUEST FOR PRODUCTION NO. 26:**

2       All COMMUNICATIONS between YOU and GCA Law Partners LLP REGARDING

3   LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

4   OTTO   TRUCKING,   OTTOMOTTO,   GOOGLE,   WAYMO,   or   the   MISAPPROPRIATED

5   MATERIALS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

7       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

8   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

9   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

10  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

11  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

12  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

13  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

14  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

15  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

16  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

17  Friedberg further objects to this Request to the extent that it seeks disclosure of information

18  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

19  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

20  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 25, 27, and 28.

21  Subject to, and without waiving these Specific and General Objections, and only to the extent it

22  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

23  produce non-privileged documents responsive to this Request that are not the subject of an assertion

24  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

25  work product doctrine, or any other applicable privilege or protection.

26  **REQUEST FOR PRODUCTION NO. 27:**

27      All COMMUNICATIONS between YOU and TYTO and/or ODIN WAVE, REGARDING

28  LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-03050   Document 129-5   Filed 02/24/21   Entered: 02/24/21 04:14:33   Page 94
of 100

1    OTTO   TRUCKING,   OTTOMOTTO,   GOOGLE,   WAYMO,   or   the   MISAPPROPRIATED

2    MATERIALS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

4           Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5    Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6    or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7    equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8    this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9    will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10   45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11   Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12   with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13   compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14   Friedberg further objects to this Request to the extent that it seeks disclosure of information

15   protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16   privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17   further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 26, and 28.  Subject

18   to, and without waiving these Specific and General Objections, and only to the extent it obtains the

19   express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce

20   non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz

21   Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work

22   product doctrine, or any other applicable privilege or protection.

23

24

25

26

27

28

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO LLC'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

Case 3:20-03050   Doc# 129-3   Filed: 02/24/26   Entered: 02/24/21 04:14:33   Page 95
of 100

1

**REQUEST FOR PRODUCTION NO. 28:**

2

All COMMUNICATIONS between YOU, on the one hand, and POUCH HOLDINGS,

3

DOGWOOD LEASING, and/or APPARATE INTERNATIONAL, on the other, REGARDING

4

LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

5

OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED

6

MATERIALS.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8

Stroz Friedberg objects to this Request to the extent that it seeks documents and information

9

Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

10

or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

11

equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

12

this Request as overly broad and unduly burdensome because it seeks "all" communications, which

13

will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

14

45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

15

Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

16

with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

17

compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

18

Friedberg further objects to this Request to the extent that it seeks disclosure of information

19

protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

20

privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

21

further objects to this Request as being duplicative of Request Nos. 9, 10, and 12 to 27.  Subject to,

22

and without waiving these Specific and General Objections, and only to the extent it obtains the

23

express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce

24

non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz

25

Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work

26

product doctrine, or any other applicable privilege or protection.

27

28

1  **REQUEST FOR PRODUCTION NO. 29**:

2      All invoices submitted to any DEFENDANT in connection with the March 4 Engagement Letter

3  (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to

4  Waymo's Motion to Compel, attached hereto as Exhibit D).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

6      Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10  this Request to the extent that it seeks disclosure of information protected by the attorney-client

11  privilege, the attorney work product doctrine, or any other applicable privilege or protection

12  belonging to Defendants or Third Persons.  Subject to, and without waiving these Specific and

13  General Objections, and only to the extent it obtains the express written permission of Defendants or

14  Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

15  Request that are not the subject of an assertion by Defendants or Third Persons as being protected by

16  the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

17  **REQUEST FOR PRODUCTION NO. 30**:

18      Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced

19  in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to

20  Waymo's Motion to Compel, attached hereto as Exhibit D).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

22      Stroz Friedberg objects to this Request to the extent that it seeks documents and information

23  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

24  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

25  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

26  this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to

27  the lead to the discovery of admissible evidence, including to the extent that it seeks "[a]ny"

28  materials which do not relate to any of the issues, claims, and defenses presented in the above-

1   captioned action.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure

2   of information protected by the attorney-client privilege, the attorney work product doctrine, the

3   constitutional or statutory right to privacy, or any other applicable privilege or protection belonging

4   Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of

5   Request Nos. 9, 10, 12, 13, and 14.  Subject to, and without waiving these Specific and General

6   Objections, and only to the extent it obtains the express written permission of Defendants or Third

7   Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

8   that are not the subject of an assertion by Defendants as being protected by the attorney-client

9   privilege, work product doctrine, or any other applicable privilege or protection.

10  **REQUEST FOR PRODUCTION NO. 31:**

11       DOCUMENTS sufficient to show any "original materials provided by Client or Uber or

12  Ottomotto, to Stroz Friedberg" that were destroyed by YOU pursuant to the "Return of Client Materials"

13  provision on page 4 of the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric

14  A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit

15  D).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

17       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

18  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

19  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

20  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

21  this Request to the extent that it seeks disclosure of information protected by the attorney-client

22  privilege, the attorney work product doctrine, or any other applicable privilege or protection

23  belonging Defendants or Third Persons.  Subject to, and without waiving these Specific and General

24  Objections, and only to the extent it obtains the express written permission of Defendants or Third

25  Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

26  that are not the subject of an assertion by Defendants or Third Persons as being protected by the

27  attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

28

NON-PARTY STROZ FRIEDBERG, LLC'S
RESPONSES AND OBJECTIONS TO WAYMO'S
SUBPOENA

CASE NO. 3: 17-CV-00939-WHA

1      DATED:  June 7, 2017                  KIRKLAND & ELLIS LLP

2

3                                       */s/ Robert B. Ellis, P.C.*

4                                       Robert B. Ellis, P.C. (*pro hac vice* forthcoming)

5                                       KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654

6                                       Telephone: (312) 862-2000
Facsimile: (312) 862-2200

7                                       Email: rellis@kirkland.com

8                                       Kevin K. Chang (SBN 292271)
KIRKLAND & ELLIS LLP

9                                       555 California Street
San Francisco, California  94104

10                                    Telephone: (415) 439-1400
Facsimile: (415) 439-1500

11                                    Email: kevin.chang@kirkland.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2017, I caused a true and correct copy of the foregoing NON-PARTY STROZ FRIEDBERG, LLC'S RESPONSES TO PLAINTIFF WAYMO, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION to be served via mail and electronic mail upon:

Charles K. Verhoeven
David A. Perlson
50 California Street, 22nd Floor
San Francisco, CA 94111
qewaymo@quinnemanuel.com

*/s/ Kevin K. Chang*
Kevin K. Chang

CERTIFICATE OF SERVICE

CASE NO. 3:17-cv-00939-WHA

1