# *EXHIBIT 83*

# *EXHIBIT 83*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

    Defendants.

No. C 17-00939 WHA

**ORDER MODIFYING PROTECTIVE ORDER**

Waymo sued Uber. We generated an extensive record, and the protective order has restricted use of that material to "this litigation." Yet our underlying facts spawned several other disputes, including the ongoing bankruptcy proceeding of Anthony Levandowski, who has worked for both parties. Uber seeks to amend our protective order so that it may review and perhaps use material from our record in the bankruptcy proceeding. To the following extent, it may do so.

Our court of appeals encourages avoiding wasteful duplicative discovery by using a record created in one case to aid resolution of another. "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy," a protective order should be amended to permit the collateral litigants' access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–32 (9th Cir. 2003). No one doubts that the bankruptcy court's protective order will suffice.

To prevent, however, a collateral litigant "from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding," we condition such modification of the protective order on a showing that our record "is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." Uber points to a substantial overlap in parties, witnesses, and issues between the proceedings, which Waymo does not dispute (Dkt. No. 2726 at 7–9). We

also consider the extent to which parties' reliance on the protective order induced their contribution to our record. Though where, as here, the protective order in question offered blanket protection, such reliance interests typically do not override the interests in amendment. Regardless, no party points to particular instances of reliance. *See id.* at 1132–33.

So, our protective order will hereby be modified to permit Uber to review our record for appropriate use in the bankruptcy proceeding. "[O]nce [a] district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." *Id.* at 1133. That is to say, no part of this amendment of the protective order actually gives Uber any right to *introduce* portions of our record into the bankruptcy record. Our entire record will not be relevant there. Waymo and third parties may object in the bankruptcy proceedings to the use of specific portions of their material. Uber may not introduce any protected material into the bankruptcy record or disclose such material to third parties, experts, or deponents (or anyone present at a deposition) without prior reasonable notice to all affected parties, including third parties, protected by our protective order and an opportunity for them to be heard in the bankruptcy court. And, this modification offers equal access to our record to all parties in the bankruptcy court.

During oral argument, it came out that Uber gave notice of this motion only to those third parties who appeared on our ECF docket, not to those third parties who produced documents or testimony without appearing on the ECF docket, yet might have done so in reliance on our protective order. This order does not apply to evidence provided by such parties. To the foregoing extent, then, the motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 22, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE