1  Debra I. Grassgreen (CA Bar No. 169978)
   Miriam Manning (CA Bar No. 178584)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone:   (415) 263-7000
4  Facsimile:   (415) 263-7010
   E-mail:      dgrassgreen@pszjlaw.com
5               mmanning@pszjlaw.com

6  David J. Bradford (admitted *pro hac vice*)
   Catherine Steege (admitted *pro hac vice*)
7  Terri L. Mascherin (admitted *pro hac vice*)
   Katharine Ciliberti (admitted *pro hac vice*)
8  JENNER & BLOCK LLP
   353 N. Clark St.
9  Chicago, IL 60654
   Telephone: (312) 222-9350
10 E-mail: dbradford@jenner.com
          csteege@jenner.com
11        tmascherin@jenner.com
          kciliberti@jenner.com
12
   *Attorneys for Defendant
13 Uber Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | |
| ANTHONY SCOTT LEVANDOWSKI, an individual, | Adv. Pro. No. 20-03050 (HLB) |
| Plaintiff, | **UBER TECHNOLOGIES INC.'S ADMINISTRATIVE MOTION TO FILE PARTIALLY REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE REBUTTAL EXPERT REPORTS AND TESTIMONY OF BENJAMIN ROSE AND JOSEPH SHAW AND TO FILE EXHIBIT A UNDER SEAL** |
| v. | |
| UBER TECHNOLOGIES, INC. | |
| Defendant. | |

Defendant Uber Technologies, Inc. ("**Uber**") hereby submits this administrative motion (the "**Administrative Motion**"), pursuant to section 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

1 **Rules**"), and Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local
2 Rule 1001-2(a)), for the entry of an order authorizing Uber to:
3     (a)    File a partially redacted *Motion to Strike or, in the Alternative, Motion in Limine to
4             Exclude Rebuttal Expert Reports and Testimony of Benjamin Rose and Joseph
5             Shaw* ("**Motion**") and
6     (b)    File Exhibit A to the supporting declaration of Katharine Ciliberti under seal.

This Administrative Motion has been served on counsel for the debtor, Anthony Levandowski (the "**Debtor**"), Google LLC, and all other parties who are registered through ECF.

## I.
## FACTS

On March 22, 2021, Mr. Levandowski served the expert report of Joseph Shaw and designated it Highly Confidential – Attorneys' Eyes Only. Dr. Shaw's report discusses issues related to whether certain technology used Google confidential information. Although Uber does not have any confidentiality interests in Exhibit A, because Mr. Levandowski has designated Dr. Shaw's report as such, Uber files this Administrative Motion to provisionally seal Exhibit A and to provide the Debtor and Google with an opportunity to file supporting declarations under Civil Local Rule 79-5(e)(1) establishing that the designated material is sealable.

## II.
## DISCUSSION

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other

confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

Uber seeks to provisionally seal Exhibit A to the supporting declaration of Katharine Ciliberti because it has been designated Highly Confidential – AEO by Mr. Levandowski and subject to the Protective Order entered in this proceeding. Uber takes no position on whether Exhibit A should be sealed from the public; however, Uber understands that the Debtor and/or Google may assert confidentiality interests in Exhibit A and thus seeks to provide them with an opportunity to file supporting declarations establishing their confidentiality interests pursuant to Civil Local Rule 79-5. In the meantime, Uber has redacted certain references to Exhibit A in its Motion and has provisionally filed Exhibit A under seal.

As the parties are aware, the Protective Order entered in this matter does not automatically entitle parties to file documents under seal, but it does recognize the parties' obligations to follow the procedures set forth in Civil Local Rule 79-5 when warranted. For the reasons describe above, Uber believes that the relief requested herein is an appropriate exercise of this Court's authority under both section 107 of the Bankruptcy Code and Local Rule 1002-2(a) and should be granted.

### III.

### CONCLUSION

For all of the foregoing reasons, the Uber respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order.

1 Respectfully Submitted,

2 Dated: March 29, 2021    PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Debra I. Grassgreen*
     Debra I. Grassgreen
     Miriam Manning

     and

     JENNER & BLOCK LLP
     David J. Bradford
     Catherine Steege
     Terri L. Mascherin
     Katharine Ciliberti

     *Attorneys for Uber Technologies, Inc.*