Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Katharine R. Ciliberti (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com
kciliberti@jenner.com

*Counsel for Uber Technologies, Inc.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case No. 20-30242 (HLB)<br>Chapter 11<br>Adv. Pro. No. 20-03050 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | **UBER TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE REBUTTAL EXPERT REPORTS AND TESTIMONY OF BENJAMIN ROSE AND JOSEPH SHAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: TBD (Pending Stipulation for OST)<br>Time: TBD<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>450 Golden Gate Ave.<br>Courtroom 19, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: TBD |

## I. INTRODUCTION

Defendant Uber Technologies, Inc. ("Uber") submitted two direct expert reports by the applicable deadline, but Plaintiff Anthony Levandowski did not. Instead, Mr. Levandowski submitted three reports a month later on the deadline for "rebuttal" expert reports, and couched each as a rebuttal expert report. Only one of those reports responds to an expert report submitted by Uber Technologies, Inc. ("Uber"). The other two, the reports of Joseph Shaw, Ph.D., and Benjamin Rose, do not address or respond to any expert report tendered by Uber, and therefore are not rebuttal reports and are thus untimely. Uber respectfully moves to strike these two rebuttal expert reports or, in the alternative, moves *in limine* to exclude the reports and the testimony of Dr. Shaw and Mr. Rose. As to Mr. Rose, Uber also moves on the basis that he relies on forensic images that Mr. Levandowski refused to produce in this case.

## II. BACKGROUND

This Court entered its Trial Scheduling Order on November 2, 2020. (Dkt. 81.) That Order distinguishes between "direct" experts and experts whose testimony is offered "solely to contradict or rebut evidence on the same subject matter identified by another party." (*Id.* at 9.) The Order refers to the latter category of experts as "rebuttal experts," and conditions their disclosure on Fed. R. Civ. P. 26(a)(2)(D)(ii). (*Id.*) The Scheduling Order set deadlines for Expert Reports & Disclosures, Supplemental Identity of Experts, and then deadlines for actual Direct Expert Reports & Disclosures and Rebuttal Expert Reports & Disclosures. As later amended, by Order Granting Joint Stipulation for Order Regarding Trial Scheduling Order (Dkt. 109), the Court set the deadline for disclosure of "direct" expert reports as February 22, 2021, and the deadline for disclosure of rebuttal expert reports as March 22, 2021. (Dkt. 109). These deadlines are important because they allow parties to conclude expert discovery early enough to then allow trial preparation immediately before trial.

On February 22, 2021, the deadline for direct expert reports, Uber served two expert reports: one by Melissa Bennis addressing valuation and damages issues, and one by J. Christian Gerdes, Ph.D., addressing certain trade secret issues relating to planner software. Mr. Levandowski did not serve any direct expert reports.

2

March 22, 2021 was the deadline for rebuttal expert reports. On that date, Mr. Levandowski served three reports, namely, the expert reports of Carl Saba, Joseph Shaw, and Benjamin Rose, and identified them as "rebuttal" reports. Mr. Saba's report responds in part to the expert report submitted by Ms. Bennis, Uber's valuation and damages expert.[1] The other two reports do not address any issues raised in either of Uber's two expert reports. Dr. Shaw's report focuses on whether Tyto LiDAR LLC's ("Tyto") ███████████████████████████████████████████████████████████████████████████████████████████████████████[2] Mr. Rose's report addresses the due diligence process that Stroz Friedberg LLC ("Stroz") performed in connection with Uber's acquisition of Mr. Levandowski's company Ottomotto LLC ("Otto").[3]

This Court's Trial Scheduling Order made clear that "[e]ach party must serve disclosures of experts and other documentary evidence [and] [a] party that intends to offer an expert solely to contradict or rebut evidence *on the same subject matter identified by another party* must serve the disclosures required by Rule 26(a)(2) within 28 days after the other party's disclosure. FRCP 26(a)(2)(D)(ii)." (Dkt. 81 at 9) (emphasis added). The plain language of the Court's Trial Scheduling Order makes clear that parties were to submit "direct" expert reports on issues that they sought to present in the case and that rebuttal reports were reserved specifically to *rebut* direct expert reports offered by another party—thus allowing each party an opportunity to fairly address the opinions expressed by the other party's experts. Because Mr. Levandowski did not disclose Dr. Shaw's and Mr. Rose's reports by the direct expert disclosure deadline, Uber is left without an avenue to properly rebut the opinions in those two experts' reports.[4] The Court's Order was not intended to foreclose a

---

[1] Although Uber does not move to strike Mr. Saba's rebuttal expert report, it maintains its objection that it was improper for Mr. Levandowski not to serve his damages expert report by the expert report deadline. Rather, Mr. Levandowski sat on the report and only provided it as rebuttal—thus depriving Uber of a proper avenue to rebut the valuation assessments in the report. Because the report is not untimely in its entirety, Uber seeks no relief with respect to Mr. Saba's report in this Motion, but reserves all objections to the report and to Mr. Saba's testimony.

[2] *See* Ex. A, Shaw Report, ¶¶ 47, 48, 82.

[3] *See* Ex. B, Rose Report, ¶ 3.

[4] Mr. Levandowski revealed his intent to offer an improper rebuttal report from Mr. Rose in February 2021, giving notice that he sought to provide Highly Confidential – AEO materials to Mr. Rose and requesting Uber's consent. Uber objected on the basis that Mr. Rose's report would not be proper rebuttal, because he would not be responding to any direct expert's report disclosed by Uber. (Ex. C,

3

party's ability to respond to other parties' expert disclosures. For the reasons set forth below, Dr. Shaw's and Mr. Rose's reports are improper reports, were not timely disclosed, and Uber respectfully requests that the Court strike those reports or, in the alternative, enter an order *in limine* excluding the testimony of Dr. Shaw and Mr. Rose.

### III. ARGUMENT

#### A. Rebuttal Experts Must Solely Contradict or Rebut Other Experts' Opinions.

The Federal Rules of Civil Procedure distinguish between direct experts and rebuttal experts. Disclosures by direct experts are addressed in Fed. R. Civ. P. 26(a)(2)(B) and (C). Rebuttal experts are addressed in Fed. R. Civ. P. 26(a)(2)(D)(ii). The latter Rule provides for the disclosure of experts who will give evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii) *incorporated via* Fed. R. Bankr. P. 7026. Thus, a rebuttal expert must respond to a disclosure by an expert identified under the Rules by another party.

Consistent with the plain language of Rule 26(a)(2)(D)(ii), courts narrowly restrict rebuttal experts to testimony that "solely [] contradict[s] or rebut[s]" the other party's experts' opinions. Fed. R. Civ. P. 26(a)(2)(D)(ii). "Supplemental or rebuttal experts . . . must restrict their testimony to attacking the theories offered by the adversary's experts." *Abdo v. Fitzsimmons*, No. 17-cv-00851, 2020 WL 4051299, at *2 (N.D. Cal. July 20, 2020). A party's "rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, No. C-03-20326, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995); *see also People v. Kinder Morgan Energy Partners L.P.*, 159 F. Supp. 3d 1182, 1191 (S.D. Cal. 2016) (excluding untimely expert report where the rebuttal expert's opinion and testimony "do not solely contradict or rebut" the other party's expert opinions) (quoting Fed. R.

---

Feb. 26, 2021 K. Ciliberti Email; *see also* K. Ciliberti Decl. ¶¶ 3-4.) At that time the parties met and conferred, and were not able to reach agreement regarding Uber's objection. (K. Ciliberti Decl. ¶ 5.) Concerned that it might be left unable to address the issues that Mr. Rose might raise in any "rebuttal report," and without waiving its rights, Uber submitted an expert report on March 22, 2021 by Robert DeCicco, which addresses Stroz's forensic due diligence process. (*Id.* ¶ 6.) If the court strikes Mr. Rose's report and bars him from testifying, Uber would agree not to seek to present Mr. DeCicco's testimony.

4

Civ. P. 26(a)(2)(D)(ii)); *Vu v. McNeil-PPC, Inc.*, No. CV 09-1656, 2010 WL 2179882, at *4 (C.D. Cal. May 7, 2010) (holding the defendant was "not entitled to offer . . . [an] expert opinion to rebut . . . [a] non-existent expert report").

*Abdo* illustrates this well-established principle. In *Abdo*, after parties disclosed direct expert reports, the defendants tried to submit an affirmative expert report under the guise of a rebuttal report. Plaintiffs moved to strike, arguing that the "Rebuttal Report does not rebut or respond to [the plaintiff's expert's] affirmative report." 2020 WL 4051299, at *3. The court agreed and excluded the rebuttal report, holding that "[s]upplemental or rebuttal experts . . . must restrict their testimony to attacking the theories offered by the adversary's experts." *Id.* at *2. The court found that the defendants' rebuttal report did not rebut the plaintiffs' expert's report, but merely served to advance defendants' "defense . . . to a core allegation of Plaintiffs' case-in-chief." *Id.* at *3. "If a rebuttal expert's testimony is offered . . . to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one." *Id. Accord Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744, 2015 WL 3509384, *2, *4 (N.D. Cal. June 3, 2015) (finding "Defendants attempted to sandbag Plaintiff" by submitting an improper rebuttal report on a central issue in the case and holding that this "runs afoul of the purpose and plain language of Rule 26").

### B. Mr. Rose's Report Is Not a Proper Rebuttal Expert Report and Was Not Timely Disclosed.

Mr. Rose's report is not rebuttal because he is not responding to any expert report submitted by Uber, and Mr. Levandowski did not timely submit his report by the February 22, 2021 deadline for reports of direct experts. Mr. Rose's purported "rebuttal" expert report offers affirmative expert opinions on Stroz's due diligence process to support Mr. Levandowski's claims for indemnification. Uber did not submit a direct expert report on the Stroz process, and Mr. Rose's report does not respond to any expert opinions offered by either of the direct experts disclosed by Uber. Rather, the report purports to respond to a *defense* asserted by Uber—that Mr. Levandowski did not properly disclose Tyto to Stroz during Stroz's due diligence and, therefore, his claim for indemnification for

5

DOCS_SF:105299.1 85647/001
Case: 20-03050    Doc# 204    Filed: 03/29/21    Entered: 03/29/21 22:37:40    Page 5 of 8

his Tyto misconduct is an Excluded Claim.[5] As the court held in *Abdo*, "If a rebuttal expert's testimony is offered . . . *to contradict an expected and anticipated portion of the other party's case-in-chief,* then the witness is not a rebuttal witness or anything close to one." 2020 WL 4051299, at *3 (emphasis added); *see also Clear-View Techs.*, 2015 WL 3509384, *2, *4. A party cannot "offer . . . [an] expert opinion to rebut . . . [a] non-existent expert report." *Vu*, 2010 WL 2179882, at *4. Whether Mr. Levandowski properly disclosed his role in Tyto during Stroz's due diligence process is a central and known issue in this case,[6] and Mr. Levandowski cannot use a rebuttal witness to "contradict an expected and anticipated portion of the other party's" case. *Abdo*, 2020 WL 4051299, at *3. Mr. Levandowski failed to submit Mr. Rose's report by the deadline for disclosure of direct expert reports, and it is therefore not timely. For these reasons, the Court should strike Mr. Rose's report as improper and untimely.

Mr. Rose's report is problematic and should be stricken for another reason—it relies on evidence not produced in this case. Mr. Rose's analysis is premised on his review of forensic images of Mr. Levandowski's devices and accounts that Mr. Levandowski provided to Stroz in 2016.[7] Those forensic images have not been produced by Mr. Levandowski in this case. Moreover, when Uber's counsel requested consent from Mr. Levandowski to conduct searches on copies of those forensic images which had been retained by Stroz, his counsel refused to agree to permit Uber to search those images, claiming that they contain Mr. Levandowski's privileged and personal information. (Ex. D, Dec. 15, 2020 H. Vu Email; *see also* K. Ciliberti Decl. ¶ 7.) Mr. Levandowski cannot both refuse to make those images available to Uber (or allow Uber to search other copies of them) and also rely on Mr. Rose's review of those images—this presents a classic sword and shield problem. *See Worley v. Avanquest N. Am. Inc.*, No. C 12-04391, 2013 WL 6576732, at *5 (N.D. Cal. Dec. 13, 2013) (finding it "unfair to allow a party to use expert testimony as both a sword and a shield"). For this additional reason, Uber respectfully moves to strike Mr. Rose's expert rebuttal report.

---

[5] Ex. B, Rose Report, ¶¶ 39-42

[6] *See, e.g.,* Dkt. 63, Answer ¶¶ 71,106-107, 109; Affirmative Defense Nos. 5, 9; Counterclaim IV.

[7] Ex. B, Rose Report, ¶ 28.

6

**C. Dr. Shaw's Report Is Not a Proper Rebuttal Expert Report and Was Not Timely Disclosed.**

Dr. Shaw's report suffers from the same deficiency as Mr. Rose's—it is both untimely and improper rebuttal. Dr. Shaw submitted a report on issues relating to whether Tyto's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[8] Uber contends that, although it did not know it at the time, Tyto's fiber laser technology did incorporate Google confidential information (as communicated to Tyto by Mr. Levandowski) and that Mr. Levandowski caused that Google confidential information to be transferred to Otto on May 5, 2016.[9] Uber contends that this transfer constituted the commission of a "Post-Signing Bad Act" by Mr. Levandowski, within the meaning of the Indemnification Agreement and, per the agreed terms of the Indemnification Agreement, nullifies the Indemnification Agreement as to Mr. Levandowski. Dr. Shaw's report quotes Uber's explanation of this Post-Signing Bad Act, as first set forth in Uber's Responses to Mr. Levandowski's First Set of Interrogatories, served on October 20, 2020—over five months before the date of the report.[10]

Uber did not submit an expert report on this topic,[11] and Mr. Levandowski cannot offer an expert opinion to rebut a non-existent expert report. *See Vu*, 2010 WL 2179882, at *4. Mr. Levandowski failed to submit Dr. Shaw's report by the deadline for disclosure of direct expert reports, and it is therefore not timely. For these reasons, Uber requests that the court strike Dr. Shaw's expert report.

///
///
///
///
///
///

---

[8] Ex. A, Shaw Report, ¶¶ 47, 48, 82.

[9] *See* Uber's Responses to Plaintiffs' First Set of Interrogs., dated Oct. 20, 2020.

[10] Ex. A, Shaw Report, ¶ 97 (quoting Uber Responses to Plaintiff's First Set of Interrogs. at 13:13-17, dated Oct. 20, 2020). Uber supplemented this response on Jan. 18, 2021, and again on Feb. 22, 2021.

[11] Dr. Gerdes' report addresses confidential information related to different technology, namely, planner software.

7

## IV. CONCLUSION

Mr. Levandowski's submission of reports by Mr. Rose and Dr. Shaw as rebuttal reports is improper. For all of the foregoing reasons, Uber respectfully requests that the Court strike Mr. Rose's and Dr. Shaw's expert reports or, in the alternative, enter an order *in limine* excluding their testimony at trial.

Dated: March 29, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Miriam Manning

—and—

JENNER & BLOCK LLP
David J. Bradford
Catherine Steege
Terri L. Mascherin
Katharine R. Ciliberti

*Counsel for Uber Technologies, Inc.*