THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
JOHN W. BERRY (State Bar No. 295760)
john.berry@mto.com
ALEXANDER S. GORIN (State Bar No. 326235)
alex.gorin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

RACHAEL E. MENY (State Bar No. 178514)
rmeny@keker.com
THOMAS E. GORMAN (State Bar No. 279409)
tgorman@keker.com
KEKER, VAN NEST & PETERS LLC
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel |
| ANTHONY SCOTT LEVANDOWSKI,<br><br>Plaintiff,<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Adv. Proceeding No. 20-03050<br><br>**DECLARATION OF JOHN W. BERRY IN PARTIAL SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC.'S AMENDED OMNIBUS MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5** |

I, John W. Berry, hereby declare:

1. I am a partner at the law firm of Munger, Tolles & Olson LLP and counsel of record for Google LLC ("Google") in the above-captioned matter. I am admitted to practice before all of the courts of the State of California and this Court. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein

2. Pursuant to Civil Local Rules 79-5(d), I submit this declaration in partial support of Defendant Uber Technologies, Inc.'s Amended Omnibus Administrative Motion to File Partially Redacted Oppositions to Plaintiff's Motions for Summary Judgment, to File Exhibits Under Seal, and File Amended Omnibus Declaration. Dkt. No. 161.

3. Google requests that Exhibit 1 to the Amended Omnibus Declaration of Katherine Ciliberti in Support of Uber Technologies, Inc.'s Oppositions to Plaintiff's Motions for Partial Summary Judgment ("Ciliberti Declaration") be filed under seal. Exhibit 1 is a redacted version of the Arbitration Award, dated *nunc pro tunc* December 6, 2019 (the "Arbitration Award"). *See* Dkt. No. 182-1. It was produced in discovery as "Highly Confidential - Attorney Eyes' Only" under the Protective Order governing this litigation. It also contains unredacted information that the Court has previously ordered can be sealed in this litigation. *See* Dkt. No. 66 (granting Uber's motion to file a version of the Arbitration Award attached to its answer where all of the pages were redacted except for the cover page); Dkt. No. 159 at 5:3-6 ("the court can (and will) seal the portion of the record of trial involving any discussion of the Award, consistent with its prior orders sealing the Award when submitted in support of pleadings filed in this action"); *see also generally* Dkt. No. 159 at 5:3-15, 6:7-12. Indeed, this largely unredacted version of the Arbitration Award contains substantial amounts of confidential and highly confidential information that was produced during an arbitration, pursuant to the arbitration protective order that protects both the information produced and the Award's descriptions of "information … extracted from PROTECTED INFORMATION" and "excerpts" and "summaries … of PROTECTED INFORMATION." Arb. Prot. Order at §§ I(A)(1), (A)(5); *see also* Dkt. No. 42 (protective order).

4. Moreover, Exhibit 1 contains substantial amounts of confidential and highly confidential information from Google, Mr. Levandowski, Uber and third parties, including confidential and non-public information regarding employment and compensation information of third-party Google employees, Mr. Levandowski's employment, compensation and finances, Google's compensation practices and bonus plans, Google's acquisitions, technical specifications of technology acquired in an acquisition and financial and technical information regarding third parties. This is all information that Google treats as confidential, or has been produced to Google as confidential by third parties, and is information that is confidential. Sealing of this type of information is thus justified under either the "good cause" or "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In addition, Google notes that a redacted version of the Arbitration Award has already been publicly filed. *See* Dkt. No. 16-1 (redacted version of Arbitration Award). Exhibit 1, however, reveals text that was redacted in that public, redacted version of the Arbitration Award. Thus, because a public version of the Arbitration Award is already on this proceeding's public docket, Google believes that Exhibit 1 (which reveals Google proprietary information) should remain under seal or, if a version of Exhibit 1 is publicly filed, that public version should have the same redactions as those found in the redacted version of the Arbitration Award that is on the public docket at Dkt. No. 16-1.

5. Google requests that Exhibit 6 to the Ciliberti Declaration be sealed. Exhibit 6 is the Settlement Agreement in *Waymo LLC v. Uber Techs., Inc.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.) (the "Waymo Litigation"), dated February 8, 2018 (GOOG-CHFR-00023976). Dkt. No. 182-3. The Settlement Agreement is confidential by its own terms, was and is treated as confidential by the parties and is sensitive for business reasons. Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC. Also, the Court has already permitted the sealing of the Settlement Agreement and documents discussing its terms. *See* Dkt. No. 28 (granting motion to redact settlement related information in Uber's opposition to Google's motion to intervene); Dkt. No. 32 (same, in Google's reply in support of its motion to intervene); Dkt. No. 44 (same, in Uber's amended answer); Dkt. No. 156 (ordering references to and descriptions and quotations of Settlement Agreement to be filed under seal); *see also* Dkt. No.

-2-
DECLARATION OF JOHN W. BERRY IN PART OF SUPPORT OF DEFENDANT
UBER TECHNOLOGIES, INC.'S AMENDED OMNIBUS MOTION TO SEAL

76 (seeking to file the Settlement Agreement under seal)). Google believes sealing Exhibit 6 in its entirety is consistent with the Court's prior sealing orders.

6. Google requests that Exhibit 7 to the Ciliberti Declaration be sealed  Exhibit 7 is a Non-Competition and Non-Solicitation Agreement by Anthony Levandowski for Anthony's Robots in favor and for the benefit of Google, Inc., dated July 28, 2011 (AL-UBER0077951). Dkt. No. 182-4. Exhibit 7 contains contractual terms that are non-public, confidential business information. Disclosure of this information would cause competitive harm to Google's business interests and disadvantage Google in future employment and acquisition negotiations. Because of the nature of the agreement, Google requests that Exhibit 7 be sealed in its entirety. Sealing of this type of information is thus justified under either the "good cause" or "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180.

7. Google requests Exhibit 8 to the Ciliberti Declaration be sealed.  Exhibit 8 is a Non-Competition and Non-Solicitation Agreement by Pierre-Yves Droz for 510 Systems in favor and for the benefit of Google Inc., dated July 28, 2011 (AL-UBER0077951). Dkt. No. 182-5. Like Exhibit 7, Exhibit 8 contains contractual terms that are non-public, confidential business information. Disclosure of this information would cause competitive harm to Google's business interests and disadvantage Google in future employment and acquisition negotiations. Because of the nature of the agreement, Google requests that Exhibit 8 be sealed in its entirety. Sealing of this type of information is thus justified under either the "good cause" or "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180.

8. Google requests that Exhibit 9 to the Ciliberti Declaration be sealed.  Exhibit 9 is Anthony Levandowski's Employment Agreement with Google, dated January 1, 2012, previously marked in the Google Arbitration as TX 120 (GOOG-ALBK1-00012910). Dkt. No. 182-6. Exhibit 9 discusses in detail the compensation structure and confidential employment terms Google offered to Anthony Levandowski when he was hired in 2012. Disclosure of these terms would disadvantage Google in future efforts to recruit and retain employees. Exhibit 9 also includes details of Google's Chauffeur Bonus Plan. Information about the details and structure of Google's Chauffeur Bonus Plan are confidential and proprietary.  Disclosure of this information would

cause competitive harm to Google's business interests, advantage Google's competitors. Because of the nature of the agreement, Google requests that Exhibit 9 be sealed in its entirety. Sealing of this type of information is thus justified under either the "good cause" or "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180.

9. Google requests that Exhibit 43 to the Ciliberti Declaration be sealed. Exhibit 43 is an email chain from with a draft of the Settlement Agreement, dated February 4, 2018 (Uber-AL_00005059). Dkt. No. 182-35. Google has already sought, and the Court has approved, sealing information related to the settlement negotiations, which are subject to a confidentiality agreement. *See* Dkt. No. 186 (granting Google's request to seal exhibits describing settlement negotiations). Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC. Moreover, the Court has already permitted the sealing of the Settlement Agreement itself, as well as documents discussing its terms. *See* Dkt. No. 28 (granting motion to redact settlement related information in Uber's opposition to Google's motion to intervene); Dkt. No. 32 (same, in Google's reply in support of its motion to intervene); Dkt. No. 44 (same, in Uber's amended answer); Dkt. No. 156 (ordering references to and descriptions and quotations of Settlement Agreement to be filed under seal); *see also* Dkt. No. 76 (seeking to file the Settlement Agreement under seal). The Settlement Agreement and the related settlement negotiations were subject to a confidentiality agreement, were and are treated as confidential by the parties and are sensitive for business reasons. Google believes sealing Exhibit 6 in its entirety is consistent with the Court's prior seal orders.

10. Google requests that Exhibit 44 to the Ciliberti Declaration be sealed. Exhibit 44 to the Ciliberti Declaration is an email chain, with a draft of the Settlement Agreement, dated February 5, 2018 (UBER-AL_00000799). Dkt. No. 182-36. Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC. Exhibit 44 contains confidential settlement negotiation information and should be sealed in its entirety for the reasons described above, *see supra* ¶ 9.

11. Google requests that Exhibit 45 to the Ciliberti Declaration be sealed. Exhibit 45 to the Ciliberti Declaration is an email chain, with a draft settlement agreement attached, dated

-4-
DECLARATION OF JOHN W. BERRY IN PARTIAL SUPPORT OF DEFENDANT
UBER TECHNOLOGIES, INC.'S AMENDED OMNIBUS MOTION TO SEAL

Case: 20-03050    Doc# 216    Filed: 03/29/21    Entered: 03/29/21 23:58:55    Page 5 of 8

February 5, 2018 (UBER-AL_00000799). (Dkt. No. 182-37). Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC. Exhibit 45 contains confidential settlement negotiation information and should be sealed in its entirety for the reasons described above, *see supra* ¶ 9.

12. Google requests that Exhibit 46 to the Ciliberti Declaration be sealed. Exhibit 46 is Uber Technologies, Inc. Series G-2 Preferred Stock Issuance Agreement, dated March 9, 2018 (UBER-AL00000230). Dkt. No. 182-38. Exhibit 46 contains the specific, non-public terms of a stock issuance made by Uber as part of the Settlement Agreement. Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC. As discussed above, *supra* ¶ 5, the terms of the Settlement Agreement are confidential under the terms of the settlement itself and so Uber and non-party Waymo have sought to seal documents containing those terms. Also, the Court has already permitted the sealing of the Settlement Agreement and documents discussing or revealing its terms, as this document does. *See supra* ¶ 5. Google believes sealing Exhibit 6 in its entirety is consistent with the Court's prior sealing orders.

13. Google requests that Exhibit 50 to the Ciliberti Declaration be sealed. Exhibit 50 is a one-page wire transfer from Uber to counsel for Google, dated February 7, 2020 (UBER-AL-00003045). *See* Dkt. No. 182-41. Uber has also requested to seal this document in its entirety (*see* Dkt. No. 161 at 4-5). Exhibit 50 does not contain Google information, but does contain highly sensitive bank account information and details for Google's counsel, Keker, Van Nest, & Peters LLP. The disclosure of these details could result in financial harm to Keker, Van Nest, & Peters LLP. Redacting the confidential information in Exhibit 50 about Google's counsel's bank account information is therefore appropriate. Sealing of this type of information is thus justified under either the "good cause" or "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180.

14. Google requests that deposition transcript pages 34 and 35 of Exhibit 65 to the Ciliberti Declaration be sealed. Exhibit 65 to the Ciliberti Declaration is a copy of excerpts from the deposition transcript of Uber's Rule 30(b)(6) witness, Cameron Poetzscher, dated January 26, 2021. *See* Dkt. No. 182-56. Pages 34 and 35 of Exhibit 65 contains confidential settlement negotiation information and should be sealed for the reasons described above, *see supra* ¶ 9.

-5-
DECLARATION OF JOHN W. BERRY IN PART OF SUPPORT OF DEFENDANT
UBER TECHNOLOGIES, INC.'S AMENDED OMNIBUS MOTION TO SEAL

Case: 20-03050    Doc#: 216    Filed: 03/29/21    Entered: 03/29/21 23:58:55    Page 6 of 8

1 Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo

2 LLC. And the Court has already sealed the page immediately preceding the portion of Mr.

3 Poetzscher deposition that Google, Uber, and Waymo LLC seek to have sealed here. *See* Dkt. No.

4 186 (granting Google's request to seal Dkt. No. 163-3).

5     15. Google requests that Exhibit 72 to the Ciliberti Declaration be redacted and the

6 unredacted version of Exhibit 72 be filed under seal. Exhibit 72 is a copy of "excerpts from the

7 hearing in the Google Arbitration of testimony from Chelsea Bailey, John Hartog, James Haslim,

8 Brent Schwarz, and Ognen Stojanovski, dated May 1, 2018, May 3, 2018 and May 8, 2018." *See*

9 Dkt. No. 182-63. Exhibit 72 contains sensitive internal details about Google's personnel for its

10 self-driving car development effort. Public disclosure of this material could cause competitive

11 harm to Google by revealing business strategies and internal analysis. Sealing of this type of

12 information is thus justified under either the "good cause" or "compelling reasons"

13 standard. *Kamakana*, 447 F.3d at 1180.

14     16. Google requests that Exhibit 73 to the Ciliberti Declaration be sealed. Exhibit 73 is

15 the declaration of Mary Fulginiti Genow, dated March 17, 2021, including exhibits A-K. *See* Dkt.

16 No. 181-64. Exhibit 73 and its accompanying exhibits contain a significant amount of Google

17 confidential and personal information about Google's current and former employees. These

18 materials also contain confidential business information about Project Chauffeur. The exhibits to

19 Exhibit 73 contain materials created during Stroz Friedberg LLP's due diligence of Anthony

20 Levandowski in 2016. Materials related to this "pre-transaction due diligence into Mr.

21 Levandowski by Uber" have already been approved to be sealed by this court. *See* Dkt. No. 153 at

22 10 (granting motion to seal with respect to the "Third Tranche" of Stroz-related documents).

23     17. Google requests that Exhibit 74 to the Ciliberti Declaration be sealed. Exhibit 74 is

24 the declaration of Tony West, dated March 18, 2021, including an exhibit that includes a draft

25 Settlement Agreement and an email discussing the settlement negotiations. *See* Dkt. No. 182-65.

26 Exhibit 74 contains details related to settlement negotiations that were treated as confidential by

27 the parties, and should be sealed for the reasons set forth above, *see supra* ¶ 9. Uber has also

28 requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC.

18. Google requests that Exhibit 75 to the Ciliberti Declaration be sealed. Exhibit 75 to the Ciliberti Declaration is the declaration of Robert Wu, dated March 18, 2021. (Dkt. No. 182-66). Exhibit 75 contains details of the Settlement Agreement that are treated as confidential by the parties, and should be sealed for the reasons set forth above, *see supra* ¶ 5. Uber has also requested to seal this document (*see* Dkt. No. 161 at 4-5), as does non-party Waymo LLC.

19. As outlined above, Google seeks to redact Exhibit 72 rather than seal it in its entirety. Concurrently with this declaration, Google will submit for the Court's consideration a partially redacted version of Exhibit 72 under seal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 29th day of March, 2021, at Los Angeles, California.

          */s/ John W. Berry*
          John W. Berry

-7-
DECLARATION OF JOHN W. BERRY IN PARTIAL SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC.'S AMENDED OMNIBUS MOTION TO SEAL

Case: 20-03050    Doc#: 216    Filed: 03/29/21    Entered: 03/29/21 23:58:55    Page 8 of 8