
Entered on Docket
April 01, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: April 1, 2021

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>ANTHONY SCOTT LEVANDOWSKI,<br>        Debtor. | Case No. 20-30242 HLB<br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI,<br>        Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC.,<br>        Defendant. | Adv. Proc. No. 20-3050 HLB |

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART UBER TECHNOLOGIES, INC.'S MOTION TO FILE REDACTED/SEALED DOCUMENTS**

This case comes before the court on Defendant Uber Technologies, Inc.'s Amended Omnibus Administrative Motion to File Partially Redacted Oppositions to Plaintiff's Motions for Summary Judgment, to File Exhibits Under Seal, and to File Amended Omnibus Declaration.[1]  The Motion asks the court for permission to file:  (a) partially redacted oppositions[2] to three motions for partial summary judgment filed by Plaintiff/Debtor

---

[1] Dkt. 161 (the "Motion").

[2] Dkts. 148, 149, and 150 (the "Oppositions").

Anthony Levandowski[3]; (b) certain exhibits under seal[4]; and (c) an amended omnibus declaration in support of the Oppositions.[5] The court will first address Uber's Motion's request for permission to file exhibits under seal, because that will inform the court's ruling on the Motion's request to file redacted Oppositions.

Uber affirmatively requests permission to file the following exhibits under seal: U-1, U-6, U-43, U-44, U-45, U-46, U-50, U-65 (pp. 34-35 only), U-74, U-75, U-81, U-86, U-87, and U-88. Most of these exhibits, specifically U-1, U-6, U-33, U-43, U-44, U-45, U-46, U-50, U-65 (pp. 34-35 only), U-74, U-75, U-81, U-86, and U-87 should be sealed pursuant to prior court orders.[6] Exhibit U-88 should be sealed for the reasons expressed in the Motion.[7]

Uber's Oppositions introduce many, many other exhibits, as to which Uber takes no position concerning their filing under seal or in redacted form. These include exhibits U-7, U-8, U-9, U-10, U-11, U-12, U-13, U-14, U-15, U-16, U-17, U-19, U-20, U-21, U-22, U-26, U-27, U-29, U-30, U-31, U-34, U-35, U-36, U-37, U-38, U-39, U-40, U-42, U-47, U-48, U-52, U-53, U-54, U-55, U-56, U-57, U-58, U-59, U-60, U-61, U-62, U-63, U-64, U-65, U-66, U-67, U-68, U-69, U-70, U-71, U-72, U-73, U-83, U-84, and U-85. Uber's

---

[3] Dkts. 118, 120, and 122.

[4] Dkts. 181 and 182.

[5] The court granted item (c) in a Docket Text Order issued March 25, 2021 and Uber filed its amended omnibus declaration on March 26, 2021 (Dkt. 181).

[6] Dkts. 28, 44, 58, 95.

[7] Motion (Dkt. 161) at 6:13, 17-25.

Motion mentions these exhibits because Mr. Levandowski, Google LLC, or some other third party designated them or information they contain as confidential under protective orders issued in this proceeding or in other litigation relevant to this action. The Motion suggests that those orders obligated Uber to take reasonable measures to avoid public disclosure of such material.

As required by Civil L.R. 79-5(e), Google[8], Waymo LLC[9], and third parties[10] Tyto LiDAR LLC, Sandstone Group LLC, Mr. Ognen Stojanovski, and Mr. Brent Schwarz[11] have filed declarations in support of the filing of certain of Uber's exhibits under seal or in redacted form. Google and Waymo ask that the court permit Uber to file the following exhibits under seal: U-1, U-6, U-7, U-8, U-9, U-43, U-44, U-45, U-46, U-50, U-65 (pp. 34-35 only), U-73, U-74, U-75, U-86, and U-87. Google also asks that the court permit the filing of Uber's exhibit U-72 in redacted form, and Google has submitted a copy of exhibit U-72 that includes its proposed redactions for the court's in camera review.[12] The Third Parties ask the court to authorize Uber to file the following exhibits under seal, or at least in redacted form: U-10, U-12, U-13, U-14, U-16, U-17, U-19, and U-20.

---

[8] Dkt. 213.

[9] Dkt. 211.

[10] Dkt. 235.

[11] The court will refer to Mr. Stojanovski, Mr. Schwarz, Tyto LiDAR LLC, and Sandstone Group LLC as the "Third Parties".

[12] Dkt. 222.

On March 30, 2021, Mr. Lior Ron, a party to litigation in which some of the documents referenced in the Motion were produced, also apparently filed a Civil L.R. 79-5(e) declaration to weigh in on Uber's filing of certain exhibits under seal or in redacted form,[13] but for some reason unknown to the court, that declaration was not properly docketed until after the entry of the court's original order on the Motion on April 1, 2021.[14] In his declaration, Mr. Ron asks the court to seal Exhibit U-1. Even though the court was not aware of it until after the original order was issued, the original order nonetheless appears to have addressed Mr. Ron's concerns. This amended order, therefore, reflects the correction on the docket to properly acknowledge Mr. Ron's declaration, but is otherwise substantively the same.

Federal common law provides a right of public access to judicial records.[15] This right assumes special importance in bankruptcy because "unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."[16]

Consistent with this principle, section 107[17] provides that all papers filed in a bankruptcy case or related proceeding are

---

[13] Dkt. 244.

[14] Dkt. 242.

[15] In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 (1978)).

[16] Id.

[17] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code", and all citations to a

public records except where redaction is necessary for the following purposes: to "(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information," or to "(2) protect a person with respect to scandalous or defamatory matter."[18] Redaction to prevent "undue risk of identity theft or other unlawful injury" is also appropriate.[19]

In the Ninth Circuit, this statutory framework supplants the common law principles applicable outside the bankruptcy courts and must be narrowly construed.[20] Even if section 107(b) or (c) apply, redactions must be tailored to the statutory justification; sealing documents in their entirety is disfavored.[21]

The party seeking permission to file documents under seal or in redacted form bears the burden of providing the court with "specific factual and legal authority demonstrating that a particular document as issue is properly classified" as

---

"Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[18] Section 107(a) and (b).

[19] Section 107(c).

[20] In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 431 (9th Cir. 2011) (holding that common law principles are preempted by section 107); In re Khan, 2013 WL 6645436, *3 (B.A.P. 9th Cir. Dec. 17, 2013) (citing Crawford, 194 F.3d at 960 n. 8).

[21] In re Motors Liquidation Co., 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016); In re Rivera, 524 B.R. 438, 445 (Bankr. D.P.R. 2015) (quoting In re Borders Group, Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011)) ("[t]he policy favoring access supports making public as much information as possible while still preserving confidentiality of protectable information").

protectable under section 107.[22]  "[I]t is firmly established that '[e]vidence – not just argument – is required to support the extraordinary remedy of sealing.'"[23]

As previously indicated, Uber's Motion correctly states that the court has previously entered orders approving the filing of certain of its exhibits under seal.  The court will adhere to its prior orders and will grant the Motion to the extent it requests permission to file the following exhibits under seal:  U-1, U-6, U-33, U-43, U-44, U-45, U-46, U-50, U-65 (pp. 34-35 only), U-74, U-75, U-81, U-86, and U-87.  Also as previously stated, the court agrees that Uber's exhibit U-88 should be filed under seal.

Google and Waymo join the Motion as to most of the foregoing exhibits.  The only exhibits they add to the mix are U-7, U-8, U-9, and U-73, which Google asks the court to seal, and U-72, as to which Google asks the court to permit its filing in redacted form.

The court agrees that exhibits U-7, U-8, and U-9 should be sealed, as these documents contain commercial information that section 107 was designed to protect.  The court also agrees that exhibit U-72 should be file with the minimal, well-reasoned redactions that Google proposes.

Google's request that the court approve exhibit U-73 for filing under seal in its entirety is far more problematic. Exhibit U-73 consists of the Declaration of Ms. Mary Fulginiti Genow and its 11 accompanying exhibits (a total of 202 pages),

---

[22] In re Anthracite Cap., Inc., 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013).

[23] In re Gibbs, 2017 WL 6506324, *2 (Bankr. D. Haw. Dec. 19, 2017) (quoting Motors Liquidation, 561 B.R. at 43).

one or more of which duplicate other exhibits referenced in the Motion.

Google argues that the Genow Declaration and its exhibits "contain a significant amount of Google confidential and personal information about Google's current and former employees," as well as "confidential business information about Project Chauffeur." Google also notes that the court has already approved the filing under seal of information "related to" the subject matter of some information in exhibit U-73, but does not say whether any of the specific documents or information included in exhibit U-73 have already been filed under seal, pursuant to prior court order.[24] Google also neglects to explain why Uber's proposed redactions of the Genow Declaration are insufficient to satisfy its concerns.

Having carefully reviewed the Genow Declaration and its attached exhibits A – K (Uber exhibit U-73), the court respectfully declines to permit the filing of exhibit U-73 under seal in its entirety. Uber's proposed redactions to the Genow Declaration are sufficient to address Google's concerns. As to the specific exhibits attached to the Genow Declaration, the court concludes as follows:

<u>Exhibit A</u> (also exhibit U-29): This document is a contract to which Google is not a party, and it does not contain sensitive commercial information. The court declines to seal this document.

---

[24] Given that Google bears the burden of establishing grounds for filing the documents to which it refers under seal or in redacted form, Google should have directed the court to the specific orders that justify the relief it requests.

Exhibit B: The court agrees that this document contains a substantial amount of sensitive commercial information and should be filed under seal.

Exhibit C: The court agrees that this document should be filed under seal, as it contains much of the raw data on which Exhibit B appears to have been based.

Exhibit D: The court does not believe that this document needs to be filed under seal, as it does not contain information of the type section 107 is intended to protect.

Exhibit E: The court agrees that this document should be sealed, as it contains much of the raw data upon which Exhibit B appears to have been based.

Exhibit F: The court agrees that this document should be sealed, as it contains much of the raw data upon which Exhibit B appears to have been based.

Exhibit G: The court agrees that this document should be sealed, as it contains an outline of information incorporated into what appears to have become Exhibit B.

Exhibit H: The court agrees that this document should be sealed, as it consists of what amounts to a rough draft of what appears to have become Exhibit B.

Exhibit I: The court agrees that this document should be sealed, as it sets forth notes and other information incorporated into Exhibit B.

Exhibit J: The court does not believe this document should be sealed, as it does not contain sensitive commercial information.

Exhibit K: The court does not believe this document should be sealed, as it does not contain sensitive commercial information.

The court will now address the Third Parties' declaration and its request that certain of Uber's exhibits be filed under seal or in redacted form.

Exhibit U-10: This document does not contain information of the type section 107 is intended to protect. The court declines to approve the filing of this document under seal.

Exhibit U-12: This document does not contain information of the type section 107 is intended to protect. The court respectfully declines to approve the filing of this document under seal.

Exhibit U-13: This document does not contain information of the type section 107 is intended to protect. The court respectfully declines to approve the filing of this document under seal.

Exhibit U-14: This document does not contain information of the type section 107 is intended to protect. The court respectfully declines to approve the filing of this document under seal.

Exhibit U-16: This document does not contain information of the type section 107 is intended to protect. The court respectfully declines to approve the filing of this document under seal.

Exhibit U-17: This document does not contain information of the type section 107 is intended to protect. The court

respectfully declines to approve the filing of this document under seal.

Exhibit U-19: As redacted, this document already protects whatever sensitive information it might set forth in unredacted form. The court respectfully declines to seal this document, but will permit its filing as redacted.

Exhibit U-20: As redacted, this document already protects whatever sensitive information it might set forth in unredacted form. The court respectfully declines to seal this document, but will permit its filing as redacted.

Having ruled on the Motion as to specific Uber exhibits, the court will turn its attention to the Motion's request for permission to file redacted Oppositions.

Opposition (Dkt. 148) to Statute of Limitations Summary Judgment Motion (Dkt. 122). The court declines to permit the redactions taken at 2:19, 12:3, 13:9-13, 13:16-17, 14:17-23, or 15:1-2 of this Opposition, as Uber offers no argument or evidence in support thereof. The court also declines to permit the redaction of paragraphs 5-10 of the DeStefano Declaration, as Uber offers no argument or evidence in support thereof. The court will permit the redactions taken at 12:14-15 and 12:17-18 of this Opposition; and paragraphs 4-8 of the Yoshida Declaration, as these appear to be consistent with one or more of the court's prior orders or with this order.

Opposition (Dkt. 149) to Fraud-Based Counterclaims Summary Judgment Motion (Dkt. 118). The court will permit the redactions taken in this Opposition at 1:21, 2:1-3, 2:6-10, and 2:13, consistent with one or more of the court's prior orders or with

this order.  The court declines to permit the redactions taken in this Opposition at 2:19-25 or 3:1-9, as Uber offers no argument or evidence in support thereof.  The court will permit the redactions in this Opposition taken at 3:11-28, 4:1-12, 4:14-16, 4:19-23, 4:24-25, 4:28, 5:1-5, 5:16-18, and 5:23-24, consistent with one or more of the court's prior orders or with this order. The court declines to permit the redactions taken at 6:2 or 6:6-12, as Uber offers no argument or evidence in support thereof. The court declines to permit the redactions taken at 7:8, 7:11-16, 7:19-20, 7:23-27, as Uber offers no argument or evidence in support thereof.  The court will permit the redaction taken in this Opposition at 8:9-12 as consistent with one or more of the court's prior orders or with this order.  The court declines to permit the redactions taken in this Opposition at 8:19-20, 8:22-23, 8:25-28, 9:2-3, 9:12-16, as Uber offers no argument or evidence in support thereof.  The court will permit the redactions taken at 9:18-25 and 10:1-3, consistent with one or more of the court's prior orders or with this order.  The court declines to permit the redactions taken in this Opposition at 10:23-24 or 11:1-2, as Uber offers no argument or evidence in support thereof.  The court will permit the redaction taken in fn. 7, consistent with one or more of the court's prior orders or with this order.  The court will permit the redaction taken in this Opposition at 14:21-24 and 14:26-27, consistent with one or more of the court's prior orders or with this order.  The court declines to permit the redactions taken in this Opposition at 15:3-10 as Uber offers no argument or evidence in support thereof.  The court will permit the redactions taken in this

Opposition at 16:13, 17:20-21, 19:27, 22:1-2, 23:16-18, consistent with one or more of the court's prior orders or with this order. The court declines to permit the redactions taken in this Opposition at 22:27-28 or 23:1-2, as Uber offers no argument or evidence in support thereof. The court has already addressed the Genow Declaration and its accompanying exhibits.

<u>Opposition (Dkt. 150) to Waymo Settlement Summary Judgment Motion (Dkt. 120)</u>. The court will permit all redactions taken in this Opposition, consistent with one or more of the court's prior orders or with this order.

Accordingly, the Motion is hereby **GRANTED IN PART AND DENIED IN PART**, as follows:

**1.** The Motion is **GRANTED** as to the following exhibits, which may be filed under seal: U-1, U-6, U-7, U-8, U-9, U-43, U-44, U-45, U-46, U-50, U-65 (pp. 34-35 only), U-74, U-75, U-81, U-86, U-87, and U-88.

**2.** The Motion is **GRANTED** as to the following exhibits, which may be filed in redacted form in accordance with this order: U-72 and U-73.

**3.** The Motion is **GRANTED IN PART AND DENIED IN PART** as to its request for permission to file redacted Oppositions. Uber may file redacted Oppositions only as consistent with this order.

**4.** The Motion is **DENIED** as to the following exhibits: U-10, U-11, U-12, U-13, U-14, U-15, U-16, U-17, U-19, U-20, U-21, U-22, U-26, U-27, U-29, U-30, U-31, U-34, U-35, U-36, U-37, U-38, U-39, U-40, U-42, U-47, U-48, U-52, U-53, U-54, U-55, U-56, U-57, U-58, U-59, U-60, U-61, U-62, U-63, U-64, U-66, U-67, U-68, U-69, U-70, U-71, U-83, U-84, U-85, as neither Uber nor any other

interested party requested that they be filed under seal or in redacted form.

**\*\*END OF ORDER\*\***

## Court Service List

[None]