Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Katharine Ciliberti (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com
kciliberti@jenner.com

*Counsel for Uber Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor.<br><br>———————————————————<br><br>ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel<br><br>**Adv. Pro. No. 20-03050 (HLB)**<br><br>**SECOND AMENDED OMNIBUS DECLARATION OF KATHARINE CILIBERTI IN SUPPORT OF UBER TECHNOLOGIES, INC.'S OPPOSITIONS TO PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND ATTACHING UNSEALED EXHIBITS**<br><br>**Date: April 1, 2021**<br>**Time: 2:00 PM**<br>**Place: Video or Telephone** |

I, Katharine Ciliberti, hereby declare as follows:

1. I am an attorney at the law firm Jenner & Block LLP, which represents Uber Technologies, Inc. ("Uber") in the above-captioned proceeding. I have personal knowledge of the facts set forth in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently.

2. I submit this second amended declaration in support of Uber's responses [Dkts 148, 149, 150] to plaintiff, Anthony Levandowski's, Motions for Partial Summary Judgment and to attach various exhibits that have been ordered unsealed pursuant to the Court's *Order Granting In Part and Denying In Part Uber Technologies, Inc.'s Motion to File Redacted/Sealed Documents*, dated April 1, 2021 [Dkt 242], as amended by *Amended Order Granting In Part and Denying In Part Uber Technologies, Inc.'s Motion to File Redacted/Sealed Documents*, dated April 1, 2021 [Dkt 245] ("Order").

3. **Exhibit Uber-1** is a redacted version of the Arbitration Award, dated December 24, 2019. Pursuant to the Order, this exhibit has been filed under seal.

4. Attached hereto as **Exhibit Uber-2** is a true and correct copy of the redacted Indemnification Agreement, dated April 11, 2016.

5. **Exhibit Uber-3** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

6. **Exhibit Uber-4** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

7. **Exhibit Uber-5** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

8. **Exhibit Uber-6** is the Settlement Agreement in *Waymo LLC v. Uber Technologies, Inc.,* Case No. 3:17-cv-00939-WHA (N.D. Cal.), dated February 8, 2018 (GOOG-CHFR-00023976). Pursuant to the Order, this exhibit has been filed under seal.

9. **Exhibit Uber-7** is a Non-Competition and Non-Solicitation Agreement by Anthony Levandowski for Anthony's Robots in favor and for the benefit of Google, Inc., dated July 28, 2011 (AL-UBER0077896). Pursuant to the Order, this exhibit has been filed under seal.

10. **Exhibit Uber-8** is a Non-Competition and Non-Solicitation Agreement by Pierre-Yves Droz for 510 Systems in favor and for the benefit of Google Inc., dated July 28, 2011 (AL-UBER0077951). Pursuant to the Order, this exhibit has been filed under seal.

11. **Exhibit Uber-9** is Anthony Levandowski's Employment Agreement with Google, dated January 1, 2012, previously marked in the Google Arbitration as TX 120 (GOOG-ALBK1-00012910). Pursuant to the Order, this exhibit has been filed under seal.

12. Attached hereto as **Exhibit Uber-10** is a true and correct copy of an email from Brent Schwarz, dated July 14, 2012, previously marked in the Google Arbitration as TX 134 (GOOG-ALBK1-00011007). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

13. Attached hereto as **Exhibit Uber-11** is a true and correct copy of Entity Formation Documents of Odin Wave, LLC, including the Articles of Organization, dated August 9, 2012, and the Operating Agreement of Odin Wave, LLC, dated August 21, 2021. (AL-UBER0083655). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

14. Attached hereto as **Exhibit Uber-12** is a true and correct copy of an email from Anthony Levandowski regarding "Offer letters," dated August 15, 2012, previously marked in Google Arbitration as TX 142 (GOOG-ALBK1-00003239). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

15. Attached hereto as **Exhibit Uber-13** is a true and correct copy of an email from John Gardner regarding "Offer letters," dated August 15, 2012, previously marked in the Google Arbitration as TX 143 (GOOG-ALBK1-00003244). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

16. Attached hereto as **Exhibit Uber-14** is a true and correct copy of an email from John Gardner regarding "Offer Letters / Appointment of Ognen as Manager," dated August 15, 2012, previously marked in the Google Arbitration as TX 144 (GOOG-ALBK1-00003245). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

17. Attached hereto as **Exhibit Uber-15** is a true and correct copy of an email from Anthony Levandowski regarding "Offer Letters / Appointment of Ognen as Manager," dated August

15, 2012, previously marked in the Google Arbitration as TX 145 (GOOG-ALBK1-00008637). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

18. Attached hereto as **Exhibit Uber-16** is a true and correct copy of the Statement of Organizer of Odin Wave, dated August 15, 2012, previously marked in the Google Arbitration as TX 147 (GOOG-ALBK1-00003253). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

19. Attached hereto as **Exhibit Uber-17** is a true and correct copy of Sandstone Articles of Organization, dated August 17, 2012 (SANDSTONE 000001). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

20. **Exhibit Uber-18** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

21. Attached hereto as **Exhibit Uber-19** is a true and correct copy of a [redacted][1] wire transfer from Beryllium Trust to Sandstone, dated April 29, 2013, previously marked in the Google Arbitration as TX 242 (GOOG-ALBK1-00011057). Pursuant to the Order, this exhibit has been unsealed and is attached in redacted form.

22. Attached hereto as **Exhibit Uber-20** is a true and correct copy of a [redacted][2] wire transfer from Beryllium Trust to Sandstone, dated July 5, 2013, previously marked in the Google Arbitration as TX 263 (GOOG-ALBK1-00011059). Pursuant to the Order, this exhibit has been unsealed and is attached in redacted form.

23. Attached hereto as **Exhibit Uber-21** is a true and correct copy of an email from Anthony Levandowski to Matthew Blattmachr requesting that Beryllium Trust invest $1.5 million in Sandstone, dated July 16, 2013, previously marked in the Google Arbitration as TX 260 (GOOG-ALBK1-00011058). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

---

[1] The Order authorized the filing of the redacted version of Exhibit Uber -19.

[2] The Order authorized the filing of the redacted version of Exhibit Uber -20.

24. Attached hereto as **Exhibit Uber-22** is a true and correct copy of a wire transfer from Beryllium Trust to Sandstone, dated August 13, 2013 (AL-UBER0067282). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

25. Attached hereto as **Exhibit Uber-23** is a true and correct copy of the Amendment to Articles of Organization of Odin Wave, dated February 7, 2014 (UBER-AL_00013580).

26. **Exhibit Uber-24** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

27. **Exhibit Uber-25** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

28. Attached hereto as **Exhibit Uber-26** is a true and correct copy Uber Technology Inc.'s Notice of Restricted Stock Award, dated January 28, 2016 (AL-UBER0001049). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

29. Attached hereto as **Exhibit Uber-27** is a true and correct copy of an email from Andrew Glickman, dated February 10, 2016, attaching a draft of the Indemnification Agreement, dated February 9, 2016 (OTTOTRUCKING00007979). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

30. **Exhibit Uber-28** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

31. Attached hereto as **Exhibit Uber-29** is a true and correct copy of an engagement letter between Stroz Friedberg, LLC, Morrison & Foerster, and O'Melveny and Meyers, dated March 4, 2016 (STROZ_0000815). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

32. Attached hereto as **Exhibit Uber-30** is a true and correct copy of an email chain between Anthony Levandowski, Ognen Stojanovski and Lior Ron, dated March 29, 2016 (AL-UBER0104345). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

33. Attached hereto as **Exhibit Uber-31** is a true and correct copy of an email between John Gardner and Eric Tate, dated April 3, 2016 (UBER00322310). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

34. **Exhibit Uber-32** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

35. **Exhibit Uber-33** is the Ottomotto Merger Agreement, dated April 11, 2016 (GOOG-ALBK1-00001445). Pursuant to the Order, this exhibit has been filed under seal.

36. Attached hereto as **Exhibit Uber-34** is a true and correct copy of an email exchange between Anthony Levandowski and Ognen Stojanovski, dated April 28, 2016 (AL-UBER0037226). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

37. Attached hereto as **Exhibit Uber-35** is a true and correct copy of an email exchange between Anthony Levandowski and Ognen Stojanovski, dated April 30, 2016 (AL-UBER0037202). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

38. Attached hereto as **Exhibit Uber-36** is a true and correct copy of the Asset Purchase Agreement between Tyto LiDAR LLC and Ottomotto LLC, dated May 5, 2016 (UBER-ZA00003734). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

39. Attached hereto as **Exhibit Uber-37** is a true and correct copy of an email exchange between Cameron Poetzscher, Lior Ron, and Anthony Levandowski, dated May 5-6, 2016 (UBER-AL_00002204). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

40. Attached hereto as **Exhibit Uber-38** is a true and correct copy of an email chain between Lior Ron and Cameron Poetzcher, dated May 5, 2016 (UBER-AL_00002291). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

41. Attached hereto as **Exhibit Uber-39** is a true and correct copy of the Bill of Sale and Assignment and Assumption Agreement between Tyto LiDAR, LLC and Ottomotto LLC, dated May 9, 2016 (AL-UBER0071837). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

42. Attached hereto as **Exhibit Uber-40** is a true and correct copy of Anthony Levandowski's Employment Agreement with Uber Technologies, Inc., dated August 17, 2016, and the Confidential Information and Invention Assignment Agreement attached as Exhibit A (effective August 23, 2016) (UBER-ZA00535168). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

43.     **Exhibit Uber-41** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

44.     Attached hereto as **Exhibit Uber-42** is a true and correct copy of a July 28, 2016 memorandum from Stroz Friedberg to O'Melveny & Myers and Morrison & Forester, attached as Exhibit 22 to the Stroz Report, dated July 28, 2016. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

45.     **Exhibit Uber-43** is an email chain from David Drummond to Dara Khosrowshahi, with a copy of the First Draft Settlement Agreement from the Google Group, dated February 4, 2018 (UBER-AL_00005059). Pursuant to the Order, this exhibit has been filed under seal.

46.     **Exhibit Uber-44** is an email from Tony West to Kevin Vosen, with copy of a draft settlement agreement attached, dated February 5, 2018 (UBER-AL_00003534). Pursuant to the Order, this exhibit has been filed under seal.

47.     **Exhibit Uber-45** is an email from Kevin Vosen to Tony West, with copy of a draft settlement agreement attached, dated February 5, 2018 (UBER-AL_00000799). Pursuant to the Order, this exhibit has been filed under seal.

48.     **Exhibit Uber-46** is Uber Technologies, Inc. Series G-2 Preferred Stock Issuance Agreement, dated March 9, 2018 (UBER-AL_00000230). Pursuant to the Order, this exhibit has been filed under seal.

49.     Attached hereto as **Exhibit Uber-47** is a true and correct copy of a letter from Hamish Hume to John Gardner and Neel Chatterjee, dated April 2, 2018 (UBER-AL_00004195). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

50.     Attached hereto as **Exhibit Uber-48** is a true and correct copy of a letter from Hamish Hume to Neel Chatterjee, dated July 3, 2019 (UBER-AL_00004202). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

51.     **Exhibit Uber-49** has been intentionally withdrawn pursuant to Docket Order dated March 25, 2021.

52.     **Exhibit Uber-50** is a wire transfer from Uber to counsel for Google, dated February 7, 2020 (UBER-AL-00003045). Pursuant to the Order, this exhibit has been filed under seal.

53. Attached hereto as **Exhibit Uber-51** is a true and correct copy of an Assignment Agreement between Uber Technologies, Inc. and Lior Ron, dated May 19, 2020 (UBER-AL_00000217). This exhibit was originally filed under seal, but requests that it remain sealed were withdrawn [See Dkt 161].

54. Attached hereto as **Exhibit Uber-52** is a true and correct copy of a whiteboard photo taken by Anthony Levandowski, previously marked in the Google Arbitration as TX 1541.096 (GOOG-ALBK1-00010864). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

55. Attached hereto as **Exhibit Uber-53** is a true and correct copy of a whiteboard photo taken by Anthony Levandowski, previously marked in the Google Arbitration as TX 1541.164 (GOOG-ALBK1-00010916). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

56. Attached hereto as **Exhibit Uber-54** is a true and correct copy of a spreadsheet of loans made by Anthony Levandowski to Tyto LiDAR, previously marked in the Google Arbitration as TX 1148 (GOOG-ALBK1-00011073). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

57. Attached hereto as **Exhibit Uber-55** is a true and correct copy of relevant excerpts from the deposition transcript of Adam Bentley, dated August 22, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

58. Attached hereto as **Exhibit Uber-56** is a true and correct copy of relevant excerpts from the deposition transcript of Matthew Blattmachr, dated February 2, 2018. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

59. Attached hereto as **Exhibit Uber-57** is a true and correct copy of relevant excerpts from the deposition transcript of Alexander Cooper, dated December 4, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

60. Attached hereto as **Exhibit Uber-58** is a true and correct copy of relevant excerpts from the deposition transcript of Mary Fulginiti Genow, dated October 17, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

61. Attached hereto as **Exhibit Uber-59** is a true and correct copy of relevant excerpts from the deposition transcript of Stroz Friedberg LLC's Rule 30(b)(6) witness, Eric Friedberg, dated February 10, 2021. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

62. Attached hereto as **Exhibit Uber-60** is a true and correct copy of relevant excerpts from the deposition transcript of John Gardner, dated January 29, 2021. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

63. Attached hereto as **Exhibit Uber-61** is a true and correct copy of relevant excerpts from the deposition transcript of Travis Kalanick, dated July 27, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

64. Attached hereto as **Exhibit Uber-62** is a true and correct copy of relevant excerpts from the deposition transcript of Anthony Levandowski, dated January 28-29, 2021. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

65. Attached hereto as **Exhibit Uber-63** is a true and correct copy of relevant excerpts from the deposition transcript of Eric Meyhofer, dated August 18, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

66. Attached hereto as **Exhibit Uber-64** is a true and correct copy of relevant excerpts from the deposition transcript of Angela Padilla, dated October 2, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

67. Attached hereto as **Exhibit Uber-65** is a true and correct copy of relevant excerpts from the deposition transcript of Uber's 30(b)(6) witness, Cameron Poetzscher, dated January 26, 2021. Pursuant to the Order, this exhibit is attached except pages 34-35 which have been redacted and filed under seal.

68. Attached hereto as **Exhibit Uber-66** is a true and correct copy of relevant excerpts from the deposition transcript of Cameron Poetzscher, dated June 19, 2017. Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

69. Attached hereto as **Exhibit Uber-67** is a true and correct copy of relevant excerpts from the deposition transcript of Cameron Poetzscher, dated September 29, 2017. Pursuant to the

8

Case: 20-03050   Doc# 255   Filed: 04/05/21   Entered: 04/05/21 20:26:06   Page 9 of 12
ADV. PRO. NO. 20-03050 (HLB)

1    Order, this exhibit has been unsealed and is attached in its entirety.

2    70.     Attached hereto as **Exhibit Uber-68** is a true and correct copy of relevant excerpts
3    from the deposition transcript of Lior Ron, dated January 22, 2021.  Pursuant to the Order, this
4    exhibit has been unsealed and is attached in its entirety.

5    71.     Attached hereto as **Exhibit Uber-69** is a true and correct copy of relevant excerpts
6    from the deposition transcript of Melanie Maugeri, dated October 20, 2017.  Pursuant to the Order,
7    this exhibit has been unsealed and is attached in its entirety.

8    72.     Attached hereto as **Exhibit Uber-70** is a true and correct copy of relevant excerpts
9    from the deposition transcript of Justin Suhr, dated February 8, 2021.  Pursuant to the Order, this
10   exhibit has been unsealed and is attached in its entirety.

11   73.     Attached hereto as **Exhibit Uber-71** is a true and correct copy of relevant excerpts
12   from the deposition transcript of Eric Tate, dated February 9, 2021.  Pursuant to the Order, this
13   exhibit has been unsealed and is attached in its entirety.

14   74.     Attached hereto as **Exhibit Uber-72** is a true and correct copy of relevant and
15   redacted excerpts from the Google Arbitration proceeding of testimony from Chelsea Bailey, John
16   Hartog, James Haslim, Brent Schwarz, and Ognen Stojanovski, dated May 1, 2018, May 3, 2018 and
17   May 8, 2018.  Pursuant to the Order, a minimally redacted version of this exhibit is attached.

18   75.     Attached hereto as **Exhibit Uber-73** is a true and correct copy of the redacted
19   declaration of Mary Fulginiti Genow, dated March 17, 2021 and exhibits A-K.  Pursuant to the
20   Order, the declaration may remain redacted as originally filed and exhibits A, D, J and K thereto
21   have been ordered unsealed and are attached in their entirety.

22   76.     Attached hereto as **Exhibit Uber-74** is a true and correct copy of the redacted
23   declaration of Tony West, dated March 18, 2021.  Pursuant to the Order, this redacted exhibit has
24   been filed under seal.

25   77.     Attached hereto as **Exhibit Uber-75** is a true and correct copy of the redacted
26   declaration of Robert Wu, dated March 18, 2021. Pursuant to the Order, this redacted exhibit has
27   been filed under seal.

28   78.     Attached hereto as **Exhibit Uber-76** is a true and correct copy of the declaration of

Cecilia Yoshida, dated March 18, 2021.  This exhibit was originally redacted and filed under seal but requests that it remain redacted and sealed were withdrawn [See Dkt 161] and the fully unredacted version was filed on March 26, 2021 [Dkt 181].

79. Attached hereto as **Exhibit Uber-77** is a true and correct copy of the declaration of Julie DeStefano, dated March 18, 2021. This exhibit was originally partially redacted and filed under seal but requests that it remain redacted and sealed were withdrawn [See Dkt 161] and the fully unredacted version was filed on March 26, 2021 [Dkt 181].

80. Attached hereto as **Exhibit Uber-78** is a true and correct copy of Anthony Levandowski's Indictment in *United States v. Anthony Scott Levandowski*, Case No. 3:19-cr-00377-WHA (N.D. Cal.), dated August 15, 2019.

81. Attached hereto as **Exhibit Uber-79** is a true and correct copy of Anthony Levandowski's Plea Agreement in *United States v. Anthony Scott Levandowski*, Case No. 3:19-cr-00377-WHA (N.D. Cal.), dated March 19, 2020.

82. Attached hereto as **Exhibit Uber-80** is a true and correct copy of relevant excerpts of the sentencing transcript from a hearing before Judge William H. Alsup in *United States v. Anthony Scott Levandowski*, Case No. 3:19-cr-00377-WHA (N.D. Cal.), dated August 4, 2020.

83. **Exhibit Uber-81** are excerpts of the hearing transcript from a hearing before Judge Hannah L. Blumenstiel in *Levandowski v. Uber*, Adv. No. 20-ap-3050-HLB, dated September 3, 2020.  Pursuant to the Order, this exhibit has been filed under seal.

84. Attached hereto as **Exhibit Uber-82** is a true and correct copy of relevant excerpts of the hearing transcript from a hearing before Judge Hannah L. Blumenstiel in *Levandowski v. Uber*, Adv. No. 20-ap-3050-HLB, dated October 8, 2020.

85. Attached hereto as **Exhibit Uber-83** is a true and correct copy of Google's Code of Conduct dated April 4, 2009, previously marked in the Google Arbitration as TX 27 (GOOG-ALBK-00002473).  Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

86. Attached hereto as **Exhibit Uber-84** is a true and correct copy of Google's Code of Conduct dated April 25, 2012, previously marked in the Google Arbitration as TX 125 (GOOG-

ALBK-00002797). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

87. Attached hereto as **Exhibit Uber-85** is a true and correct copy of Google's Code of Conduct dated November 6, 2014, previously marked in the Google Arbitration as TX 351 (GOOG-ALBK-00002187). Pursuant to the Order, this exhibit has been unsealed and is attached in its entirety.

88. **Exhibit Uber-86** are excerpts from the Opening Expert Report of Lambertus Hesslink, dated September 14, 2017. Pursuant to the Order, this exhibit has been filed under seal.

89. **Exhibit Uber-87** is the Supplemental Expert Report Lambertus Hesslink, dated October 23, 2017. Pursuant to the Order, this exhibit has been filed under seal.

90. **Exhibit Uber-88** is an email chain between Eric Tate and Salle Yoo, dated April 7, 2016 (UBER-AL_00013410). Pursuant to the Order, this exhibit has been filed under seal.

91. All of the unsealed exhibits identified hereinabove and attached hereto are identical to the versions that were previously submitted to the Court under seal.

I declare under the penalty of perjury that the statements included in this Declaration are true and correct. Executed on this 5th day of April 2021 in Chicago, Illinois.

*/s/ Katharine Ciliberti*
Katharine Ciliberti