# EXHIBIT UBER-10

| From: | Gmail - Brent |
|---|---|
| To: | John F. Gardner |
| Subject: | Re: John Gardner Contact |
| Date: | Saturday, July 14, 2012 10:21:41 PM |

July 14, 2012

Hi John,

Thank you very much for returning my call on Friday. Per our conversation, I've drafted the employment requirements Anthony and I discussed previously. The first set of terms is my requirements for contract employment. This agreement is a bridge until Anthony is able to officially setup Oden's Wave as a legal entity and fund it appropriately for ongoing business. The second list of terms is for full-time employment.

**CONTRACT EMPLOYMENT:**

The term of the contract assignment will be thirty days, and it will automatically renew for an additional 30 days unless the new company becomes a legal entity or either party provides written notice that they want to terminate the agreement. As there is no company to provide benefits, I will need $15,084.00 for the thirty days, paid in two sums. The first $7,542 payment is due 15 days after the contract is signed. The second payment is due 30 days after the contract is signed. If the contract is renewed, the payments will continue in the same manner. I will be responsible for paying for health, vision and dental insurance using my existing COBRA insurance plan. In addition, I will be reimbursed for my monthly cellular telephone usage, a computer notebook and software and any (reasonable) travel expenses I might incur while writing the research report. Anthony and I have already agreed that I will attend the ESRI conference in San Diego during the week of July 23rd.

In exchange for the previously mentioned compensation, I will write a research report than analyzes the market potential for a 1550 nm laser scanner. I will send Anthony an outline of the report, and he will evaluate and approve it. I will then write the report based on the approved report format.

**FULL TIME EMPLOYMENT:**

My monthly base compensation will be $13,400. I would prefer to be paid $6,700 twice a month if possible. I will also receive a commission of 1.5% on all sales revenue, payable 30 days after product is shipped to customers.

Given my primary focus will be to generate revenue and to find buyers to acquire the company, Anthony and I agreed that I should have the right to purchase up to 10% of the company at a price per share to be established later. An alternative approach would be to offer me a 5% stake in the company and a 5% commission on the gross sales price of the company when it is sold to a third party. Anthony requested more time to evaluate this decision, but he will make a decision within six months after the company becomes a legal entity or the agreement will default to a 10% stake in the new company.

I will need health, dental and vision insurance for my family of four. I'm willing to join the company's insurance policies, or the company can pay me $1,684 a month, and I'll continue

JAMS
Google LLC v. Levandowski/Ron
TRIAL EXHIBIT 0134
Case No. 1100086069 (consolidated)
Date Entered _____
By _____
Case Manager

EXHIBIT 5
Deponent: Schwarz
Date: 10/4/2017
Rebecca Romano CSR No. 12546

CONFIDENTIAL                                           BRENT-ARB 000816

on my existing COBRA Insurance plan.

If the new company plans to have a 401K financial savings plan, a section 125 cafeteria plan for medical expenses, long-term disability insurance and a tax deferred plan for commuting expense, I would like to participate.

While I don't anticipate a problem, I think it best to clarify terms of an unlikely termination. Should the company decide to terminate my employment, I will need four months salary, twelve months of health, vision & dental insurance and the notebook computer I'll use for work.

Regarding ongoing business, I will have full autonomy to drive the business side of the company, and Soren will be responsible for the overall operations of the company. My role initially will be to define the new laser product, supporting and guiding Soren and his team as they build it. Soren is responsible for designing, building and shipping the product. My role is to support him in any way I can. In addition to helping Soren build the product, Soren might need me to assume additional responsibilities (as yet not defined) that he believes are important to the business. I will help him as necessary.

Initially I'll be responsible for collecting industry information and for presenting our product to potential customers. Once the product is ready to ship, I will be responsible for marketing and selling it. Soren and I will agree on a marketing budget at a later date. At some point I will also assume responsibility for identifying and engaging with potential buyers interested in acquiring the company. The decision to sell or not will rest solely with Anthony and his investors.

Regarding equipment, I'll use my existing cellular telephone; I expect the company to pay monthly usage charges. I will purchase a (Apple) notebook with appropriate business software. The new company will reimburse me for those purchases.

I'm very excited about this endeavor and eagerly await receipt of an agreement that formalizes our arrangement.

Best Regards,


Brent Schwarz
Cell (650) 454-0311
Linked-In: http://www.linkedin.com/pub/brent-schwarz/1/76/b08
eom


On Jul 13, 2012, at 4:30 PM, John F. Gardner wrote:



John F. Gardner
Fitzgerald Abbott & Beardsley LLP

CONFIDENTIAL

BRENT-ARB 000817

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

GOOG-ALBK1-00011008

1221 Broadway, 21st Floor
Oakland, CA 94612
tel 925.296.1322
JGardner@fablaw.com
www.fablaw.com

<image001.gif>

Important: This electronic mail message, including any attached files, is being sent by or on behalf of a lawyer; it is confidential and it may contain or constitute information protected by the attorney-client and/or the attorney work-product privileges. If the person actually receiving this message, or any other reader of this message, is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are not authorized to retain, read, copy or disseminate this communication or any part of it. If you have received this communication in error, please immediately notify Fitzgerald Abbott & Beardsley LLP at (510) 451-3300. Thank you.

CONFIDENTIAL

BRENT-ARB 000818

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

GOOG-ALBK1-00011009