Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail:    dgrassgreen@pszjlaw.com
           mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Katharine R. Ciliberti (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail:    dbradford@jenner.com
           csteege@jenner.com
           tmascherin@jenner.com
           kciliberti@jenner.com

*Counsel for Uber Technologies, Inc.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>            Debtor. | Case No. 20-30242 (HLB)<br><br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.<br><br>            Defendant. | Adv. Pro. No. 20-03050 (HLB)<br><br>**DECLARATION OF KATHARINE CILIBERTI IN SUPPORT OF UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE REBUTTAL EXPERT REPORTS AND TESTIMONY OF BENJAMIN ROSE AND JOSEPH SHAW** |

I, Katharine Ciliberti, hereby declare as follows:

1. I am co-counsel to Defendant Uber Technologies, Inc. ("Uber") in the above-entitled action and have personal knowledge of the facts contained in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in connection with Uber's *Reply In Support Of Motion to Strike or, in the Alternative, Motion in Limine to Exclude Rebuttal Expert Reports and Testimony of Benjamin Rose and Joseph Shaw*.

3. Attached hereto as **Exhibit E** is a true and correct copy of a February 23, 2021 email from H. Vu to D. Bradford confirming that Mr. Levandowski did not serve any opening expert reports.

4. Mr. Shaw's "rebuttal" report was a complete surprise to Uber. Uber was not able to anticipate and rebut the untimely Shaw Report because Mr. Levandowski did not seek permission to show Dr. Shaw confidential information prior to serving his report on March 22, 2021.

5. Attached hereto as **Exhibit F** is a true and correct copy of an excerpt from the deposition of Benjamin Rose, dated March 30, 2021.

6. Attached hereto as **Exhibit G** is a true and correct copy of an email exchange between T. Mascherin and H. Vu, et al., dated March 28 and 29, 2021, in which counsel for Mr. Levandowski refused to postpone the depositions of Mr. Rose and Dr. Shaw.

7. Attached hereto as **Exhibit H** is a true and correct copy of an email exchange between D. Bradford and H. Vu, et al., dated April 1, 2021, in which counsel for Mr. Levandowski refused to postpone the deposition of Dr. Shaw.

///
///
///
///
///
///

8.     Attached hereto as **<u>Exhibit I</u>** is a true and correct copy of an email from D. Bradford to H. Vu, et al., dated January 24, 2021, in which Dr. Bradford stated in part, "[U]ber does contend that alleged Trade secret 90 included Google confidential information that [L]evandowski caused Tyto to transfer to Otto, so as to constitute a psba, as set forth in our interrogatory answer on psba's."

I declare under the penalty of perjury that the statements included in this Declaration are true and correct. Executed on this 27th day of April 2021 in Chicago, Illinois.

                         *<u>/s/ Katharine Ciliberti</u>*
                         Katharine Ciliberti

# EXHIBIT E

From: Vu, Hong-An <HVu@goodwinlaw.com>
Sent: Tuesday, February 23, 2021 10:47 AM
To: Bradford, David J. <dbradford@jenner.com>
Cc: Steege, Catherine L. <CSteege@jenner.com>; Mascherin, Terri L.
<TMascherin@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>;
Schuman, Brett <BSchuman@goodwinlaw.com>
Subject: RE: Expert reports

External Email – Exercise Caution

David,

This is correct. We did not serve any opening expert reports.

Thanks,
Hong-An

Hong-An Vu
she/her/hers

Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
m +1 714 625 2669
f   +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com


-----Original Message-----
From: Bradford, David J. <dbradford@jenner.com>
Sent: Tuesday, February 23, 2021 6:43 AM
To: Vu, Hong-An <HVu@goodwinlaw.com>
Cc: Steege, Catherine L. <CSteege@jenner.com>; Mascherin, Terri L.
<TMascherin@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>;
Schuman, Brett <BSchuman@goodwinlaw.com>
Subject: Expert reports

Hong-An, please confirm that Mr. Levandowski did not serve any expert reports. Thanks, David

Sent from my iPhone

————————————————————————————————————————
————————————————————
David J. Bradford

Jenner & Block LLP
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2975 | TEL
+1 847 721 9350 | MOBILE
+1 312 527 0484 | FAX
dbradford@jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

————————————————————————————————————————
————————————————————


**********************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
**********************************************

# EXHIBIT F

```
              UNITED STATES BANKRUPTCY COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION

IN RE:                        )   Bankruptcy Case
ANTHONY SCOTT LEVANDOWSKI,     )   No. 20-30242
                              )   (HLB)
        Debtor.               )   Chapter 11
_____)   Adv. Pro. No.
ANTHONY LEVANDOWSKI, an        )   20-03050 (HLB)
individual,                   )
                              )
        Plaintiff,            )
                              )
vs.                           )
                              )
UBER TECHNOLOGIES, INC.,       )
                              )
            Defendant.        )
```

         HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

                The discovery video

teleconference deposition of BENJAMIN ROSE,

called by the Defendant, for examination, taken

pursuant to the Federal Rules of Civil Procedure

of the United States Bankruptcy Courts

pertaining to the taking of depositions, taken

remotely before LAURA MUKAHIRN, CSR, RPR, CRR,

within and for the County of Cook and State of

Illinois, on March 30, 2021, scheduled to

commence at 2:00 o'clock p.m. CST.

1    A P P E A R A N C E S:

2    GOODWIN PROCTER, LLP
     BY:  MS. RACHEL WALSH
3         MR. DANIEL MELLO
     rwalsh@goodwinlaw.com
4    dmello@goodwinlaw.com
     601 Marshall Street
5    Redwood City, California 94063
     (650)752-3100
6         Appeared on behalf of the Plaintiff;

7    JENNER & BLOCK, LLP
     BY:  MS. TERRI MASCHERIN
8         MS. LINA POWELL
     tmascherin@jenner.com
9    lpowell@jenner.com
     353 North Clark Street
10   Suite 4500
     Chicago, Illinois 60654
11   (312) 222-9350
          Appeared on behalf of the Defendant.

12   ALSO PRESENT:

13   MR. ROBERT DeCICCO

14

15

16

17

18

19

20

21

22

23

24

25

1    report that you prepared in this case?

2        A.    Yes.

3        Q.    The report on the first page bears the

4    title Rebuttal Expert Report.  Do you see that?

5        A.    Yes.

6        Q.    Whose testimony are you rebutting?

7        A.    I believe I'm rebutting work that was

8    done.  I don't --

9        Q.    Work that was done by whom?

10       A.    By Stroz.

11       Q.    So you're not rebutting opinions

12   expressed by another expert?

13       A.    Well, the challenging thing with the

14   report that I read or reports from Stroz are

15   there aren't really named parties within who did

16   the work.  So I couldn't identify specific

17   people.

18       Q.    And you didn't read the testimony that

19   was given by any of the professionals who were

20   involved in the engagement, right?

21       A.    I don't recall being given any

22   transcripts of the testimony that they provided.

23       Q.    How much time have you spent working on

24   this case, Mr. Rose?

25       A.    I would have to estimate the time.

# EXHIBIT G

| **From:** | Vu, Hong-An <HVu@goodwinlaw.com> |
|---|---|
| **Sent:** | Monday, March 29, 2021 12:10 AM |
| **To:** | Mascherin, Terri L. |
| **Cc:** | DL_Uber – AL Team; Schuman, Brett; Walsh, Rachel M.; Sutton, Theresa Ann; Fisher, Jennifer Briggs; Berry, John; rmeny@keker.com; Thomas E. Gorman; Gorin, Alex; tkeller@kbkllp.com; Dara Silveira |
| **Subject:** | RE: Rose and Shaw Depositions |

External Email – Exercise Caution

Terri:

We will not agree to continue the depositions of Rose and Shaw. We have made these experts available for deposition according to the schedule set out by the Court and will not agree to make them available after the April 5 cutoff. If Uber decides to withdraw its request for these depositions, please let us know.

With respect to expedited treatment, the Trial Scheduling Order provides for any oppositions to motions in limine be submitted four days before trial with the motion resolved when trial commences. What alternative schedule does Uber propose? Also, note that we have objected to the testimony of DeCicco as untimely, and Dr. Gerdes on a number of bases, and we expect that Uber would agree to a similar expedited schedule for Mr. Levandowski's motions in limine against these experts. Theresa and I are available to discuss between 10-12 Pacific tomorrow.

Also, please include the Goodwin team on emails going forward. I have also added in the Google team as well.

Thanks,

Hong-An

**Hong-An Vu**
*she/her/hers*

GOOD
Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
m +1 714 625 2669
f   +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

---

**From:** Mascherin, Terri L. <TMascherin@jenner.com>
**Sent:** Sunday, March 28, 2021 3:09 PM
**To:** Vu, Hong-An <HVu@goodwinlaw.com>
**Cc:** DL_Uber – AL Team <DL_UberALTeam@jenner.com>
**Subject:** Rose and Shaw Depositions

Hong-An, given our impasse over the Rose and Shaw reports, we expect to file a motion to strike and/or motion in limine tomorrow. We request your agreement to expedited consideration of the motion. We also request that we defer these two depositions until the Court rules on whether they will be permitted to testify. Please let us know a good time <u>tomorrow morning</u> to discuss.

Regards,
Terri

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT H

| From: | Vu, Hong-An <HVu@goodwinlaw.com> |
|---|---|
| Sent: | Thursday, April 1, 2021 9:01 PM |
| To: | Bradford, David J. |
| Cc: | Mascherin, Terri L.; Steege, Catherine L.; Ciliberti, Katharine R.; Powell, Lina R.; Schuman, Brett; Walsh, Rachel M.; Fisher, Jennifer Briggs; Berry, John; Rachael Meny; Thomas E. Gorman; rmullen@keker.com; DL_Uber – AL Team |
| Subject: | RE: Levandowski v. Uber |

External Email – Exercise Caution

David,

As we have communicated, we believe that Dr. Shaw was properly disclosed and so if Uber wants to take his deposition, it should do so within he expert discovery deadline set by the Court.

The briefing schedule that the Court set for the DeCicco motion will work for us for the Rose/Shaw motion. If we are able to file the Gerdes motion by Monday, will this same schedule work for that motion as well?

Thanks,
Hong-An

**Hong-An Vu**
*she/her/hers*

**GOO[** 
Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
m +1 714 625 2669
f  +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

---

**From:** Bradford, David J. <dbradford@jenner.com>
**Sent:** Thursday, April 1, 2021 6:30 PM
**To:** Vu, Hong-An <HVu@goodwinlaw.com>
**Cc:** Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>; Powell, Lina R. <LinaPowell@jenner.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Fisher, Jennifer Briggs <JFisher@goodwinlaw.com>; Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Thomas E. Gorman <tgorman@keker.com>; rmullen@keker.com; DL_Uber – AL Team <DL_UberALTeam@jenner.com>
**Subject:** RE: Levandowski v. Uber

If you are unwilling to reschedule his deposition, we will proceed with Dr. Shaw tomorrow. the Judge indicated that she was taking our motion to strike Rose and Shaw on the papers. I suggest we follow the same briefing schedule as she set for your motion to strike DeCicco – is that agreeable?

As there is at least some possibility that the Shaw deposition may not be necessary, we don't understand why you would not reschedule it until after she has ruled – it could save both of our clients' a little bit of time and money. If I don't hear otherwise, we will commence the deposition at 9 pt tomorrow.

Thanks,

David

Ps. We agree that we won't exchange the lists you reference on Monday.

---

**From:** Vu, Hong-An <HVu@goodwinlaw.com>
**Sent:** Thursday, April 1, 2021 8:14 PM
**To:** Bradford, David J. <dbradford@jenner.com>
**Cc:** Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>; Powell, Lina R. <LinaPowell@jenner.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Fisher, Jennifer Briggs <JFisher@goodwinlaw.com>; Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Thomas E. Gorman <tgorman@keker.com>; rmullen@keker.com
**Subject:** RE: Levandowski v. Uber

External Email – Exercise Caution

David,

Based on the docket order that just came through, the expert discovery deadline was not vacated/continued and as such, we believe the depositions should proceed. If you decide not to depose Dr. Shaw, please let us know. But as previously stated, we will not make Dr. Shaw available after the expert discovery deadline.

I take it from the below that you are in agreement as to the parties' internal deadlines for the exchange of pretrial related materials. As such, we won't be sending over our current exhibit list or further witness list on Monday.

Thanks,

Hong-An

**Hong-An Vu**
*she/her/hers*

GOO[
Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o +1 213 426 2557
m +1 714 625 2669
f +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

---

**From:** Bradford, David J. <dbradford@jenner.com>
**Sent:** Thursday, April 1, 2021 5:58 PM
**To:** Vu, Hong-An <HVu@goodwinlaw.com>
**Cc:** Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>; Powell, Lina R. <LinaPowell@jenner.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Fisher, Jennifer Briggs <JFisher@goodwinlaw.com>; Berry, John

<John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Thomas E. Gorman <tgorman@keker.com>; rmullen@keker.com

**Subject:** Re: Levandowski v. Uber

In light of the new schedule, I ask that we postpone Shaws deposition until after she rules on our motion to strike.

Sent from my iPhone

On Apr 1, 2021, at 7:45 PM, Vu, Hong-An <HVu@goodwinlaw.com> wrote:

External Email – Exercise Caution

Uber team,

Because the trial deadlines are now vacated, can we also agree to eliminate for now the internal deadlines to exchange the exhibit list and witness list we agreed to? We can reset these once we learn more when trial will be.

Thanks,
Hong-An

**Hong-An Vu**
*she/her/hers*

<image001.png>

Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
m +1 714 625 2669
f   +1 213 289 7728
HVu@goodwinlaw.com

<image002.png>

<image003.png>

<image004.png>

<image005.png>

<image006.png>

*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

**David J. Bradford**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2975 | TEL
+1 847 721 9350 | MOBILE
+1 312 527 0484 | FAX
dbradford@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT I

| From: | Bradford, David J. |
|---|---|
| Sent: | Sunday, January 24, 2021 11:51 PM |
| To: | Jordan Jaffe; Hong-An Vu |
| Cc: | Vu, Hong-An; Ciliberti, Katharine R.; Schuman, Brett; Berry, John; Gorin, Alex; DL_Uber – AL Team; Rachael Meny; Reid P. Mullen (rmullen@keker.com); tgorman@keker.com; Andrea P Roberts; Walper, Thomas; Debra Grassgreen |
| Subject: | Re: Levandowski v. Uber -- your question re Gerdes software examination |

Hong-An, To be clear, although Uber does not assert (nor does it need to prove) in this proceeding that alleged trade secret 90 qualified as a trade secret, uber does contend that alleged
Trade secret 90 included Google confidential information that levandowski caused Tyto to transfer to Otto, so as to constitute a psba, as set forth in our interrogatory answer on psba's.

Sent from my iPhone

On Jan 24, 2021, at 11:24 PM, Jordan Jaffe wrote:

External Email – Exercise Caution
Re #2→ No. Anthony Levandowski does not come up in any of the redacted portions of the final Gerdes report as produced in the Adversary Proceeding.
**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com**

**From:** Bradford, David J.
**Sent:** Friday, January 22, 2021 5:17 PM
**To:** Vu, Hong-An ; Jordan Jaffe ; Ciliberti, Katharine R.
**Cc:** Schuman, Brett ; Berry, John ; Gorin, Alex ; DL_Uber – AL Team ; Rachael Meny ; Reid P. Mullen (rmullen@keker.com) ; tgorman@keker.com; Andrea P Roberts ; Walper, Thomas ; Debra Grassgreen
**Subject:** RE: Levandowski v. Uber -- your question re Gerdes software examination

**[EXTERNAL EMAIL]**

Hong-An, we agree with the statement you make in paragraph 1 below. Thanks, David

**From:** Vu, Hong-An <HVu@goodwinlaw.com>
**Sent:** Friday, January 22, 2021 2:18 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Cc:** Schuman, Brett <BSchuman@goodwinlaw.com>; Berry, John <John.Berry@mto.com>; Gorin, Alex <Alex.Gorin@mto.com>; Bradford, David J. <dbradford@jenner.com>; DL_Uber – AL Team <DL_UberALTeam@jenner.com>; Rachael Meny <rmeny@keker.com>; Reid P. Mullen (rmullen@keker.com) <rmullen@keker.com>; tgorman@keker.com; Andrea P Roberts <andreaproberts@quinnemanuel.com>; Walper, Thomas <thomas.walper@mto.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** RE: Levandowski v. Uber -- your question re Gerdes software examination
External Email – Exercise Caution
Thanks, Jordan.
We have two questions regarding the Gerdes report – one for Uber and one for Waymo.
    1) Is its Uber's position that only alleged trade secrets 1-3 in the Gerdes report are the basis for a PSSBA under the Indemnification Agreement

2) To Waymo – Is Anthony Levandowski referenced in any of the redacted information in the Gerdes report?

Thanks,
Hong-An

**Hong-An Vu**
*she/her/hers*


Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o +1 213 426 2557
m +1 714 625 2669
f +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Wednesday, January 20, 2021 5:05 PM
**To:** Vu, Hong-An <HVu@goodwinlaw.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Cc:** Schuman, Brett <BSchuman@goodwinlaw.com>; Berry, John <John.Berry@mto.com>; Gorin, Alex <Alex.Gorin@mto.com>; Bradford, David J. <dbradford@jenner.com>; DL_Uber – AL Team <DL_UberALTeam@jenner.com>; Rachael Meny <rmeny@keker.com>; Reid P. Mullen (rmullen@keker.com) <rmullen@keker.com>; tgorman@keker.com; Andrea P Roberts <andrearoberts@quinnemanuel.com>; Walper, Thomas <thomas.walper@mto.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** RE: Levandowski v. Uber -- your question re Gerdes software examination

We can do so. Waymo also doesn't object to Uber producing the copy of the letter that it has in its possession if that expedites things.

**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com**

**From:** Vu, Hong-An <HVu@goodwinlaw.com>
**Sent:** Wednesday, January 20, 2021 9:07 AM
**To:** Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Cc:** Schuman, Brett <BSchuman@goodwinlaw.com>; Berry, John <John.Berry@mto.com>; Gorin, Alex <Alex.Gorin@mto.com>; Bradford, David J. <dbradford@jenner.com>; DL_Uber – AL Team <DL_UberALTeam@jenner.com>; Rachael Meny <rmeny@keker.com>; Reid P. Mullen (rmullen@keker.com) <rmullen@keker.com>; tgorman@keker.com; Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andrearoberts@quinnemanuel.com>; Walper, Thomas <thomas.walper@mto.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** RE: Levandowski v. Uber -- your question re Gerdes software examination

**[EXTERNAL EMAIL]**

Thanks, Katie.
Jordan, will Waymo be willing to produce the engagement letter?
Thanks,
Hong-An

**Hong-An Vu**
*she/her/hers*


Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017