1  Debra I. Grassgreen (CA Bar No. 169978)
   Miriam Manning (CA Bar No. 178584)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone:    (415) 263-7000
4  Facsimile:    (415) 263-7010
   E-mail:       dgrassgreen@pszjlaw.com
5                mmanning@pszjlaw.com

6  David J. Bradford (admitted *pro hac vice*)
   Catherine Steege (admitted *pro hac vice*)
7  Terri L. Mascherin (admitted *pro hac vice*)
   Katharine Ciliberti (admitted *pro hac vice*)
8  JENNER & BLOCK LLP
   353 N. Clark St.
9  Chicago, IL 60654
   Telephone: (312) 222-9350
10 E-mail: dbradford@jenner.com
           csteege@jenner.com
11         tmascherin@jenner.com
           kciliberti@jenner.com
12
   *Attorneys for Defendant,*
13 *Uber Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | |
| ANTHONY SCOTT LEVANDOWSKI, an individual, | Adv. Pro. No. 20-03050 (HLB) |
| Plaintiff, | **DECLARATION OF KATHARINE CILIBERTI IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S ADMINISTRATIVE MOTION TO FILE REDACTED MOTION TO STRIKE AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL** |
| v. | |
| UBER TECHNOLOGIES, INC. | |
| Defendant. | |

I, Katharine Ciliberti, hereby declare as follows:

1. I am co-counsel to defendant Uber Technologies, Inc. in the above entitled action and have personal knowledge of the facts contained in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in connection with *Anthony Levandowski's Administrative Motion to File Redacted Motion to Strike and to File Unredacted Motion to Strike and Select Exhibits Under Seal* ("Plaintiff's Motion to Seal"). (Dkt. 301.)

3. Plaintiff's Motion to Seal provisionally requests to file certain documents under seal, including portions of *Plaintiff's Memorandum of Points and Authorities in Support of Motion to Strike Or, in the Alternative, to Exclude the Expert Report and Testimony of J. Christian Gerdes* (Dkt. 303) ("Memorandum"), and portions of Exhibits 1-4 and 6-12 thereto.

4. As a general matter, Uber supports Waymo's and Google's reasonable interests in protecting the confidentiality of their trade secrets and/or confidential information. Uber also made certain contractual commitments to respect the confidentiality of Dr. Gerdes' analysis of those alleged trade secrets and/or confidential information. To ensure that it meets these obligations, Uber supports any reasonable requests by Waymo or Google for sealing with respect to Plaintiff's Motion to Seal. Except as specifically stated below, Uber does not assert any independent confidentiality interests of its own with respect to this Motion to Seal.

5. Uber requests that the Court seal the following:

   a. The same portion of Exhibit 9 that the Court already ordered sealed, *i.e.*, select language on page 10 of the document; and

   b. Those portions of pages 2-3 and 13 of the Plaintiff's Memorandum that quote from the Waymo settlement agreement.

6. Exhibit 9 is a copy of Uber's Second Supplemental Response to Plaintiff's First Set of Interrogatories. The Court has already ordered the sealing of select language from page 10 of this document (previously filed as exhibits to different filings) that discusses technical information that Google and Waymo consider confidential. (Dkts. 300, 307.) Accordingly, Uber requests that the Court seal this same language again, and believes this is consistent with the Court's prior orders.

7. On pages 2, 3, and 13 of Plaintiff's Memorandum, Plaintiff discusses and quotes from the terms of the Waymo settlement agreement. The Court has ordered the sealing of the Waymo settlement agreement and has permitted the redaction of text discussing and quoting from that agreement on multiple occasions. (*E.g.*, Dkts. 28, 300.) Accordingly, Uber requests that the Court seal this information again, and believes this is consistent with the Court's prior orders.

8. Uber also does not oppose any reasonable request by Waymo or Google to seal those portions of Exhibits 2, 8, and 12 that either Waymo or Google reasonably asserts constitute confidential technical information, the disclosure of which would result in competitive harm to Waymo or Google.

9. Exhibit 2 is the 2019 expert report of Dr. Gerdes. Exhibit 8 is the 2021 expert disclosure of Dr. Gerdes. Exhibit 12 is an excerpt from the 2021 deposition of Dr. Gerdes. These exhibits, and in particular Exhibits 2 and 8, contain information that Waymo believes constitutes confidential information and trade secrets. For that reason, although Waymo has not yet indicated to Uber which portions of these documents it seeks to seal, Uber does not oppose any reasonable request by Waymo or Google to seal the technical and confidential information in these exhibits, the disclosure of which would result in competitive harm.

I declare under the penalty of perjury that the statements included in this Declaration are true and correct. Executed on this 14th day of May 2021 in Chicago, Illinois.

*/s/ Katharine Ciliberti*
Katharine Ciliberti