QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jordan R. Jaffe (Ca. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Non-Party Waymo LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel |
| ANTHONY SCOTT LEVANDOWSKI,<br><br>Plaintiff,<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Adv. Proceeding No. 20-03050<br><br>**DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]** |

01980-00104/12704936.3

DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]

Case: 20-03050    Doc# 313    Filed: 05/14/21    Entered: 05/14/21 22:28:54    Page 1 of 7

I, Jordan R. Jaffe, hereby declare:

1. I am a partner at the law firm of Quinn, Emanuel, Urquhart & Sullivan, LLP and counsel of record for non-party Waymo LLC ("Waymo") in the above-captioned matter. I am admitted to practice before the courts of the State of California and this Court. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein

2. Pursuant to Civil Local Rules 79-5(d), I submit this declaration in partial support of Anthony Levandowski's Motion To File Redacted Motion To Strike Or, In The Alternative, To Exclude The Expert Report And Testimony Of J. Christian Gerdes; And To File Unredacted Motion To Strike And Select Exhibits Under Seal. . Dkt. 301.

3. Waymo seeks to seal and/or redact portions of Exhibits 1, 2, 7, 8, 9, 10, 11, 12 to the Hong-An Vu Declaration (Dkt. 301-1). Waymo also seeks to support redactions of Levandowski's Motion to Strike Gerdes Brief (Dkt. 302) and two Hong-An Vu Declarations (Dkt. 301-1, 303-1).

4. As discussed below for each document, Waymo seeks to redact certain portions of the submitted documents on two bases. First, Waymo seeks to seal or redact certain information because it reflects Waymo's confidential business information and trade secrets. I understand that the trade secrets referenced herein are maintained as secret by Waymo (*See Waymo LLC v. Uber Techs., Inc. et al.*, 17-cv-00930 (WHA) (N.D. Cal) ("*Waymo/Uber*"), Dkt. 25-47) and that each individual trade secrets is valuable to Waymo's business (*Waymo/Uber*, Dkt. 25-31), including as reflected by the value of the *Waymo/Uber* settlement. The public disclosure of this information could harm Waymo's trade secrets and give Waymo's competitors the ability to short-circuit the normal development process by availing themselves of the fruits of Waymo's research and development efforts while avoiding the significant time and expense of undertaking their own research and development. Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed. Such information previously remained sealed during the pendency of the *Waymo/Uber* matter, including at trial, where it was only discussed (if at all) in sealed sessions. Sealing of this type of trade secret information is thus

01980-00104/12704936.3
-1-
DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]

Case: 20-03050   Doc# 313   Filed: 05/14/21   Entered: 05/14/21 22:28:54   Page 2 of 7

justified under either the "good cause" or "compelling reasons" standard. Waymo has asked this Court to protect similar trade secret information in its declaration to support sealing portions of the expert report of Dr. Joseph Shaw in this proceeding, dated March 22, 2021. Dkt. No. 257. This Court allowed portions of Dr. Shaw's 2021 expert report containing trade secret information to be filed under seal. Dkt. No. 264 at 4.

5. Second, Waymo seeks to redact information dealing with a specific provision of the February 2018 settlement of the lawsuit *Waymo LLC v. Uber Techs., Inc. et al.*, 17-cv-00930 (WHA) (N.D. Cal) (the "Settlement Agreement"). Specifically, Section 1 of the Settlement Agreement called for the parties to implement subsequent proceedings and to maintain the confidentiality of those proceedings pursuant to the terms of that provision. *See* Dkt. 77 at internal page 1. This provision itself, because it is a term of the Settlement Agreement, is confidential commercial information within the meaning of 11 U.S.C. § 107(b) and should be redacted consistent with this Court's prior orders. *See* Dkt. 245 (granting Uber's motion to seal a copy of the Settlement Agreement); *see also* Dkt. 28 (granting motion to redact settlement related information in Uber's opposition to Google's motion to intervene); Dkt. 32 (same, in Google's reply in support of its motion to intervene); Dkt. 44 (same, in Uber's amended answer); Dkt. 156 (ordering references to and descriptions and quotations of Settlement Agreement to be filed under seal); Dkt. 186 (ordering references to the terms of the Settlement Agreement redacted); Dkt. 300 (permitting redactions of an exhibit's reference to both "explicit or implicit descriptions of the terms of the Waymo Settlement"). The descriptions and discussion of what was implemented in accordance with the terms of Section 1 of the Settlement Agreement should also be sealed.

6. The undersigned counsel for Waymo recognizes that in its prior two sealing orders, the Court did not agree to seal a small portions of an exhibit which discussed the implementation of Section 1 of the Settlement Agreement. Dkt. 307 at 7:14 – 8:2; Dkt. 273 at 11 (internal pagination at 10:3-16). Waymo, nonetheless, maintains its request to redact the descriptions and discussions of what was implemented under this provision because the information in these exhibits reveals much more detailed information about these matters than previously considered by the Court. In addition, Waymo maintains its request because disclosure of these descriptions

would reveal the details of the confidential process that was implemented under this provision. In particular, disclosure of the process implemented under Section 1 of the Settlement Agreement would reveal specific processes Waymo used in a highly confidential settlement to resolve issues related to its intellectual property. Such a disclosure would allow competitors to gain an unfair advantage in future negotiations with Waymo concerning its intellectual property rights. Moreover, Waymo maintains its request because Waymo is bound by the confidentiality provisions in its agreements. Waymo does not want to violate those agreements or waive its confidentiality rights to the terms of the agreement, and therefore maintains its request to redact all information that discusses Section 1 of the Settlement Agreement, including the descriptions of what was implemented under that provision. To the extent needed or requested by the Court, Waymo is prepared to provide additional detail regarding Section 1, but would have to do so in a sealed submission given the highly confidential nature of these matters.

7. Waymo requests that Exhibit 1 to the Hong-An Vu Declaration (Dkt. 301-1) be sealed in its entirety. Exhibit 1 to the Hong-An Vu Declaration is an agreement entered into as a result of Section 1 of the Settlement Agreement. Because disclosure of Exhibit 1 would disclose or tend to disclose Section 1 of the Settlement Agreement, Waymo requests it be sealed for the reasons discussed in paragraphs 5-6, *supra*.

8. Waymo requests that the entirety of Exhibit 2 to the Hong-An Vu Declaration (Dkt. 301-1) be sealed. Specifically, Exhibit 2 to the Hong-An Vu Declaration is the a document generated as a result of Section 1 of the Settlement Agreement. Because disclosure of Exhibit 1 would disclose Section 1 of the Settlement Agreement, Waymo requests it be sealed for the reasons discussed in paragraphs 5-6, *supra*.

9. In addition, Waymo seeks at a minimum to redact pages 7-36, and the first three paragraphs of page 37 because those pages discuss in detail Waymo's trade secret information, which is sensitive for business reasons. At a minimum it contains, references, and/or describes one or more of Waymo's trade secrets, or information that, from context, tends to disclose one or more of Waymo's trade secrets. Waymo therefore requests it be sealed on the basis described in paragraph 4, *supra*.

01980-00104/12704936.3
-3-
DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]]
Case: 20-03050  Doc# 313  Filed: 05/14/21  Entered: 05/14/21 22:28:54  Page 4 of 7

10. Waymo requests that portions of Exhibit 7 to the Hong-An Vu Declaration (Dkt. 301-1) be redacted. Exhibit 7 to the Hong-An Vu Declaration is an engagement letter dated February 13, 2021, providing for compensation from Uber for Dr. Gerdes's time spent responding to Uber's subpoena. Waymo requests to redact the second and third paragraphs on pages 1-2, the 14th and 15th words of Section 4, the last signature blocks on pages 5 and 6, and pages 36-48 in their entirety. Because disclosure of these portions would disclose Section 1 of the Settlement Agreement, Waymo requests it be sealed for the reasons discussed in paragraphs 5-6, *supra*.

11. Waymo requests that Exhibit 8 to the Hong-An Vu Declaration (Dkt. 301-1) be sealed in its entirety. Exhibit 8 to the Hong-An Vu Declaration is the expert report of Dr. Gerdes. The document discusses in detail Waymo's trade secret information, and does so throughout the report. At a minimum it contains, references, and/or describes one or more of Waymo's trade secrets, or information that, from context, tends to disclose one or more of Waymo's trade secrets. Waymo seeks to seal this document on the basis detailed in paragraph 4, *supra*. In addition, Exhibit 8 discusses proceedings related to Section 1 Settlement Agreement, Waymo therefore requests it be sealed for the reasons discussed in paragraphs 5-6, *supra*.

12. Waymo requests that portions of Exhibit 9 to the Hong-An Vu Declaration (Dkt. 301-1) be redacted and the unredacted version of Exhibit 9 to be filed under seal. Specifically, Exhibit 9 to the Hong-An Vu Declaration is Uber Technologies, Inc.'s Second Supplemental Response to Plaintiff's First Set of Interrogatories, dated February 22, 2021. This Court previously approved most, but not all of the previously requested redactions on the same document, Exhibit 2 to Levandowski's Omnibus Sealing Motion and Ex. 6 of Levandowski's Motion to Strike Uber's Expert Report (Dkt. No 300). Waymo requests the same redactions that were previously approved by the Court. Dkt. 307 at 17. Waymo requests these portions be redacted on the basis described in paragraph 4, *supra*.

13. Waymo requests that portions Exhibit 10 to the Hong-An Vu Declaration (Dkt. 301-1) be redacted and the unredacted version of Exhibit 10 to be filed under seal. Specifically, Exhibit 10 to the Hong-An Vu Declaration is Mr. Levandowski's subpoena issued to Dr. Gerdes on February 26, 2021, seeking production of documents. Waymo seeks to redact paragraph 6 of

01980-00104/12704936.3
-4-
DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]]

Case: 20-03050    Doc# 313    Filed: 05/14/21    Entered: 05/14/21 22:28:54    Page 5 of 7

Attachment A and Document Requests Nos. 2, 3, 4, 5, 8, 10, 12, 15, 18, 23, 24, and 25. Because disclosure of these portions of Exhibit 10 would disclose or tend to disclose Section 1 of the Settlement Agreement, Waymo requests it be redacted for the reasons discussed in paragraphs 5-6, *supra*.

14. Waymo requests that portions Exhibit 11 to the Hong-An Vu Declaration (Dkt. 301-1) be redacted. Specifically, Exhibit 11 to the Hong-An Vu Declaration are emails exchanged between counsel for Uber and Waymo, between February 26, 2021 and March 17, 2021, in which Waymo objects to Dr. Gerdes issuing an affirmative expert report for Uber in the Adversary Proceeding. Waymo requests to redact pages 1-9. This document is an email thread between Waymo's counsel (Jordan Jaffe), Uber's counsel (David Bradford), and Dr. Gerdes's counsel (Stephen Wu) concerning Waymo's objections to certain actions by Uber regarding its retention of Dr. Gerdes. Because disclosure of these portions of Exhibit 11 would disclose or tend to disclose Section 1 of the Settlement Agreement, Waymo requests it be redacted for the reasons discussed in paragraphs 5-6, *supra*.

15. Waymo requests that Exhibit 12 to the Hong-An Vu Declaration (Dkt. 301-1) be sealed. Exhibit 12 to the Hong-An Vu Declaration are excerpts from the transcript of the deposition of Dr. Gerdes on March 4, 2021 in this adversary proceeding ("Transcript"). Because disclosure of Exhibit 12 would disclose or tend to disclose Section 1 of the Settlement Agreement, Waymo requests it be redacted for the reasons discussed in paragraphs 5-6, *supra*.

16. Waymo supports redacting the portions of Levandowski's Motion to Strike Gerdes Brief and the Declarations of Hong-An Vu as proposed by Levandowski. Dkt. 302, 301-1, 303-1. Specifically because the redacted portions of the Levandowski's brief and Vu declarations would disclose or tend to disclose Section 1 of the Settlement Agreement, Waymo requests it be redacted for the reasons discussed in paragraphs 5-6, *supra*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 14th day of May, 2021, at Larkspur, California.

                                                                        */s/ Jordan R. Jaffe*
                                                                        Jordan R. Jaffe

01980-00104/12704936.3

-6-

DECLARATION OF JORDAN R. JAFFE IN PARTIAL SUPPORT OF ANTHONY LEVANDOWSKI'S MOTION TO FILE REDACTED MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES; AND TO FILE UNREDACTED MOTION TO STRIKE AND SELECT EXHIBITS UNDER SEAL [DKT. 301]]

Case: 20-03050    Doc# 313    Filed: 05/14/21    Entered: 05/14/21 22:28:54    Page 7 of 7