Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Katharine Ciliberti (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com
kciliberti@jenner.com

Attorneys for Defendant
Uber Technologies, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case No. 20-30242 (HLB)<br><br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Adv. Pro. No. 20-03050 (HLB)<br><br>**UBER'S ADMINISTRATIVE MOTION TO FILE PARTIALLY REDACTED OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF J. CHRISTIAN GERDES AND TO FILE EXHIBITS UNDER SEAL** |

Defendant Uber Technologies, Inc. ("**Uber**") hereby submits this motion to the Court (the "**Administrative Motion**"), pursuant to section 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)), for the entry of an order authorizing Uber to:

(a) File a partially redacted *Opposition to Plaintiff's Motion to Strike or, in the Alternative, to Exclude the Expert Report and Testimony of J. Christian Gerdes* (the "**Opposition**"); and

(b) File exhibits 1, 2, 3, 4, 5, 7, 9, 10, 11, 15, 17, 18, 19, 21, 23, 24, 25, 28, 31, 33, 34, and 35 attached to the supporting Declaration of Katharine Ciliberti under seal.

This Administrative Motion has been served on counsel for the debtor, Anthony Levandowski (the "**Debtor**"), Google LLC ("**Google**"), Waymo LLC ("**Waymo**"), and all other parties who are registered through ECF.

## I.

## FACTS

On May 7, 2021, the Debtor filed a *Motion to Strike or, in the Alternative, to Exclude the Expert Report and Testimony of J. Christian Gerdes* (the "**Motion**") and supporting documents. The Debtor also filed a motion to seal (the "**Debtor's Seal Motion**") seeking to seal various portions of the Motion and related documents and exhibits.

On May 14, 2021, Uber, Google, and Waymo each filed declarations in partial support of the Debtor's Seal Motion, seeking to seal portions of the Motion or supporting documents or exhibits. [Dkts. 308, 312, 313.] In particular, Waymo sought to seal many of the documents filed in connection with the Motion on the basis that the documents revealed Waymo confidential business information and trade secrets and/or because they revealed a particular term of a settlement agreement that the Court has already permitted to be sealed. [Dkt. 313.]

On May 18, 2021, the Court issued a docket order stating that any party wishing to oppose the Motion shall file written opposition no later than June 1, 2021.

Uber files its redacted Opposition to the Motion, along with the supporting declaration of Katharine Ciliberti concurrently herewith.

## II.

## DISCUSSION

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

The Court has previously sealed (a) the terms of the 2018 settlement agreement between Google LLC, Waymo, LLC, Alphabet, Inc., and Uber (the "**Waymo Settlement**") resolving the litigation captioned *Waymo LLC vs. Uber Technologies, Inc., et al.*, (Case No. 17-00939) (the "**Waymo Litigation**"), and (b) certain information involving motion planning technology (the "**Planner**") that was alleged to implicate Waymo trade secrets. (*See* Dkts. 28, 44, 153 at 3-4, 307 at 6-7.)

Portions of Uber's Opposition, and the documents supporting it, implicate these issues and fall into these same categories that the Court has already agreed to seal. In addition, portions of Uber's Opposition and the documents supporting it are similar to the documents that Waymo sought to have sealed in connection with the Debtor's Motion.[1] Specifically:

---

[1] As of the date of this filing, the Court has not yet ruled upon Debtor's request to seal documents associated with the Motion or the supporting declarations filed in connection therewith.

- **Exhibit 1** is an excerpt from the March 4, 2021 deposition of Joseph Christian Gerdes, Ph.D.; this document implicates and reveals a particular term of the Waymo Settlement agreement, and Waymo may contend that it reveals Waymo confidential business information or trade secrets related to the Planner. Dr. Gerdes' deposition transcript was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order entered in this case by Google, Waymo, and Uber. Uber seeks to provisionally file this document under seal so that Waymo and Google may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibits 2 and 4** are excerpts from the depositions of Don Burnette and Jur van den Berg, which discuss information that Waymo may contend reveals Waymo confidential business information or trade secrets related to the Planner. The transcripts of these depositions were designated as "Highly Confidential – Attorneys' Eyes Only" under the protective order entered in the Waymo Litigation. Uber seeks to provisionally file these documents under seal so that Waymo and/or Google may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 3** is an exhibit to the deposition of Don Burnette, which Waymo may contend reveals Waymo confidential business information and/or trade secrets related to the Planner. Uber seeks to provisionally file this document under seal so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibits 5, 9, 10, 15, 17, 18, 19, 21, 23, 24, 25, and 34** are email correspondence between counsel for Uber, Google, Waymo, and/or Debtor relating to issues involving Dr. Gerdes' prior work in connection with the Waymo Litigation, and to Dr. Gerdes' role in this case. Portions of these email chains implicate and reveal a particular term of the Waymo Settlement agreement, and Waymo may contend that portions also reveal Waymo confidential business information or trade secrets. Uber

seeks to provisionally seal these documents in full so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 7** is a discovery letter/motion that Uber submitted to the Court, but that, upon information and belief, was not made available publicly. A portion of the letter (the second full paragraph on page 4) reveals a particular term of the Waymo Settlement agreement. Uber seeks to provisionally redact only that paragraph so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 11** is an email with an attachment that implicates and reveals a term of the Waymo Settlement agreement, and which Waymo may contend reveals confidential business information and trade secrets. Uber seeks to provisionally seal this document so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 28** is an excerpt of Mr. Levandowski's January 29, 2021 deposition. The parties agreed that this transcript would be treated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order entered in this case, subject to the parties' narrowing their designations to specific pages and lines at a later date. Neither Mr. Levandowski nor Uber has designated any portion included in this excerpt as "Highly Confidential – Attorneys' Eyes Only," but Uber seeks to provisionally seal this document to afford Waymo and Google the opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 31** is Uber's Supplemental Response to Plaintiff's First Set of Interrogatories. On multiple occasions, the Court has permitted redactions to page 10 of this document to protect Waymo confidential information. (Dkts. 300 at 10-13, 307 at 7.) Uber seeks to redact the same text that the Court has previously ordered redacted.

- **Exhibit 33** is an email that was used as an exhibit at the deposition of Dr. Gerdes, and that Waymo may contend reveals confidential business information and/or trade secrets related to the Planner. Uber seeks to provisionally seal this document so that Waymo may have the opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- **Exhibit 35** is a report that implicates and reveals a term of the Waymo Settlement agreement, and that Waymo contends reveals confidential business information and trade secrets related to the Planner. Uber seeks to provisionally seal this document so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

- Numerous portions of the Opposition brief (a) reveal a particular term of the Waymo Settlement, (b) discuss, reveal, or quote from the above-listed documents (which, as specified, in turn may reveal the particular term of the Waymo Settlement and/or Waymo confidential information and trade secrets), or (c) discuss information that Waymo has sought to seal through one or more prior sealing declarations. Uber attaches herewith a copy of the Opposition with suggested redactions over the text that Uber believes may reveal the particular term in the Waymo Settlement, the pertinent portions of the supporting exhibits, or other information that Waymo may wish to have sealed. Uber seeks to provisionally seal these portions of the Opposition so that Waymo may have an opportunity to file a declaration under Civil L.R. 79-5(e) establishing that all or some of the designated material is sealable.

As a general matter, Uber supports Waymo's and Google's reasonable interests in protecting the confidentiality of their trade secrets and/or confidential information. Uber also made certain contractual commitments to respect the confidentiality of Dr. Gerdes' analysis of those alleged trade secrets and/or confidential information. To ensure that it meets these obligations, Uber seeks to provisionally file the above documents under seal or with redactions, to afford Google and Waymo the opportunity to file a declaration under Civil L.R. 79-5(e) establishing that the designated material is sealable in whole or in part. Uber supports any reasonable requests by Waymo or Google for

sealing with respect to Uber's Opposition and supporting documents. Except as specifically stated above, Uber does not assert any independent confidentiality interests of its own with respect to the information sought to be redacted or filed under seal.

***

The Protective Order entered in this matter does not automatically entitle parties to file documents under seal, but it does recognize the parties' obligations to follow the procedures set forth in Civil Local Rule 79-5 when warranted. However, for the reasons describe above, Uber believes that the relief requested herein is an appropriate exercise of this Court's authority under both section 107 of the Bankruptcy Code and Local Rule 1002-2(a) and should be granted.

## III.
## CONCLUSION

For all of the foregoing reasons, the Uber respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order, nunc pro tunc to June 1, 2021.

Respectfully Submitted,

Dated: June 1, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Debra I. Grassgreen*
Debra I. Grassgreen
Miriam Manning

and

JENNER & BLOCK LLP
David J. Bradford
Catherine Steege
Terri L. Mascherin
Katharine Ciliberti

*Attorneys for Uber Technologies, Inc.*