1  Debra I. Grassgreen (CA Bar No. 169978)
   Miriam Manning (CA Bar No. 178584)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone:    (415) 263-7000
4  Facsimile:    (415) 263-7010
   E-mail:       dgrassgreen@pszjlaw.com
5                mmanning@pszjlaw.com

6  David J. Bradford (admitted *pro hac vice*)
   Catherine Steege (admitted *pro hac vice*)
7  Terri L. Mascherin (admitted *pro hac vice*)
   Katharine R. McLaughlin (admitted *pro hac vice*)
8  JENNER & BLOCK LLP
   353 N. Clark St.
9  Chicago, IL 60654
   Telephone: (312) 222-9350
10 E-mail: dbradford@jenner.com
          csteege@jenner.com
11        tmascherin@jenner.com
          kmclaughlin@jenner.com
12
   Attorneys for Defendant
13 Uber Technologies, Inc.

14             UNITED STATES BANKRUPTCY COURT
15            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION

16 In re:                              Case No. 20-30242 (HLB)

17 ANTHONY SCOTT LEVANDOWSKI,          Chapter 11

18              Debtor.

19 ANTHONY SCOTT LEVANDOWSKI, an       Adv. Pro. No. 20-03050 (HLB)
   individual,
20                                     **UBER'S ADMINISTRATIVE MOTION**
                Plaintiff,             **TO FILE PARTIALLY REDACTED**
21                                     **LIMITED OBJECTION TO DEBTOR'S**
                                       **MOTION TO OBTAIN SECURED**
22      v.                             **SUPERPRIORITY FINANCING AND**
                                       **USE ROTH IRA ASSETS TO PAY**
23 UBER TECHNOLOGIES, INC.             **ESTATE OBLIGATIONS**

24              Defendant.

25

26      Defendant Uber Technologies, Inc. ("**Uber**") hereby submits this motion to the Court (the

27 "**Administrative Motion**"), pursuant to section 107 of title 11 of the United States Code (the

28 "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    **Rules**"), and District Court Civil Local Rule 79-5 (applicable to this proceeding pursuant to

2    Bankruptcy Local Rule 1001-2(a)), for the entry of an order authorizing Uber to file a partially

3    redacted *Limited Objection to Debtor's Motion to Obtain Secured Superpriority Financing and Use*

4    *Roth IRA Assets to Pay Estate Obligations* (the "**Limited Objection**")

5          This Administrative Motion has been served on counsel for the debtor, Anthony

6    Levandowski (the "**Debtor**"), Google LLC ("**Google**"), Pronto.ai, Inc. ("**Pronto**") and all other

7    parties who are registered through ECF.

8                                          **I.**

9                                      **FACTS**

10          By way of this Motion, Uber seeks to (i) provisionally redact one sentence in the Limited

11    Objection to prevent the public disclosure of the identity of purported investors in Pronto (the

12    "**Investor Information**") and Exhibit A to the supporting declaration of Miriam Manning and (ii)

13    provide counsel for Proto an opportunity to file a declaration pursuant to District Court Civil Local

14    Rule 79-5(e).  Pronto has advised that the Investor Information is highly confidential as is therefore

15    deemed, the "Designating Party" under District Court Civil Local Rule 79-5(e).

16          By way of background, the Debtor's Statement of Financial Affairs describes the Debtor's

17    general relationship with Pronto:

18          "The Debtor is currently employed by Pronto, an automotive safety technology firm that
           the Debtor co-founded and in which the Debtor is currently an investor through a Simple
19          Agreement for Future Equity ("SAFE") convertible note."  [Dkt 73].

20

21          Uber understands that the Debtor is not the sole equity owner in Pronto.   In January 2021,

22    and during the Debtor's deposition, the Debtor disclosed the names of some of the investors in his

23    company (Pronto) who coincidentally appear to be the same investor(s) in the Debtor's Roth IRA.[1]

24    Even though Debtor's counsel marked the entirety of the deposition transcript as "Highly

25    Confidential – Attorney's Eyes Only", Uber does not believe that the Debtor has any confidentiality

26    interest in the Investor Information but has been advised by the Debtor that Pronto does continue to

27    _____

28    [1] Pronto appears to suggest that information that the Debtor provided at his deposition may not have been accurate but
     has not provided any information about Pronto's investors other than the Debtor.  As such, Uber has not been able to
     independently verify whether the Debtor provided accurate testimony.

assert confidentiality interests in such information. The Debtor may also have confidentiality interests in Exhibit A to the Manning Declaration as it marked the transcript "Highly Confidential – Attorneys Eyes Only." For these reasons, Uber files this Motion.

## II.

## DISCUSSION

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Bankruptcy Rule 9018 provides that on motion, with or without notice, the court may make any order which justice requires, *inter alia*, to protect "any entity in respect of a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Bankr. P. 9018. The Local Rules further provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)). Further, the Designating Party must file a declaration "stablishing that all of the designated material is sealable" within 4 days of the filing of the Administrative Motion. See, District Court Civil Local Rule 79-5(e)(1).

Pronto contends that the identity of its investors are confidential and that such information should not be made public. As a general matter, Uber supports Pronto's reasonable interests in protecting the confidentiality interests of its investors who would prefer to remain anonymous. (To the extent the Debtor seeks to maintain the confidentiality of the deposition transcript, he may also file a supporting declaration under the local rules). As such, Uber seeks to provisionally file a redacted Limited Objection to afford Pronto and the Debtor the opportunity to file a declaration

under Civil L.R. 79-5(e) establishing that the Investor Information and Exhibit A to the declaration of Miriam Manning may be properly redacted.

## III.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Uber respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order authorizing it to provisionally redact the Investor Information and Exhibit A to the Manning Declaration as noted in the Limited Objection.

Respectfully Submitted,

Dated:   September 2, 2021                    PACHULSKI STANG ZIEHL & JONES LLP


By:   */s/ Debra I. Grassgreen*
          Debra I. Grassgreen
          Miriam Manning

          and

          JENNER & BLOCK LLP
          David J. Bradford
          Catherine Steege
          Terri L. Mascherin
          Katharine R. McLaughlin
          *Attorneys for Uber Technologies, Inc.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28