

1   Debra I. Grassgreen (CA Bar No. 169978) **Signed and Filed: January 24, 2022**
    Miriam Manning (CA Bar No. 178584)
2   PACHULSKI STANG ZIEHL & JONES LLP
    One Market Plaza, Spear Tower
3   40th Floor, Suite 4000
    San Francisco, CA 94105-1020
4   Telephone:     (415) 263-7000
    Facsimile:     (415) 263-7010
5   E-mail:        dgrassgreen@pszjlaw.com **HANNAH L. BLUMENSTIEL**
                   mmanning@pszjlaw.com **U.S. Bankruptcy Judge**
6
    David J. Bradford (admitted *pro hac vice*)
7   Catherine Steege (admitted *pro hac vice*)
    Terri L. Mascherin (admitted *pro hac vice*)
8   Katharine R. McLaughlin (admitted *pro hac vice*)
    JENNER & BLOCK LLP
9   353 N. Clark St.
    Chicago, IL 60654
10  Telephone:     (312) 222-9350
    E-mail:        dbradford@jenner.com
11                 csteege@jenner.com
                   tmascherin@jenner.com
12                 kmclaughlin@jenner.com

13  *Attorneys for Defendant*
    *Uber Technologies, Inc.*
14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                 **SAN FRANCISCO DIVISION**

17  In re:                                      Bankruptcy Case
                                                No. 20-30242 (HLB)
18  ANTHONY SCOTT LEVANDOWSKI,                   Chapter 11

19  Debtor.                                      Hon. Hannah L. Blumenstiel

20                                               Adv. Pro. No. 20-03050 (HLB)

21  _____
    ANTHONY LEVANDOWSKI, an individual,         **ORDER APPROVING STIPULATION**
22                                              **REGARDING USE OF PRIOR**
                 Plaintiff,                     **TESTIMONY OF WITNESSES AT**
23                                              **TRIAL AND AUTHENTICITY OF**
             v.                                 **EXHIBITS**
24
    UBER TECHNOLOGIES, INC.,
25
                 Defendant.
26  _____

27

28

1      The Court having considered the *Stipulation Regarding Use of Prior Testimony of*

2  *Witnesses at Trial and Authenticity of Exhibits*, dated January 19, 2022 [Dkt. No. 394] as agreed to

3  by plaintiff, Anthony Levandowski, defendant, Uber Technologies, Inc., and intervenor Google

4  LLC; and good cause appearing;

5      **IT IS HEREBY ORDERED THAT**:

6      1.    In lieu of live testimony at trial, the Parties may present the prior testimony of any

7  of the following witnesses from this case and/or the Related Proceedings, without the need for a

8  showing of the unavailability of such witnesses for trial pursuant to FRE 804(b)(1):

9      a.    Chelsea Bailey

10      b.    Matthew Blattmachr

11      c.    Alex Cooper

12      d.    Dmitri Dolgov

13      e.    Pierre-Yvez Droz

14      f.    Ognen Stojanovski

15      g.    Stacey Sullivan

16      h.    Sebastian Thrun

17      i.    John Bares

18      2.    Nothing in this Order shall affect, and the Parties expressly reserve all rights to

19  raise at trial, any objections other than the availability or unavailability of the witnesses listed

20  above, including other objections under FRE 804.

21      3.    The Parties previously stipulated in writing that the prior testimony of John Hartog

22  and Brian Durrell may be used in lieu of the Parties calling those experts to testify.  [Dkts. 104,

23  105.]  Nothing in this Order modifies or limits that prior stipulation.

24      4.    For the avoidance of doubt, the Parties agree that, for the witnesses listed in

25  paragraphs 1 and 3 above, there will be no live testimony presented at trial.

26      5.    For any witnesses whose prior testimony will be presented at trial, including those

27  listed above, the Parties shall comply with the following disclosure schedule:

28

DOCS_SF:106792.1 85647/001

1

1     a.   On or before January 31, 2022, for each witness that a Party intends to rely

2          upon for its case-in-chief, the Party shall provide designations of the

3          witness's prior testimony to the opposing Party.

4     b.   On or before February 10, 2022, for each witness that a party has provided

5          designations of prior testimony pursuant to subparagraph (a) above, the

6          opposing Party shall provide any objections to those designations as well

7          as any counter-designations.  The Parties agree that any counter-

8          designations provided shall be for the limited purpose of adding any

9          additional context necessary for the testimony designated pursuant to

10         subparagraph (a) above.

11    c.   Any designations or counter-designations by Plaintiff shall be provided in

12         yellow.  Any designations or counter-designations by Defendant shall be

13         provided in orange.

14    d.   The Parties shall attempt in good faith to complete their exhibit lists by the

15         January 24, 2022 deadline set by the Court.  However, if necessary, a Party

16         may supplement its exhibit list with any exhibits associated with testimony

17         designated pursuant to subparagraphs (a) and (b) above by February 10,

18         2022. Any supplemental exhibit list and exhibits identified by a Party

19         pursuant to this paragraph shall be submitted to the Court by February 10,

20         2022 in accord with the requirements of subparagraph 9.b of the Trial

21         Scheduling Order dated December 21, 2021 [Dkt. No. 376]. Nothing in this

22         stipulation shall affect, and the Parties expressly reserve, all rights to raise

23         any objections to any exhibits added through designations.

24    e.   If necessary, the Parties shall meet and confer in good faith to determine a

25         schedule for providing designations of prior testimony for any of the

26         witnesses listed in paragraph 1 above to be used in Plaintiff's rebuttal case,

27         if any.  For the avoidance of doubt, Mr. Levandowski shall be permitted, if

28         he so chooses, to present a rebuttal case as to any counterclaim(s) or

                              2        DOCS_SF:106792.1 85647/001

1    affirmative defense(s) that Uber presents as part of its case-in-chief, subject

2    to all appropriate objections, if any.

3    6.    The following procedures shall apply with respect to pre-trial briefs and the

4    treatment of confidential prior testimony designations, exhibits, and testimony at trial:

5        a.    The courtroom shall be sealed during all proceedings at trial, subject to

6            later unsealing of the public record, as set forth in subparagraph (c) below.

7        b.    All exhibits, prior testimony designations, and pre-trial briefs shall be

8            provisionally sealed, subject to later unsealing, as set forth in subparagraph

9            (c), below.

10        c.    Any party seeking to keep any portion of the record, whether pre-trial

11            briefs, transcripts of proceedings, prior testimony designations, or exhibits,

12            under seal shall file a Motion to Seal within 30 days of the conclusion of

13            the trial (or the next business day, if the 30th day falls on a court holiday or

14            weekend) specifying the specific text of a pre-trial brief, pages and lines of

15            transcript, and exhibits or portions of exhibits which it seeks to have sealed

16            and explaining why that material should be sealed.  Any party may file a

17            response to a Motion to Seal within 40 days of the conclusion of the trial

18            (or the next business day, if the 40th day falls on a court holiday or

19            weekend).

20        d.    All portions of the pre-trial briefs, transcripts of proceedings, prior

21            testimony designations, and exhibits which are not the subject of a Motion

22            to Seal shall be unsealed and placed in the public record, and the Court will

23            rule on any Motions to Seal.

24        e.    Notwithstanding subparagraphs (a)–(d) above, the Court may alternatively

25            direct the Parties and any appropriate third parties to submit motions to seal

26            any portions of the pre-trial briefs by no later than February 14, 2022.

27    7.    The parties agree that any witness on a Party's witness list for its case-in-chief

28    shall be sequestered until excused; provided, however, that (a) the foregoing shall not apply to

each Party's designated Party representative at trial, and (b) an expert witness may be present during the testimony of the opposing Party's expert on the same topic.

8.     The Parties agree that any document that has been produced in the Related Proceedings by any Party or third party with a Bates stamp is authentic.  The parties reserve all other objections to exhibits.

APPROVED AS TO FORM:

GOODWIN PROCTER LLP


By:  /s/ Brett M. Schuman
       Brett M. Schuman
       Rachel M. Walsh


 *Counsel for Plaintiffs and Debtor and Debtor in Possession Anthony Levandowski*


MUNGER, TOLLES & OLSON LLP


By:  /s/ John W. Berry
       John W. Berry
       Thomas B. Walper
       Alexander S. Gorin

-     and –

       KEKER, VAN NEST & PETERS LLP


By:     /s/ Rachael E. Meny
       Rachael E. Meny
       Thomas E. Gorman

 *Counsel for Google LLC*


*** END OF ORDER ***