1    TOBIAS S. KELLER (SBN 151445)
     *TKeller@kbkllp.com*
2    DARA L. SILVEIRA (SBN 274923)
     *DSilveira@kbkllp.com*
3    **KELLER BENVENUTTI KIM LLP**
     650 California Street, Suite 1900
4    San Francisco, California 94108
     Tel.: (415) 364-6793
5    Fax: (650) 636-9251

6    BRETT M. SCHUMAN (SBN 189247)
     *BSchuman@goodwinlaw.com*
7    JENNIFER BRIGGS FISHER (SBN 241321)
     *JFisher@goodwinlaw.com*
8    **GOODWIN PROCTER LLP**
     Three Embarcadero
9    San Francisco, California 94111
     Tel.: (415) 733-6000
10    Fax.: (415) 677-9041

11    ANDREW S. ONG (SBN 267889)
     *AOng@goodwinlaw.com*
12    **GOODWIN PROCTER LLP**
     601 Marshall Street
13    Redwood City, California 90017
     Tel.: (650) 752-3100
14    Fax: (650) 853-1038

15    Attorneys for Plaintiff and Debtor and
     Debtor in Possession ANTHONY S. LEVANDOWSKI
16

           **UNITED STATES DISTRICT COURT**
17        **NORTHERN DISTRICT OF CALIFORNIA**
            **SAN FRANCISCO DIVISION**
18

| | |
|---|---|
| 19   In re: | Bankruptcy Case No. 20-30242 (HLB) |
| 20   ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| 21   Debtor. | Hon. Hannah L. Blumenstiel |
| 22 | **Adv. Pro. No. 20-03050 (HLB)** |
| 23   ANTHONY LEVANDOWSKI, an individual, | **PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PARTIALLY** |
| 24       Plaintiff, | **REDACTED MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND** |
| 25       v. | **ARGUMENT IN SUPPORT OF UBER'S EQUITABLE INDEMNITY** |
| 26   UBER TECHNOLOGIES, INC., | **COUNTERCLAIMS AND TO FILE EXHIBITS B, C, D, E, H, I, AND L** |
| 27       Defendant. | **UNDER SEAL** |
| 28 | |

Plaintiff Anthony Levandowski ("Mr. Levandowski") submits this Administrative Motion to seal pursuant to Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Civil Local Rule 79-5 (applicable here pursuant to Local Bankruptcy Rule 1001-2(a)), for entry of an order permitting Mr. Levandowski to file under seal certain exhibits to the January 31, 2022 Declaration of Brett M. Schuman ("Schuman Decl.") in Support of Plaintiff's Motion *in Limine* to Exclude Evidence and Argument in Support of Uber's Equitable Indemnity Counterclaims ("Motion") and to redact portions of the Motion relying on the exhibits.

## I. BACKGROUND

On September 16, 2020, the Bankruptcy Court entered a Protective Order in the adversary proceeding ("Protective Order"). *See* Adv. Dkt. No. 42. The Protective Order recognizes the parties' obligation to follow the procedures set forth in Civil Local Rule 79-5 when warranted. The parties to this action are bound by additional protective orders entered into in the prior litigation *Waymo LLC vs. Uber Technologies, et al.*, (Case No. 17-00939) ("*Waymo* litigation") and in *Google LLC v. Levandowski*, JAMS Case No. 1100086069 ("Google arbitration").

## II. BASIS FOR RELIEF REQUESTED

The Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules authorize the Court to restrict disclosure of confidential information if such restrictions protect the parties from potential harm. Bankruptcy Code § 107(b) provides that upon a parties' request to seal or redact information, "the bankruptcy court *shall*" issue any order to "protect an entity with respect to a trade secret or *confidential* research, development or commercial information." 11 U.S.C. § 107(b) (emphasis added). The Bankruptcy Rules similarly permit the Court to issue any orders that "justice requires," including orders "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. In addition, the Bankruptcy Local Rules provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (which applies to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

Mr. Levandowski provisionally requests to file a redacted motion *in limine* and to file the below exhibits under seal:

- **Exhibit B** contains highly confidential information related to the February 2018 Uber-Waymo Settlement Agreement. This Court has previously approved the sealing of any content that discusses or divulges the settlement agreement negotiations or terms. *See, e.g.*, Adv. Dkt. Nos. 25, 28, 300, 307.

- **Exhibit C** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.

- **Exhibit D** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.

- **Exhibit E** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.

- **Exhibit H** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.

- **Exhibit I** contains details of the Stroz investigation, which Uber has previously requested be sealed. *See* Adv. Dkt. No. 93. This Court has previously approved the sealing of content related to the Stroz investigation. *See* Adv. Dkt. No. 95.

- **Exhibit L** contains confidential information related to the Google arbitration, which Uber, Waymo, and Lior Ron have previously requested be sealed. This Court has previously approved the sealing of the Google arbitration award. *See* Adv. Dkt. No. 245.

Mr. Levandowski takes no position on whether any of the above exhibits should be sealed from the public, but understands that Uber, Waymo, and non-parties to this action may ask for these exhibits to remain sealed. Mr. Levandowski seeks to provide Uber, Waymo, and non-parties with an opportunity to file supporting declarations establishing their confidentiality interests pursuant to Civil Local Rule 79-5. Mr. Levandowski does not seek to file remaining Exhibits A, F, G, J, and K under seal.

//

2

III.    CONCLUSION

For all of the foregoing reasons, Mr. Levandowski respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order.

Dated: January 31, 2022                    GOODWIN PROCTER LLP

By: /s/ *Brett M. Schuman*
Brett Schuman
Jennifer Briggs Fisher
Andrew S. Ong

*Attorneys for Plaintiff and Debtor and Debtor in Possession*
ANTHONY S. LEVANDOWSKI

3