Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor, Suite 4000
San Francisco, CA 94105-1020
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Katharine R. McLaughlin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com
kmclaughlin@jenner.com

*Attorneys for Defendant*
*Uber Technologies, Inc.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>    Debtor. | Case No. 20-30242 (HLB)<br><br>Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.<br><br>    Defendant. | Adv. Pro. No. 20-03050 (HLB)<br><br>**DECLARATION OF KATHARINE R. MCLAUGHLIN IN PARTIAL SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE REDACTED MOTION IN LIMINE AND TO FILE EXHIBITS UNDER SEAL** |

I, Katharine R. McLaughlin, hereby declare as follows:

1. I am co-counsel to defendant Uber Technologies, Inc. in the above entitled action and have personal knowledge of the facts contained in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in connection with *Plaintiff's Administrative Motion to File Partially Redacted Motion in Limine to Exclude Evidence and Argument in Support of Uber's Equitable Indemnity Counterclaims and to File Unredacted Exhibits B, C, D, E, H, I, and L Under Seal* ("Plaintiff's Motion to Seal") (Dkt. 410), dated January 31, 2022.

3. On February 7, 2022, the Court entered an order denying Plaintiff's Motion to Seal, noting that there had been no responsive declarations filed. (Dkt. 425). Due to the recent amendments to Civil L.R. 79-5(f) for the Northern District of California, made applicable to bankruptcy cases pursuant to Bankr. L.R. 1001-2(a), "Designating Parties" now have seven days instead of four to file a statement or declaration in support of a motion to seal or redact. (Civil L.R. was amended in the later part of 2021). The prior version of L.R. 79-5 provided Designating Parties with four days to file such statements or declarations. The deadline to file this responsive declaration is therefore February 7, 2022.

4. Plaintiff's Motion to Seal provisionally requests to file under seal certain exhibits to *Plaintiff's Motion in Limine to Exclude Evidence and Argument in Support of Uber's Equitable Indemnity Counterclaims* ("Motion in Limine") (Dkt. 413), and to redact portions of the Motion relying on those exhibits.

5. As a general matter, Uber supports Waymo's and Google's reasonable interests in protecting the confidentiality of their trade secrets and/or confidential information. Uber also made certain contractual commitments to respect the confidentiality of certain documents referencing Waymo's alleged trade secrets and/or confidential information. To ensure that it meets these obligations, Uber supports any reasonable requests by Waymo or Google for sealing with respect to Plaintiff's Motion to Seal. Except as specifically stated below, Uber does not assert any independent confidentiality interests of its own with respect to this Motion to Seal.

6. Uber requests that the Court seal the following:

a. Exhibit B, the Waymo settlement agreement. The Court has ordered the sealing of the Waymo settlement agreement and has permitted the redaction of text discussing and quoting from that agreement on multiple occasions. (*E.g.*, Dkts. 28, 300.) Accordingly, Uber requests that the Court seal this document again, and believes this is consistent with the Court's prior orders.

b. The portion of Exhibit C, an interrogatory response by Uber, that quotes from the Waymo settlement agreement. (Ex. C at 4:6-11.) The Court has ordered the sealing of the Waymo settlement agreement and has permitted the redaction of text discussing and quoting from that agreement on multiple occasions. (*E.g.*, Dkts. 28, 300.) Accordingly, Uber requests that the Court seal this information again, and believes this is consistent with the Court's prior orders.

c. Exhibit I, which is work product related to the Stroz Friedberg investigation. The court has previously ordered the sealing of materials related to the Stroz Friedberg investigation. (Dkt. 300 at 25; Dkt. 93, 95.) Accordingly, Uber requests that the Court seal this information again, and believes this is consistent with the Court's prior orders.

d. The portion of Mr. Levandowski's Motion in Limine that quotes or discusses any of the above, including page 4, line 20 which cites to Exhibit B. For the reasons stated in paragraphs a-c, Uber believes this is consistent with the Court's prior orders.

7. Exhibit D is a copy of the expert report of Melissa A. Bennis. The report discusses a deferred compensation plan that Google has contended is highly confidential and competitively sensitive and references some of the terms of the Waymo settlement. Other than the references to the Waymo settlement, Uber has no independent interest in sealing this document, but does not oppose any reasonable request by Google to redact (a) any portions of this expert report that reveal competitively sensitive information, or (b) any portions of Mr. Levandoski's Motion in Limine that quote or discuss the same. For those portions of the report that directly state or reference the terms of the Waymo settlement - on pages 19 (beginning with the last sentence on the page "I understand that

3

in order…") through the first three lines on page 20 - Uber believes that those portions of Ex. D should remain under seal consistent with the Court's orders authorizing the sealing of the Waymo settlement.

8. Exhibit H is the 2021 expert report of Dr. Gerdes. Exhibit H contains information that Waymo believes constitutes confidential information and trade secrets. Uber made certain contractual commitments to respect the confidentiality of certain documents referencing Waymo's alleged trade secrets and/or confidential information. For that reason, Uber does not oppose any reasonable request by Waymo or Google to redact (a) the technical and confidential information in this exhibit, the disclosure of which would result in competitive harm, or (b) any portions of Mr. Levandowski's Motion in Limine that quote or discuss the same.

I declare under the penalty of perjury that the statements included in this Declaration are true and correct. Executed on this 7th day of February 2022 in Chicago, Illinois.

*/s/ Katharine Ciliberti*
Katharine Ciliberti

STATE OF CALIFORNIA )
)
CITY OF SAN FRANCISCO )

I, Oliver Carpio, am employed in the city of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Market Plaza, Spear Tower, 40th Floor, Suite 4000, San Francisco, California 94105-1020.

On February 7, 2022, I caused to be served the following documents in the manner stated below:

- **DECLARATION OF KATHARINE MCLAUGHLIN IN PARTIAL SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE REDACTED MOTION IN LIMINE AND TO FILE EXHIBITS UNDER SEAL**

☑ (BY EMAIL) On February 7, 2022, I caused the above-described document(s) to be sent by e-mail to the parties identified below at the e-mail addresses listed.

| **Attorneys for Google LLC** | **Attorneys for Anthony S. Levandowski** |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Thomas B. Walper (thomas.walper@mto.com)<br>John W. Berry (john.berry@mto.com)<br>Alexander S. Gorin (alex.gorin@mto.com) | **KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (tkeller@kbkllp.com)<br>Dara L. Silveira (dsilveira@kbkllp.com) |
| **KEKER, VAN NEST & PETERS LLC**<br>Rachael E. Meny (rmeny@keker.com)<br>Thomas E. Gorman (tgorman@keker.com)<br>Reid Mullen (rmullen@keker.com)<br>albk-kvp@keker.com | **GOODWIN PROCTER LLP**<br>Brett Schuman (bschuman@goodwinlaw.com)<br>Rachel M. Walsh (rwalsh@goodwinlaw.com) |
| **Attorneys for Waymo, LLC** | |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Jordan Jaffe, Esq.<br>(jordanjaffe@quinnemanuel.com) | |

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 7, 2022 at San Francisco, California

            */s/ Oliver Carpio*
            Legal Assistant

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA