# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>ANTHONY SCOTT LEVANDOWSKI,<br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br>Hon. Hannah L. Blumenstiel |
| ANTHONY SCOTT LEVANDOWSKI,<br>Plaintiff,<br>UBER TECHNOLOGIES, INC.,<br>Defendant. | Adv. Proceeding No. 20-03050<br><br>**DECLARATION OF JEFF NARDINELLI IN SUPPORT OF ANTHONY LEVANDOWSKI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [Dkt. No. 410]** |

DECLARATION OF JEFF NARDINELLI IN SUPPORT OF ANTHONY LEVANDOWSKI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 410)

Case: 20-03050    Doc# 428    Filed: 02/07/22    Entered: 02/07/22 12:15:50    Page 1 of 4

I, Jeffrey W. Nardinelli, hereby declare:

1.  I am an attorney at the law firm of Quinn, Emanuel, Urquhart & Sullivan, LLP and counsel of record for non-party Waymo LLC ("Waymo") in the above-captioned matter. I am a member of the bar of the State of California. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.  Pursuant to Civil Local Rule 79-5(f)(3), applicable to this proceeding under B.L.R. 1001-2, I submit this declaration in support of Plaintiff Anthony Levandowski's Administrative Motion to File Under Seal (Dkt. No. 410[1]) portions of Plaintiff's Motion *in Limine* to Exclude Evidence and Argument in Support of Uber's Equitable Indemnity Counterclaims (the "Motion") and exhibits thereto.[2]

3.  Under section 107(a) of the Bankruptcy Code, papers filed in bankruptcy court are "public records" except as provided by section 107(b). 11 U.S.C. § 107(a). Under section 107(b), "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Courts must consider sealing requests "even more carefully when the person objecting to the disclosure was not a party to the proceeding." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 433 (9th Cir. 2011). Although protection of confidential information "is required," a court "has discretion when deciding how to protect commercial information." *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). For example, where only part of a document

---

[1] Mr. Levandowski styled his sealing motion as an Administrative Motion to File Under Seal. Civil Local Rule 79-5(f) requires that when moving to seal a document designated confidential by another party or non-party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Waymo treats Mr. Levandowski's sealing motion as an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, and files this Declaration pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1).

[2] The exhibits were filed as exhibits to the Declaration of Brett M. Schuman (Dkt. No. 413-1).

-1-

DECLARATION OF JEFFREY NARDINELLI IN SUPPORT OF ANTHONY LEVANDOWSKI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 410)

Case: 20-03050    Doc# 428    Filed: 02/07/22    Entered: 02/07/22 12:15:50    Page 2 of 4

qualifies for protection, the court may order the document redacted, rather than sealed in its entirety. *Id.*

4. Waymo requests that the following documents be sealed and/or redacted:

| Document | Portion to be Sealed |
|---|---|
| Motion | Page 1, lines 7-8 (portions disclosing consideration) <br> Page 4, line 20 (same) <br> Page 5, lines 4 and 10 (same) |
| Schuman Ex. B | Entire document |
| Schuman Ex. C | Page 4, lines 4-14 (disclosing terms of Settlement Agreement) |
| Schuman Ex. H | Same redactions as Dkt. No. 369 |

5. With respect to the Motion: At pages 1, 4, and 5, Waymo proposes to redact confidential consideration terms from the February 2018 Settlement Agreement from the federal trade secret lawsuit, *Waymo LLC v. Uber Techs., Inc.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.) (the "Settlement Agreement"). The Court previously ordered that the Settlement Agreement and references to its terms be sealed. *See* Dkt. No. 245 (granting Uber's motion to seal a copy of the Settlement Agreement); *see also* Dkt. No. 28 (granting motion to redact settlement related information in Uber's opposition to Google's motion to intervene); Dkt. No. 32 (same, in Google LLC's reply in support of its motion to intervene); Dkt. No. 44 (same, in Uber's amended answer); Dkt. No. 156 (ordering references to and descriptions and quotations of Settlement Agreement to be filed under seal); Dkt. No. 186 (ordering references to the terms of the Settlement Agreement redacted); Dkt. No. 276 (ordering the Settlement Agreement be filed under seal as well as exhibits that discuss, refer to, or quote the Settlement Agreement). The Settlement Agreement is confidential by its own terms, and was and is treated as confidential by the parties. Its terms are confidential and sensitive for business reasons.

6. ***Exhibit B*** to the Schuman Declaration is the Settlement Agreement. Waymo requests that the Settlement Agreement remain entirely under seal, consistent with this Court's

-2-
DECLARATION OF JEFF NARDINELLI IN SUPPORT OF ANTHONY LEVANDOWSKI'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 410)

Case: 20-03050  Doc# 428  Filed: 02/07/22  Entered: 02/07/22 12:15:50  Page 3 of 4

1 prior rulings. *See, e.g.*, Dkt. No. 276 ("The court will adhere to its prior orders, and therefore agrees that … copies of the Waymo Settlement Agreement itself, should be filed under seal.").

7. ***Exhibit C*** to the Schuman Declaration is an interrogatory response from Uber that describes and quotes from the Settlement Agreement. Waymo requests that the portions of Exhibit C that describe and quote the terms of the Settlement Agreement remain sealed, consistent with this Court's prior rulings. *See, e.g.*, Dkt. No. 276 ("The court will permit the Proposed Redactions … as they pertain to discussions of, references to, or direct quotes from the Waymo Settlement Agreement or its terms.").

8. ***Exhibit H*** to the Schuman Declaration is a document entitled "Expert Disclosure of J. Christian Gerdes," dated February 22, 2021. This Court has previously received extensive briefing on the sealing of this exact document, and has issued an order permitting portions of the document to be filed under seal. Dkt. Nos. 360-364 (briefing and proposed redactions), 367 (order permitting certain portions of the Gerdes documents to remain under seal). The public redacted version of this document is filed at Dkt. No. 369. Waymo requests that Exhibit H to the Schuman Declaration be redacted in the same way as previously ordered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 7th day of February, 2022, at San Francisco, California.

                       */s/ Jeff Nardinelli*
                       Jeff Nardinelli

-3-
DECLARATION OF JEFF NARDINELLI IN SUPPORT OF ANTHONY LEVANDOWSKI'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 410)