# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>ANTHONY SCOTT LEVANDOWSKI,<br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br>Hon. Hannah L. Blumenstiel |
| ANTHONY SCOTT LEVANDOWSKI,<br>Plaintiff,<br>UBER TECHNOLOGIES, INC.,<br>Defendant. | Adv. Proceeding No. 20-03050<br><br>**DECLARATION OF JEFF NARDINELLI IN SUPPORT OF UBER'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [Dkt. No. 412]** |

I, Jeffrey W. Nardinelli, hereby declare:

1. I am an attorney at the law firm of Quinn, Emanuel, Urquhart & Sullivan, LLP and counsel of record for non-party Waymo LLC ("Waymo") in the above-captioned matter. I am a member of the bar of the State of California. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. Pursuant to Civil Local Rule 79-5(f)(3), applicable to this proceeding under B.L.R. 1001-2, I submit this declaration in support of Defendant Uber Technologies, Inc. ("Uber") Administrative Motion to File Partially Redacted Motions in *Limine* (Dkt. No. 412).[1]

3. Under section 107(a) of the Bankruptcy Code, papers filed in bankruptcy court are "public records" except as provided by section 107(b). 11 U.S.C. § 107(a). Under section 107(b), "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Courts must consider sealing requests "even more carefully when the person objecting to the disclosure was not a party to the proceeding." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 433 (9th Cir. 2011). Although protection of confidential information "is required," a court "has discretion when deciding how to protect commercial information." *In re Borders Grp.*, Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). For example, where only part of a document qualifies for protection, the court may order the document redacted, rather than sealed in its entirety. *Id.*

4. Waymo requests that that the following documents be sealed and/or redacted:

---

[1] Uber styled its sealing motion as an Administrative Motion to File Partially Redacted Motions in *Limine* . Civil Local Rule 79-5(f) requires that when moving to seal a document designated confidential by another party or non-party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Waymo treats Uber's sealing motion as an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, and files this Declaration pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1).

| Document | Portion to be Sealed |
|---|---|
| Uber's Motion *in Limine* Barring Alleged Evidence and Argument About Uber's Alleged Motivations and Intent to Harm Google (the "Motive MIL") (Dkt. No. 419-1) | Footnote 3, spanning pages 6-7, everything after the line "In fact, when Waymo settled its lawsuit against Uber in exchange for $250 million" |
| Exhibit 2 to the Declaration of Katharine McLaughlin (Dkt. No. 421-2) | The following portions that discuss or quote from the Settlement Agreement:<br><br>Page 1, lines 19 (the text following "which" should be redacted)<br><br>Page 2, lines 7-12<br><br>Page 4, lines 25-28<br><br>Page 5, line 3 (the final six words of the line)<br><br>Page 5, lines 10-26<br><br>Page 6 (entire page except n. 6)<br><br>Page 7, lines 1-7<br><br>Page 8, lines 14-16 (on line 14, the text following "confirms that" should be redacted; on line 16, "Thus, there is no offset" may remain unredacted)<br><br>Page 11, lines 1-2 (sub-header)<br><br>Page 11, lines 12-28<br><br>Page 12, lines 1-13<br><br>Page 12, line 21 (text following the colon)<br><br>Page 12, line 22 (first word)<br><br>Page 12, n. 11, portions of the first line (the redacted version should read: "While Google believes that these [REDACTED] are unambiguous, to"<br><br>Page 14, line 24 (the text following "secret settlement agreement") |

| Document | Portion to be Sealed |
|---|---|
| | Page 15, lines 13.5 to 22 (beginning with item (3) at line 13.5) |
| | Page 16, lines 1-6 |
| | Page 16, line 10 (should read: "payment from Uber [REDACTED] against Respondents as a matter" |
| | Page 16, n. 13 (second line) |
| | Page 17, lines 7-8 (should read: Uber, but rather a demonstration of the fact that [REDACTED]. Indeed, in Uber's recent S-1 filed with the S.E.C. in" |
| | Page 18, lines 8-9 (subheader should read: "The settlement agreement provides a [REDACTED] that has a 'reasonable basis' in evidence.") |
| | Page 18, lines 13.5-14.5 |
| | Page 18, n. 16 (final two lines of the footnote) |
| | Page 19, lines 3-5 |
| | Page 19, lines 13-20 |
| | Page 19, lines 23-27 |
| | Page 20, lines 1-17 |
| | Page 21, lines 8-11 |
| | Page 21, n. 19 |
| | Page 21, n. 20 |
| | Page 22, lines 2-4 (should read: " If the Panel even reaches the allocation issue (it need not), it should adopt the [REDACTED], and accordingly award no offset credit to the Interim Award.") |

-3-
DECLARATION OF JEFF NARDINELLI IN SUPPORT OF UBER'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 412)

| Document | Portion to be Sealed |
|---|---|
| | Page 22, line 6 (should read: discovery, is needed to substantiate [REDACTED], and should") |
| | Page 22, line 9 (should read: *arbitration*-- [REDACTED] and which needs no further") |
| | Page 25, line 11 (should read: [REDACTED]. This, too, kills Levandowski's argument,") |
| | Page 25, lines 20-23 (should read: "Levandowski first asserts that [REDACTED]. *Scott v. Snelling and Snelling*, 732 F. Supp. 1034, 1038") |
| | Page 25, n. 23 (text inside the parenthetical) |
| | Page 26, line 4 |
| | Page 26, lines 9-16 |
| | Page 26, lines 23-24 |
| | Page 27, line 1 (portion inside the quotation) |

5. With respect to the Motive MIL: Footnote 3 spanning pages 6-7 describes the terms of, and quotes from, the February 2018 Settlement Agreement from the federal trade secret lawsuit, *Waymo LLC v. Uber Techs., Inc.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.) (the "Settlement Agreement"). The Court previously ordered that the Settlement Agreement and references to its terms be sealed. *See* Dkt. No. 276 ("The court will permit the Proposed Redactions … as they pertain to discussions of, references to, or direct quotes from the Waymo Settlement Agreement or its terms."); *see also* Dkt. No. 28 (granting motion to redact settlement related information in Uber's opposition to Google's motion to intervene); Dkt. No. 32 (same, in Google LLC's reply in support of its motion to intervene); Dkt. No. 44 (same, in Uber's amended answer); Dkt. No. 156 (ordering references to and descriptions and quotations of Settlement

-4-

DECLARATION OF JEFF NARDINELLI IN SUPPORT OF UBER'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 412)

Case: 20-03050    Doc# 429    Filed: 02/07/22    Entered: 02/07/22 12:18:32    Page 5 of 6

Agreement to be filed under seal); Dkt. No. 186 (ordering references to the terms of the Settlement Agreement redacted); Dkt. No. 245 (granting Uber's motion to seal a copy of the Settlement Agreement). The Settlement Agreement is confidential by its own terms, and its terms have been regularly treated as confidential by the parties and this Court. Waymo believes Uber's proposed redactions to the Motive MIL (*see* Dkt. 415-1 and 419-1) sufficiently protect Waymo's confidential information, and therefore requests that the Court redact the Motive MIL in that manner.

6. ***Exhibit 2*** to the McLaughlin Declaration is Google LLC's ("Google") Response to Respondents' Motion for Offset from Google's arbitration proceedings against Anthony Levandowski and Lior Ron. Exhibit 2 extensively refers to, and quotes from, the Settlement Agreement. Waymo requests that the portions of Exhibit 2 that describe, quote from, or otherwise reveal the terms of the Settlement Agreement remain sealed, consistent with this Court's prior rulings. *See, e.g.*, Dkt. No. 276. Waymo's proposed redactions are carefully tailored to prevent the revelation of the confidential terms of the Settlement Agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 7th day of February, 2022, at San Francisco, California.

    */s/ Jeff Nardinelli*
Jeff Nardinelli