TOBIAS S. KELLER (SBN 151445)
*TKeller@kbkllp.com*
DARA L. SILVEIRA (SBN 274923)
*DSilveira@kbkllp.com*
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Tel.: (415) 364-6793
Fax: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*
JENNIFER BRIGGS FISHER (SBN 241321)
*JFisher@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero
San Francisco, California 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

ANDREW S. ONG (SBN 267889)
*AOng@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 90017
Tel.: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Plaintiff and Debtor and
Debtor in Possession ANTHONY S. LEVANDOWSKI

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel |
| ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | **Adv. Pro. No. 20-03050 (HLB)**<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PARTIALLY REDACTED OPPOSITIONS TO UBER'S MOTIONS *IN LIMINE* AND TO FILE EXHIBITS A, B, C, D, E, F, G, H, I, K, L AND O UNDER SEAL** |

Plaintiff Anthony Levandowski ("Mr. Levandowski") submits this Administrative Motion to seal pursuant to Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Civil Local Rule 79-5 (applicable here pursuant to Local Bankruptcy Rule 1001-2(a)), for entry of an order permitting Mr. Levandowski to file under seal certain exhibits to the February 7, 2022 Declaration of Brett M. Schuman ("Schuman Decl.") in Support of (1) Plaintiff's Opposition to Uber's Motion *In Limine* Barring Alleged Evidence And Argument About Uber's Alleged Motivations And Intent to Harm Google, (2) Plaintiff's Opposition to Uber's Motion *In Limine* Barring Alleged Evidence And Argument In Support Of Plaintiff's Alleged Consequential Damages Claim, and (3) Plaintiff's Opposition to Uber's Motion *In Limine* Regarding Arbitration Award ("Oppositions") and to redact portions of the Oppositions relying on the exhibits and other materials filed provisionally under seal.

## I. BACKGROUND

On September 16, 2020, the Bankruptcy Court entered a Protective Order in the adversary proceeding ("Protective Order"). *See* Adv. Dkt. No. 42. The Protective Order recognizes the parties' obligation to follow the procedures set forth in Civil Local Rule 79-5 when warranted. The parties to this action are bound by additional protective orders entered into in the prior litigation *Waymo LLC vs. Uber Technologies, et al.*, (Case No. 17-00939) ("Waymo litigation") and in *Google LLC v. Levandowski*, JAMS Case No. 1100086069 ("Google arbitration").

## II. BASIS FOR RELIEF REQUESTED

The Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules authorize the Court to restrict disclosure of confidential information if such restrictions protect the parties from potential harm. Bankruptcy Code § 107(b) provides that upon a parties' request to seal or redact information, "the bankruptcy court *shall*" issue any order to "protect an entity with respect to a trade secret or *confidential* research, development or commercial information." 11 U.S.C. § 107(b) (emphasis added). The Bankruptcy Rules similarly permit the Court to issue any orders that "justice requires," including orders "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr.

P. 9018. In addition, the Bankruptcy Local Rules provide that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document or portions thereof." Civil Local Rule 79-5 (which applies to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)).

Mr. Levandowski provisionally requests to file redacted Oppositions and to file the below exhibits under seal:

- **Exhibit A** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit B** contains information designated Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit C** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit D** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit E** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit F** contains information designated Confidential pursuant to the parties' Protective Order.
- **Exhibit G** contains information designated Highly Confidential pursuant to the parties' Protective Order.
- **Exhibit H** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit I** contains information designated Highly Confidential by Uber pursuant to the parties' Protective Order.
- **Exhibit K** contains information designated Confidential pursuant to the parties' Protective Order.
- **Exhibit L** contains information designated Confidential pursuant to the parties' Protective Order.

- **Exhibit O** contains information designated Highly Confidential pursuant to the parties' Protective Order.

Mr. Levandowski takes no position on whether any of the above exhibits should be sealed from the public, but understands that Uber, Waymo, and non-parties to this action may ask for these exhibits to remain sealed. Mr. Levandowski seeks to provide Uber, Waymo, and non-parties with an opportunity to file supporting declarations establishing their confidentiality interests pursuant to Civil Local Rule 79-5. Mr. Levandowski does not seek to file remaining Exhibits J, M, and N under seal.

### III. CONCLUSION

For all of the foregoing reasons, Mr. Levandowski respectfully requests that the Court grant this Administrative Motion and enter the accompanying proposed order.

Dated: February 7, 2022          GOODWIN PROCTER LLP

By: /s/ *Brett M. Schuman*
Brett Schuman
Jennifer Briggs Fisher
Andrew S. Ong

*Attorneys for Plaintiff and Debtor and Debtor in Possession*
ANTHONY S. LEVANDOWSKI