TOBIAS S. KELLER (SBN 151445)
*TKeller@kbkllp.com*
DARA L. SILVEIRA (SBN 274923)
*DSilveira@kbkllp.com*
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Tel.: (415) 364-6793
Fax: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*
JENNIFER BRIGGS FISHER (SBN 241321)
*JFisher@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero
San Francisco, California 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

ANDREW S. ONG (SBN 267889)
*AOng@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 90017
Tel.: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Plaintiff and Debtor and
Debtor in Possession ANTHONY S. LEVANDOWSKI

**REDACTED VERSION SOUGHT TO BE SEALED**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel<br><br>**Adv. Pro. No. 20-03050 (HLB)** |
| ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | **PLAINTIFF'S OPPOSITION TO UBER'S MOTION *IN LIMINE* BARRING ALLEGED EVIDENCE AND ARGUMENT ABOUT UBER'S ALLEGED MOTIVATIONS AND INTENT TO HARM GOOGLE** |

# TABLE OF CONTENTS

I. INTRODUCTION. ........................................................................................................... 1

II. ARGUMENT. ................................................................................................................. 2

    A. MR. LEVANDOWSKI SHOULD BE ALLOWED TO INTRODUCE EVIDENCE AND TESTIMONY TO SHOW UBER'S WRONGDOING. ........... 2

        1. UBER'S OWN MISCONDUCT IS RELEVANT TO ITS UNCLEAN HANDS DEFENSE. ........................................................... 2

        2. UBER'S OWN MISCONDUCT IS RELEVANT TO ITS EQUITABLE INDEMNITY COUNTERCLAIM. ................................... 4

    B. MR. LEVANDOWSKI WOULD BE HIGHLY PREJUDICED IF BARRED FROM INTRODUCING EVIDENCE OF UBER'S WRONGDOING AT TRIAL. ............................................................................................ 5

    C. UBER'S *IN PARI DELICTO* ARGUMENT IS IMPROPER IN A MOTION *IN LIMINE*. ................................................................................. 7

III. CONCLUSION. ............................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Motorcycle Assn. v. Superior Ct.*,
 20 Cal. 3d 578 (1978) ............................................................................................................ 5

*Baird v. Jones*,
 21 Cal. App. 4th 684 (1993) .................................................................................................. 5

*Belling v. Croter*,
 57 Cal. App. 2d 296 (1943) ............................................................................................. 3, 4

*Bullard v. Wastequip Mfg. Co. LLC*,
 2015 WL 13757143 (C.D. Cal. May 4, 2015) ...................................................................... 6

*De Garmo v. Goldman*,
 19 Cal. 2d 755, 764-65 (1942) .............................................................................................. 2

*Deters v. Equifax Credit Info. Servs., Inc.*,
 202 F.3d (10th Cir. 2000) ...................................................................................................... 5

*E.E.O.C. v. Farmer Bros. Co.*,
 31 F.3d 891 (9th Cir. 1994) ................................................................................................... 6

*Gulf States Utilities Co. v. Ecodyne Corp.*,
 635 F.2d 517, 519 (5th Cir. 1981) ........................................................................................ 6

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
 637 F.3d 939 (9th Cir. 2011) ................................................................................................. 2

*Ohio Six Ltd. v. Motel 6 Operating L.P.*,
 2013 WL 12125747 (C.D. Cal. Aug. 7, 2013) ..................................................................... 5

*Pilot Catastrophe Servs., Inc. v. Manuel*,
 No. 2:20-CV-1083-TLN-DMC, 2021 WL 4261499 (E.D. Cal. Sept. 20, 2021) ................. 5

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
 324 U.S. 806 (1945) .............................................................................................................. 2

*Republic Molding Corp. v. B. W. Photo Utilities*,
 319 F.2d 347 (9th Cir. 1963) ............................................................................................ 2, 3

*United States v. Blaylock*,
 20 F.3d 1458 (9th Cir. 1994) ................................................................................................. 5

*United States v. Caudle*,
 48 F.3d 433, 435 (9th Cir. 1995) .......................................................................................... 6

*United States v. Heller*,
 551 F.3d 1108 (9th Cir. 2009) ............................................................................................. 3, 7

*United States v. Ziska*,
 267 F. App'x 717 (9th Cir. 2008) ............................................................................................ 6

**Statutes**

11 U.S.C. § 523(a)(6) ................................................................................................................. 1

**Other Authorities**

Fed. R. Evid. 401 ....................................................................................................................... 2

Fed. R. Evid. 403 ....................................................................................................................... 5

# I. INTRODUCTION.

The Court should deny Uber's motion *in limine* seeking to bar Google[1] from putting forth "argument and evidence about Uber's alleged motivations or intent as to Google." *See* Adv. Dkt. No. 419-1 ("Mot."). Uber complains that Google will argue at trial that Uber is a "bad actor" who "intended to harm Google." *Id.* at 1. Denying the existence of any "secret scheme" to harm Google, Uber contends that its "bad motives" are irrelevant. *Id.* at 2.

Mr. Levandowski disagrees. Uber's own wrongdoing is highly relevant to issues in this case,[2] including, but not limited to, Uber's unclean hands defense and equitable indemnity counterclaim.[3] This is especially true given that Uber apparently intends to argue that it had no (or extremely little) fault in the wrongdoing that led to the Waymo settlement and the Google arbitration decision, as noted in Mr. Levandowski's recently filed motion *in limine*. *See* Adv. Dkt. No. 404. Uber's sweeping assertion that its "**only share in the fault** was that it failed to discover what Levandowski had done because of Levandowski's lies," *id.* at 25 (emphasis added), opens the door for Mr. Levandowski to offer evidence and testimony at trial demonstrating the substantial role Uber played in the fault it now disclaims. Given the position that Uber has taken, it would be highly prejudicial to Mr. Levandowski to limit presentation of this clearly relevant evidence.

While Uber's attempt to avoid having its dirty laundry aired at trial is completely baseless, Mr. Levandowski agrees with Uber's motion in one regard. Mr. Levandowski agrees that, to the extent Google is trying to establish that its judgment is not dischargeable under 11 U.S.C.

---

[1] Uber's motion almost completely targets Google, but to the extent that Uber seeks to bar Mr. Levandowski from putting forth evidence and testimony at trial pertaining to Uber's motivations, intent, and overall wrongdoing in the so-called "secret scheme," Mr. Levandowski objects for all of the reasons set forth in this opposition.

[2] Many of Uber's asserted affirmative defenses and counterclaims implicate Uber's own wrongdoing. For the sake of brevity, this opposition focuses on Uber's unclean hands defense and equitable indemnity counterclaim as examples of how evidence of Uber's wrongdoing is highly relevant to issues in this litigation.

[3] Uber alleged "Contribution Of The Value Of The Consideration Provided to Settle The Waymo Litigation" in its counterclaims. *See* Adv. Dkt. No. 45. In the Court's Omnibus Order Re Motions for Summary Judgment on Fraud and Statute of Limitations, the Court construed Uber's contribution claim as an equitable indemnity claim. *See* Adv. Dkt. No. 344 at 75-77. For purposes of this opposition to Uber's motion *in limine*, and without waiving any rights to challenge the Court's Omnibus Order Re Motions for Summary Judgment, Mr. Levandowski will treat Uber's counterclaim as an equitable indemnity claim.

§ 523(a)(6) through evidence and testimony at <u>this</u> trial, the Court should not allow it. *See* Mot. at 3 n.1. Uber and Mr. Levandowski are in agreement that the factual and legal issues to be litigated at trial should be those set forth in the Joint Pretrial Statement. *See* Adv. Dkt. No. 409 at 5-14.

For the reasons set forth below, Mr. Levandowski respectfully requests that the Court deny Uber's motion *in limine* to the extent that it purports to limit Mr. Levandowski from presenting argument or evidence as to Uber's own wrongdoing.

**II.     ARGUMENT.**

    **A.     Mr. Levandowski Should Be Allowed to Introduce Evidence and Testimony to Show Uber's Wrongdoing.**

Relevant evidence is anything that has a "tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011). Here, Uber seeks to exclude evidence of its own wrongdoing, claiming that such evidence is irrelevant to Mr. Levandowski's breach of contract claims. But Uber fails to acknowledge that evidence of its motivations, intent, and bad behavior is directly relevant to Uber's counterclaims and defenses. Accordingly, the Court should reject Uber's request to exclude evidence of its own wrongdoing.

        **1.     Uber's Own Misconduct Is Relevant to Its Unclean Hands Defense.**

Evidence of Uber's wrongdoing vis-à-vis Google is relevant to Uber's unclean hands defense, and Mr. Levandowski should be permitted to present such evidence at trial. When considering an unclean hands defense, courts "should not automatically condone" a defendant's wrongdoing just because a plaintiff is also blameworthy, as such a result would "leav[e] two wrongs unremedied and increas[e] the injury to the public." *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 350 (9th Cir. 1963). Indeed, as the Supreme Court has stated, "'he who comes into equity must come with clean hands.'" *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *see also De Garmo v. Goldman*, 19 Cal. 2d 755, 764-65 (1942) (same). When addressing unclean hands, courts should seek to strike an "equitable balance," ensuring that "each party's wrong upon the other and upon the public" is "taken into

account." *Republic Molding*, 319 F.2d at 350.

Uber asks the Court to ignore Supreme Court, California Supreme Court, and Ninth Circuit precedent by arguing that "Google's allegation that Uber wanted to harm Google has nothing whatsoever to do with what Levandowski would have to establish to defeat Uber's unclean hands defense." Mot. at 10-11. There is no basis in the law for Uber's argument. Without evidence of Uber's wrongdoing, the Court cannot properly weigh each party's wrongs. *See Republic Molding*, 319 F.2d at 350.

Uber relies on *Belling v. Croter*, 57 Cal. App. 2d 296 (1943), to argue that its own unclean hands are irrelevant, *see* Mot. at 10, but *Belling* does not support Uber's position. In *Belling*, the appellate court recognized both the rule and the exception to the unclean hands defense in which a party guilty of wrongdoing should not be denied relief "if it be shown that he is the one 'least at fault,'" and "the party against whom relief is sought was guilty of wrongdoing in respect to the same matters and is 'most in fault.'" 57 Cal. App. 2d at 304 (citations omitted). In its brief, Uber completely ignores the exception, as it would require the Court to consider Uber's own misconduct in order to weigh the parties' comparative fault. Uber instead argues that there is "zero evidence" that Uber behaved badly with respect to Mr. Levandowski. *See* Mot. at 10-11. But this argument is improper in a motion *in limine*, as Uber is not seeking an evidentiary ruling from the Court. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Instead, Uber is asking the Court to rule as a matter of law that its unclean hands defense can be properly asserted. Such a ruling at this stage would be improper, particularly without taking into account any of Uber's own wrongdoing.

Moreover, Uber is wrong that there is "zero evidence" of its own misconduct. The evidence will show that it was **Uber** that actively pushed for Mr. Levandowski and his team to join the company, as Mr. Levandowski was still weighing his options of how to move forward in the self-driving space after leaving Google. *See, e.g.*, Schuman Decl., Ex. A (noting that Mr. Levandowski's "Plan A" would be "[l]ess damage to Google if the team goes off to do its own thing"). The evidence of Uber's motivations and intent to harm Google will also show that Uber was willing to do whatever it took to catch up to Google in the self-driving car race. For example:

- At Mr. Kalanick's urging, Uber sought to move very quickly, acquiring Otto just a few

months later. *See, e.g.*, Schuman Decl., Ex. B. Shortly thereafter, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Schuman Decl., Ex. C at 18.

- Uber explicitly requested that Mr. Levandowski and his co-founder, Lior Ron, solicit Google employees to Uber; in fact, Uber offered Mr. Levandowski and Mr. Ron a premium for each Google engineer that joined Uber through Otto. *See, e.g.*, Schuman Decl., Ex. D; *id.*, Ex. E.
- Uber rushed its own due diligence process in an effort to acquire Mr. Levandowski and his team as quickly as possible. Prior to April 11, 2016, Uber was aware of multiple red flags and knew that its due diligence firm, Stroz Friedberg, needed more time to complete its investigation. *See, e.g.*, Schuman Decl., Ex. F. Despite this knowledge, Uber pushed forward with signing the acquisition documents, including the Indemnification Agreement, on April 11, 2016. *See, e.g.*, Schuman Decl., Ex. G. Notably, Stroz did not complete its investigation until months later in August 2016.
- Uber knew about all of Google's allegations against Mr. Levandowski prior to Uber accepting Mr. Levandowski's tender without any reservation of rights and agreeing to defend Mr. Levandowski in the Google arbitration. *See, e.g.*, Schuman Decl., Ex. H; *id.*, Ex. I.

Considering this and other evidence that will be presented at trial, there is simply no credible basis for Uber to argue that its own wrongdoing is irrelevant under *Belling*. It is up to the Court to make the determination of whether the rule or exception to the unclean hands defense applies and which party was "least at fault" and which party was "most at fault" for any harm caused to Google. *See Belling*, 57 Cal. App. 2d at 304.

In sum, Uber's assertion of an unclean hands defense makes Uber's own misconduct relevant to this case.

### 2. Uber's Own Misconduct Is Relevant to Its Equitable Indemnity Counterclaim.

In its brief, Uber mentions its equitable indemnity counterclaim just once in passing. *See*

4

Mot. at 11. Regardless of Uber's attempt to downplay the existence of its counterclaim, there can be no dispute that Uber's wrongful conduct is relevant to that counterclaim, and it would be improper for the Court to exclude such evidence from trial.

Indemnity is subject to a comparative fault analysis, such that a factfinder must determine the parties' percentages of responsibility. *Pilot Catastrophe Servs., Inc. v. Manuel*, No. 2:20-CV-1083-TLN-DMC, 2021 WL 4261499, at *7 (E.D. Cal. Sept. 20, 2021); *see also Baird v. Jones*, 21 Cal. App. 4th 684, 689 (1993). By applying comparative fault principles, courts can apportion loss between wrongdoers in proportion to their relative culpability, rather than imposing the entire loss on one wrongdoer. *See Am. Motorcycle Assn. v. Superior Ct.*, 20 Cal. 3d 578, 595 (1978).

Here, Uber seeks to apportion a majority of (if not all) responsibility onto Mr. Levandowski. In so doing, however, Uber argues incorrectly that "[a]ny alleged wrongful conduct by Uber directed toward Google would not provide Levandowski with a defense to any of those counterclaims." *See* Mot. at 11. Not so. Evidence of Uber's wrongdoing is directly relevant to Uber's proportion of relative culpability in this case, such that Uber as a matter of law cannot seek to impose "the entire loss" on Mr. Levandowski. *See Am. Motorcycle Assn.*, 20 Cal. 3d at 590. And, as already set forth above, there is ample evidence of Uber's culpability. All of this evidence, and more, is critical to Mr. Levandowski's case because it not only establishes that Uber's wrongdoing largely contributed to its settlement with Waymo, it also shows that Uber's apportionment "calculations," to the extent the Court allows Uber to present any such apportionment analysis at trial, are baseless.

**B.    Mr. Levandowski Would Be Highly Prejudiced if Barred From Introducing Evidence of Uber's Wrongdoing at Trial.**

Under Federal Rule of Evidence 403, the Court may exclude evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" *United States v. Blaylock*, 20 F.3d 1458, 1463 (9th Cir. 1994) (citing Fed. R. Evid. 403). Rule 403 favors the admission of evidence, and courts are to "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Ohio Six Ltd. v. Motel 6 Operating L.P.*, 2013 WL 12125747, at *6 (C.D. Cal. Aug. 7, 2013) (citing *Deters v.*

5

*Equifax Credit Info. Servs. Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000)).

Here, there simply is no danger of unfair prejudice to Uber if evidence of its wrongdoing is admitted at trial. The Court has already concluded that "[i]t strains credulity to characterize Uber as some naïve player in this narrative." Adv. Dkt. No. 344 at 44. On the other hand, the probative value of the evidence of Uber's wrongdoing is very high, because this evidence goes directly to Uber's defenses and counterclaims in this case, as discussed above. Furthermore, because this is a bench trial, there is even less concern about confusion. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (finding that the risk that a verdict will be affected unfairly and substantially by the admission of evidence is far less in a bench trial) (citing *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (excluding relevant evidence on the basis of unfair prejudice "has no logical application to bench trials" and is "a useless procedure")); *United States v. Ziska*, 267 F. App'x 717, 719 (9th Cir. 2008) ("Ziska had a bench trial before an experienced district judge, lessening the risk of potential unfair prejudice, if any.") (citing *United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995)); *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *9 (C.D. Cal. May 4, 2015) (finding that in bench trials, "the possibility of unfair prejudice, confusion of the issues, or delay and wasted time is remote"). Because evidence of Uber's own wrongdoing is highly relevant and probative with no risk of unfair prejudice to Uber, Uber's motion should be denied and Mr. Levandowski should be allowed to present such evidence at trial.

Moreover, Uber's contradictions between its trial brief and this motion *in limine* cannot be ignored. In its trial brief, Uber presents a set of facts to be proven at trial, focused entirely on demonstrating Mr. Levandowski's misconduct and renouncing its own. *See* Adv. Dkt. No. 404 at 1-12. In doing so, Uber establishes the relevancy of its own wrongdoings. To allow Uber to go on a smear campaign against Mr. Levandowski without hearing the other side of the story would be patently unfair. Mr. Levandowski seeks to introduce evidence at trial demonstrating that Uber knowingly authorized Mr. Levandowski's misconduct and agreed to indemnify Mr. Levandowski to further Uber's desire to compete with Google. Uber's assertion that its motivations and intent to harm Google are irrelevant is just a thinly veiled attempt to hide evidence of its own misconduct

6

Case: 20-03050    Doc# 439    Filed: 02/07/22    Entered: 02/07/22 20:48:09    Page 10 of 11

from the Court.

### C. Uber's *In Pari Delicto* Argument Is Improper in a Motion *in Limine*.

The Court should reject Uber's request for the Court to rule on the legal doctrine of *in pari delicto* presented in its motion *in limine*. *See* Mot. at 11-12. Motions *in limine* are designed to obtain evidentiary rulings from the Court before trial. *See Heller*, 551 F.3d at 1111. Uber, however, asks the Court to issue a legal ruling that, if Mr. Levandowski successfully proves that Uber had bad motivations and intent to harm Google, the doctrine of *in pari delicto* "would bar Levandowski from collecting under the Indemnification Agreement from Uber because Levandowski's wrongful conduct toward Google has been adjudicated both wrongful and illegal." Mot. at 12. Uber's request is not only procedurally improper, it also puts the cart before the horse—the Court has not yet heard any evidence in this case, so it cannot possibly determine now that, as a matter of law, the doctrine of *in pari delicto* applies to bar Mr. Levandowski's claims. If it wanted to do so, Uber could and should have moved for summary judgment and provided the Court with argument and evidence on this applicability of *in pari delicto*. Uber did not do so and it should not be permitted to backdoor a legal ruling, based on an extremely limited evidentiary record, through a purported motion *in limine* before trial.

### III. CONCLUSION.

In light of the foregoing, Mr. Levandowski respectfully requests that the Court deny Uber's motion *in limine* and allow Mr. Levandowski to present evidence of Uber's motivations and intent to harm Google at trial.

Dated: February 7, 2022          GOODWIN PROCTER LLP

By: */s/ Brett M. Schuman*
    Brett Schuman
    Jennifer Briggs Fisher
    Andrew S. Ong

    *Attorneys for Plaintiff and Debtor and Debtor in Possession*
    ANTHONY S. LEVANDOWSKI