TOBIAS S. KELLER (SBN 151445)
TKeller@kbkllp.com
DARA L. SILVEIRA (SBN 274923)
DSilveira@kbkllp.com
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Tel.: (415) 364-6793
Fax: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
BSchuman@goodwinlaw.com
JENNIFER BRIGGS FISHER (SBN 241321)
JFisher@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero
San Francisco, California 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

ANDREW S. ONG (SBN 267889)
AOng@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 90017
Tel.: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Plaintiff and Debtor and
Debtor in Possession ANTHONY S. LEVANDOWSKI

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor.<br><br>———————————————<br>ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel<br><br>**Adv. Pro. No. 20-03050 (HLB)**<br><br>**PLAINTIFF'S OPPOSITION TO UBER'S MOTION *IN LIMINE* BARRING EVIDENCE AND ARGUMENT IN SUPPORT OF PLAINTIFF'S ALLEGED CONSEQUENTIAL DAMAGES CLAIM** |

## **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION. | | 1 |
| II. | BACKGROUND. | | 1 |
| | A. | Relevant Provisions of the Indemnification Agreement. | 1 |
| | B. | Uber's Breach of the Indemnification Agreement. | 2 |
| | C. | Mr. Levandowski Adequately Disclosed the Damages He Incurred as a Result of Uber's Breach of the Indemnification Agreement. | 3 |
| III. | UBER HAS FAILED TO PROVIDE ANY VALID JUSTIFICATION FOR THE EXCLUSION OF EVIDENCE AND ARGUMENT IN SUPPORT OF MR. LEVANDOWSKI'S CLAIM FOR DAMAGES ARISING FROM UBER'S BREACH. | | 4 |
| | A. | Mr. Levandowski's Claimed Damages Are a Recoverable Remedy for Uber's Breach of the Indemnification Agreement. | 4 |
| | B. | Mr. Levandowski Adequately Disclosed His Damages Claims. | 6 |
| | C. | Challenges to Credibility Are Inappropriate Grounds for Excluding Evidence on a Motion *in Limine*. | 7 |
| IV. | CONCLUSION. | | 8 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page(s)**

*Bruce v. Terhune*,
    376 F.3d 950 (9th Cir. 2004) .................................................................................... 7

*Copart, Inc. v. Sparta Consulting, Inc.*,
    2018 WL 1871414 (E.D. Cal. Apr. 19, 2018) ............................................................ 6, 7

*Crescenta Valley Water Dist. v. Exxon Mobil Corp.*,
    2013 WL 12095206 (C.D. Cal. June 24, 2013) ........................................................... 7

*GSI Tech., Inc. v. United Memories, Inc.*,
    2015 WL 12942201 (N.D. Cal. Oct. 14, 2015) ........................................................... 7

*Patent Scaffolding Co. v. William Simpson Const. Co.*,
    256 Cal. App. 2d 506 (1967) .................................................................................... 4

*Peregrine Pharms., Inc. v. Clinical Supplies Mgmt, Inc.*,
    2014 WL 3791567 (C.D. Cal. July 31, 2014) ............................................................. 5

*Perez v. Rash Curtis & Assocs.*,
    2019 WL 1765875 (N.D. Cal. Apr. 22, 2019) ............................................................ 7

*United States v. Loza*,
    2021 WL 4861787 (C.D. Cal. Oct. 19, 2021) ............................................................. 7

*Victory Carriers, Inc. v. Stockton Stevedoring Co.*,
    388 F.2d 955 (9th Cir. 1968) ..................................................................................... 7

I.  INTRODUCTION.

Mr. Levandowski should be permitted to present evidence and testify at trial regarding the harm he suffered and the losses he incurred as a result of Uber's breach of the Indemnification Agreement. Uber's motion *in limine* should be denied for the following reasons.

<u>First</u>, Uber misreads the Indemnification Agreement. Uber argues that Mr. Levandowski's claim for damages is barred because the Indemnification Agreement limits his remedies to seeking indemnification only for "Expenses" (as that term is defined) resulting from an Indemnified Claim. But the portion of Mr. Levandowski's claim for damages addressed in Uber's motion is based on Uber's breach of the Indemnification Agreement itself, not on any Indemnified Claim. Nothing in the Indemnification Agreement limits Mr. Levandowski's remedies for Uber's breach of contract.

<u>Second</u>, Uber's contention that Mr. Levandowski's damages evidence is subject to exclusion because he did not adequately disclose his damages to Uber is unfounded and should be rejected. In discovery, Mr. Levandowski provided a description of the basis for his damages and quantified them. Uber also had the opportunity to depose two witnesses, including Mr. Levandowski and Randy Miller, that were identified as having knowledge about the claimed damages arising directly from Uber's failure to fulfill its obligations under the Indemnification Agreement.

<u>Third</u>, the remaining arguments in Uber's motion are not appropriate grounds for a motion *in limine*. Uber improperly asks the Court to make credibility determinations based on testimony that, according to Uber, is supposedly conflicting. Mr. Levandowski should be permitted to present the evidence so that the Court, as the trier of fact at trial, can make a determination as to Mr. Levandowski's damages claim.

II.  BACKGROUND.

A.  **Relevant Provisions of the Indemnification Agreement.**

As Uber points out, in the Indemnification Agreement, Uber agreed to "indemnify and hold harmless [Mr. Levandowski], to the maximum extent permitted by applicable Law . . . , from and against any and all ***Expenses*** incurred by [Mr. Levandowski], arising out of any [***Indemnified Claim***]." Dkt. No. 49-3 ("Indemnification Agreement") § 2.1(a) (emphasis added). "Indemnified

Claim" is defined as including any claim brought by a Former Employer if the claim is "alleged to arise out of" (1) a patent/trade secret/confidential information claim, (2) a breach of loyalty/fiduciary duty claim, and/or (3) a breach of non-solicitation, non-competition, or confidentiality agreement claim. *Id.* The term "Expenses," as defined in the Indemnification Agreement, expressly refers to only those Expenses arising out of Indemnified Claims. In fact, Section 2.4(c) of the Indemnification Agreement specifically provides that Mr. Levandowski's right to seek indemnification as his sole remedy applies only "with respect to all Expenses ***resulting from or arising out of any Indemnified Claim***." *Id.* § 2.4(c) (emphasis added).

But none of the provisions relied on by Uber in its motion relate to the portion of Mr. Levandowski's claim for damages that is the subject of Uber's motion. The reason is simple – those claimed damages arise out of Uber's **breach** of the Indemnification Agreement, not an Indemnified Claim. So the only relevant provisions of the Indemnification Agreement that apply to Mr. Levandowski's damages claim are Sections 3.11 and 3.14, which Uber ignores entirely in its motion. Under Section 3.14, Uber expressly guaranteed: (1) "to take all actions necessary . . . to perform all of its agreements, covenants and obligations" under the contract; (2) "full and complete performance" of the Indemnification Agreement; and (3) that it "shall be liable for any breach of any covenant or obligation" set forth therein. *Id.* § 3.14. Section 3.11 provides for remedies in the event of Uber's breach of the Indemnification Agreement. Mr. Levandowski, as the **nonbreaching** party, "shall be entitled to seek injunctive relief," specific performance, and/or "***any other remedy to which a non-breaching party may be entitled at law***." *Id.* § 3.11 (emphasis added). Mr. Levandowski is entitled to seek damages for Uber's breach of Indemnification Agreement.

**B.    Uber's Breach of the Indemnification Agreement.**

On October 28, 2016, Google commenced two arbitration proceedings against Mr. Levandowski. Dkt. No. 49-6 at 9-20, 29-49. Mr. Levandowski promptly tendered his defense to Uber. Uber accepted the tender and agreed to defend and indemnify Mr. Levandowski in the *Google v. Levandowski* arbitration. Dkt. No. 128-15 at 2.

In March 2019, the arbitrators issued an interim award in favor of Google. *See* Dkt. 63-1

at ii. The panel found Mr. Levandowski liable for breach of the duty of loyalty, breach of his employment agreements, and breach of certain noncompetition and nonsolicitation obligations. *Id.* at 47, 66, 67, 74, 84, 86-87.

On August 30, 2019, Uber informed Mr. Levandowski that it was rescinding the Indemnification Agreement and would not indemnify Mr. Levandowski for the award in favor of Google. Dkt. No. 49-11.[1] On March 6, 2020, Mr. Levandowski requested that Uber advance payment for Google's judgment and the attorneys' fees and costs Mr. Levandowski had incurred between September 26, 2019 and February 29, 2020 as Expenses arising from Indemnified Claims. Dkt. No. 49-16. Uber refused to advance payment for such Expenses and has continued to refuse to pay for Expenses. Dkt. No. 49-17. Following entry of the judgment in Google's favor and Uber's refusal to pay the judgment, Mr. Levandowski was forced to file a chapter 11 petition for bankruptcy.

### C. Mr. Levandowski Adequately Disclosed the Damages He Incurred as a Result of Uber's Breach of the Indemnification Agreement.

As a result of Uber's refusal to honor its obligations under the Indemnification Agreement, Mr. Levandowski has suffered damages. Over the course of this Adversary Proceeding, Mr. Levandowski has provided sufficient information to adequately disclose the nature and scope of his damages. Uber acknowledges that Mr. Levandowski disclosed at the outset of this proceeding that he intended to seek "the costs of the chapter 11 proceedings and this adversary proceeding and having to liquidate assets in the middle of a pandemic" as damages for Uber's breach of contract. Uber Br. at 3 (citing Dkt. No. 49 ¶ 170). Uber also admits that Mr. Levandowski identified himself and Randy Miller as individuals with knowledge as to Mr. Levandowski's damages. *Id.* Shortly thereafter, on January 15, 2021, Uber served Mr. Miller with a notice of subpoena to appear for deposition and produce documents. Schuman Decl., Ex. N. Mr. Miller was deposed and his document production was provided to Uber. *Id.*, Ex. K at 13:10-14:6.

---

[1] Uber has since abandoned its rescission claim. Dkt. No. 143.

## III. UBER HAS FAILED TO PROVIDE ANY VALID JUSTIFICATION FOR THE EXCLUSION OF EVIDENCE AND ARGUMENT IN SUPPORT OF MR. LEVANDOWSKI'S CLAIM FOR DAMAGES ARISING FROM UBER'S BREACH.

### A. Mr. Levandowski's Claimed Damages Are a Recoverable Remedy for Uber's Breach of the Indemnification Agreement.

Uber spends the majority of its motion *in limine* arguing that Mr. Levandowski is not entitled to damages under Uber's <u>incorrect</u> interpretation of the Indemnification Agreement. According to Uber, Mr. Levandowski's sole remedy is a right to recover from Uber any outstanding Expenses arising from a Former Employer's Indemnified Claim. But Uber fails to acknowledge that the portion of Mr. Levandowski's damages claim at issue here arises out of Uber's breach of the Indemnification Agreement, not a Former Employer's Indemnified Claim.

In particular, Section 3.11 of the Indemnification Agreement expressly entitles Mr. Levandowski to seek <u>any</u> "remedy to which a non-breaching party may be entitled at law" for Uber's breach of the Indemnification Agreement, including damages. Indemnification Agreement § 3.11 (the nonbreaching party "shall be entitled to seek injunctive relief," specific performance, and "any other remedy to which a non-breaching party may be entitled at law"); *see Pat. Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal. App. 2d 506, 510 (1967) (providing that indemnitee was entitled to recover damages for "all detriment proximately caused by Simpson's breach of its contractual duty to indemnify").

Uber wholly ignores Section 3.11—the governing provision for breach of contract remedies—in arguing that Mr. Levandowski's is not entitled to damages for Uber's breach. Uber contends that the Indemnification Agreement precludes recovery of damages based solely on the interplay between Section 2.4(c) and the definition of the term "Expenses." Section 2.4(c) provides that Mr. Levandowski's "right to seek indemnification . . . constitutes [his] sole and exclusive remedy . . . with respect to all Expenses resulting from or arising out of any Indemnified Claim." Indemnification Agreement § 2.4(c). Uber then argues that, because Expenses are defined to "exclude special, consequential, indirect, exemplary or punitive damages, unless such Expenses were specifically awarded in a Final Judgment [on an Indemnified Claim]," Mr. Levandowski is precluded from seeking consequential damages because Google was not awarded any such damages

in arbitration. Uber Br. at 7. Uber ties these two provisions together to argue that Mr. Levandowski cannot recover consequential damages because those damages do not constitute Expenses as defined in the Indemnification Agreement and his sole remedy is indemnification.

Uber's argument fails under a plain reading of the Indemnification Agreement. Mr. Levandowski's breach of contract remedies are expressly set forth in Section 3.11, which Uber ignores. Moreover, the term Expenses, as used in the Indemnification Agreement, refers only to those Expenses incurred in connection with a Former Employer's Indemnified Claim. The portion of Mr. Levandowski's claim for damages that is the subject of Uber's motion is not premised on his entitlement to indemnification from Uber for Expenses arising from Google's arbitration claims. Rather, Mr. Levandowski seeks recovery of the damages he incurred as a result of Uber's <u>breach</u> of the Indemnification Agreement. *See Peregrine Pharms., Inc. v. Clinical Supplies Mgmt, Inc.*, 2014 WL 3791567, at *6 (C.D. Cal. July 31, 2014) (providing that a standard indemnity agreement, which guarded one party against third-party claims, did not apply to claims between the contracting parties). The definition of Expenses has no bearing on Mr. Levandowski's ability to recover for damages proximately caused by Uber's breach of its obligations under the Indemnification Agreement. Indeed, the absence of any reference in Section 3.11 to Expenses demonstrates that the term is irrelevant in determining the scope of Mr. Levandowski's remedies for Uber's breach of contract.

Uber incorrectly characterizes Mr. Levandowski's claimed damages as consequential, or special, damages. However, the harm Mr. Levandowski suffered as a result of Uber's breach of the indemnification agreement was not "secondary or derivative" harm that only indirectly resulted from Uber's breach. The damages are the direct result of Uber's breach. Even if some or all of the damages at issue here could be characterized as consequential, they clearly were within the contemplation of Mr. Levandowski and Uber when the Indemnification Agreement was negotiated and executed and, therefore, are still recoverable. Mr. Levandowski and Uber specifically contemplated the harm that would be caused if Google sued him and Uber didn't indemnify him. *See* Schuman Decl., Ex. L at 3-4 (acknowledging the likelihood of a "███████" litigation); *id.*, Ex. O at 410:17-414:9 (Mr. Levandowski testifying that he expressed concern that Google would

| | |
|---|---|
| 1 | use its resources to "[REDACTED]" if "[REDACTED]," but Uber assured him that, as a |
| 2 | big company, it had the resources to "[REDACTED]"); *id.* at 414:15-415:2 (Mr. |
| 3 | Levandowski testifying that he had "[REDACTED]" conversations with Uber regarding the terms |
| 4 | of the Indemnification Agreement as it was an "[REDACTED]"). He warned Uber about |
| 5 | Google's potential wrath and that it could wipe him out. *See id.*, Ex. O at 410:17-415:2. This was |
| 6 | the very reason he insisted on Uber agreeing to indemnify him – to mitigate the risk of being wiped |
| 7 | out by Google. The fact that he was forced to file for bankruptcy, and the financial harm that filing |
| 8 | caused Mr. Levandowski, was part of the bargain he made with Uber at the time they signed the |
| 9 | Indemnification Agreement and Mr. Levandowski's claimed damages were a readily foreseeable |
| 10 | consequence of Uber's breach. |
| 11 | So, even if the Court finds that Mr. Levandowski's damages are consequential, the |
| 12 | Indemnification Agreement still allows him to pursue these damages from Uber as a remedy for |
| 13 | Uber's breach under Section 3.11. Mr. Levandowski should be permitted to introduce evidence in |
| 14 | support of his damages claim at trial. |
| 15 | **B.  Mr. Levandowski Adequately Disclosed His Damages Claims.** |
| 16 | Mr. Levandowski adequately disclosed the nature and amount of his damages claim in a |
| 17 | written interrogatory response. Schuman Decl., Ex. J at 6-7. Mr. Levandowski, among other |
| 18 | things: (1) provided a detailed description of the nature and factual basis for his claim for damages; |
| 19 | (2) estimated that his losses due to the sale of Murphy Parkway are at least $1 million; (3) estimated |
| 20 | that his total losses for the Telegraph Property are approximately the $10 million loan (plus accrued |
| 21 | interest) to NGI East Bay Portfolio LLC plus the portion of the $13.8 million in equity in NGI |
| 22 | allocated to Telegraph; (4) referred Uber to the data room Mr. Levandowski set up in the chapter |
| 23 | 11 proceeding for additional information on the computation of damages; and (5) referred Uber to |
| 24 | the testimony of Randy Miller for additional information on the computation of damages. *Id.* |
| 25 | In addition to Mr. Levandowski's written discovery responses, Uber also had the |
| 26 | opportunity to depose both Mr. Levandowski and Randy Miller and review a document production |
| 27 | from Mr. Miller with further information as to the nature and amount of Mr. Levandowski's |
| 28 | damages. *See Copart, Inc. v. Sparta Consulting, Inc.*, 2018 WL 1871414, at *12 (E.D. Cal. Apr. |

19, 2018) (denying a motion *in limine* to exclude evidence regarding damages that was disclosed in an interrogatory response); *Crescenta Valley Water Dist. v. Exxon Mobil Corp.*, 2013 WL 12095206, at *2-3 (C.D. Cal. June 24, 2013) (denying a motion *in limine* to exclude damages evidence that was disclosed through deposition testimony and deposition exhibits). Uber has been given adequate notice of the basis for and calculation of Mr. Levandowski's damages.

> C. **Challenges to Credibility Are Inappropriate Grounds for Excluding Evidence on a Motion *in Limine*.**

Uber devotes a substantial portion of its brief addressing purported discrepancies between Mr. Levandowski's disclosures and Mr. Miller's testimony concerning Mr. Levandowski's damages, but to the extent Uber contends that such discrepancies constitute grounds for the exclusion of evidence, Uber is incorrect.

"[I]t is the exclusive function of the [trier of fact] to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). "When there is conflict between answers supplied in response to interrogatories and answers obtained through other questioning, either in deposition or trial, the finder of fact must weigh all of the answers and resolve the conflict." *Victory Carriers, Inc. v. Stockton Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir. 1968). Consequently, attacks on a witness's credibility or the presence of evidentiary conflicts are not appropriate grounds for the exclusion of evidence on a motion *in limine*. *See, e.g., United States v. Loza*, 2021 WL 4861787, at *2 (C.D. Cal. Oct. 19, 2021) ("potentially conflicting evidence is not a basis to exclude"); *Perez v. Rash Curtis & Assocs.*, 2019 WL 1765875, at *10 (N.D. Cal. Apr. 22, 2019) (denying a motion *in limine* that "relie[d] on attacks regarding the witnesses' credibility, weight of the purported evidence, and factual disputes"); *See GSI Tech., Inc. v. United Memories, Inc.*, 2015 WL 12942201, at *4 (N.D. Cal. Oct. 14, 2015) (denying a motion *in limine* because it is the finder of fact's "responsibility to weigh facts and judge the credibility of one [witness] over another").

Uber's contention that any alleged conflicts between Mr. Levandowski's sworn interrogatory responses regarding his damages and Mr. Miller's testimony justify the exclusion of any evidence of Mr. Levandowski's claimed damages is expressly contrary to evidentiary law.

## IV. CONCLUSION.

For the above stated reasons, this Court should deny Uber's motion *in limine* and permit Mr. Levandowski to present any argument and evidence in support of his claim for damages incurred as a result of Uber's breach of the Indemnification Agreement.

Dated: February 7, 2022       GOODWIN PROCTER LLP

                  By: /s/ *Brett M. Schuman*
                    Brett Schuman
                    Jennifer Briggs Fisher
                    Andrew S. Ong

                    *Attorneys for Plaintiff and Debtor and Debtor in Possession*
                    ANTHONY S. LEVANDOWSKI