TOBIAS S. KELLER (SBN 151445)
TKeller@kbkllp.com
DARA L. SILVEIRA (SBN 274923)
DSilveira@kbkllp.com
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Tel.: (415) 364-6793
Fax: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
BSchuman@goodwinlaw.com
JENNIFER BRIGGS FISHER (SBN 241321)
JFisher@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero
San Francisco, California 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

ANDREW S. ONG (SBN 267889)
AOng@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 90017
Tel.: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Plaintiff and Debtor and
Debtor in Possession ANTHONY S. LEVANDOWSKI

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor.<br><br>_____<br><br>ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Bankruptcy Case<br>No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel<br><br>**Adv. Pro. No. 20-03050 (HLB)**<br><br>**PLAINTIFF'S OPPOSITION TO UBER'S MOTION *IN LIMINE* REGARDING ARBITRATION AWARD** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION. .................................................................................................................. 1

II. ARGUMENT. ......................................................................................................................... 2

    A. Uber's Only Case Citation Provides No Precedential Legal Authority. .................. 2

    B. Uber's Only Case Citation Is Inapposite And Does Not Support Uber's Legal Proposition. ................................................................................................... 3

    C. Binding California Supreme Court Precedent Prohibits Applying Collateral Estoppel To Issues Resolved By The Arbitration Panel Here. ............................... 4

    D. Uber's Motion Does Not Simplify The Issues For Trial. ......................................... 6

III. CONCLUSION. ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**   Page(s)

*Cleghorn Bar Enterprises v. Garlock*,
  2008 WL 77584 (Cal. Ct. App. Jan 8, 2008) .................................................................. 1, 2, 3, 4

*Espinoza v. Sniff*,
  2015 WL 12660410 (C.D. Cal. May 11, 2015) ............................................................................ 7

*Fox v. De Long*,
  2016 WL 6088371 (E.D. Cal. Jan. 8, 2016) ................................................................................ 6

*In Matter of Heller Ehrman LLP*,
  830 F.3d 964 (9th Cir. 2016) ...................................................................................................... 3

*Lucido v. Superior Ct.*,
  51 Cal. 3d 335 (1990) ................................................................................................................. 4

*Robinson v. Lewis*,
  795 F.3d 926 (9th Cir. 2015) ................................................................................................. 2, 3

*Trinchitella v. Am. Realty Partners, LLC*,
  2019 WL 2524419 (E.D. Cal. June 19, 2019) ............................................................................ 5

*United States v. Heller*,
  551 F.3d 1108 (9th Cir. 2009) .................................................................................................... 6

*United States v. Martinez-Lopez*,
  864 F.3d 1034 (9th Cir. 2017) (*en banc*) ................................................................................ 1, 2

*Vandenberg v. Super. Ct.*,
  21 Cal. 4th 815 (1999) ...................................................................................................... *passim*

*Vincent v. Reyes*,
  2021 WL 4262289 (N.D. Cal. Sept. 20, 2021) ........................................................................... 7

**Other Authorities**

Cal. Code Civ. Proc., § 1280 *et seq.* .............................................................................................. 5

California Rule of Court 8.1115 ............................................................................................. 1, 2, 3

## I. INTRODUCTION.

In its Motion *in limine* regarding Arbitration Award and accompanying memorandum ("Mem."), Uber Technologies, Inc. ("Uber") claims to have divined a principle of California law that binds parties in an arbitration to every finding and sentence in the written arbitration award, including in subsequent litigation with non-parties to the arbitration. According to Uber, Anthony Levandowski ("Mr. Levandowski") cannot dispute "*any* of the legal or factual findings underpinning the [Google Arbitration] Award." Mem. at 8 (emphasis added). The problem with Uber's motion is that the California Supreme Court, in a case not cited by Uber, has held precisely the opposite.

Uber's motion should be denied for at least the following reasons.

*First*, Uber's motion is based entirely on a single, unpublished case from California's intermediate appellate court, *Cleghorn Bar Enterprises v. Garlock*, 2008 WL 77584 (Cal. Ct. App. Jan 8, 2008). The Ninth Circuit has repeatedly explained, consistent with California Rule of Court 8.1115, it "will not rely on" unpublished decisions to establish doctrinal principles of California law. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1042 (9th Cir. 2017) (*en banc*) (citing Rule 8.1115).

*Second*, *Cleghorn* is readily distinguishable. *Cleghorn* was concerned with judicial estoppel: where one party <u>succeeds</u> in proving a point in one forum, it cannot turn around and argue the opposite in another. *See Cleghorn*, 2008 WL 77584, at *4. Uber cannot and does not direct the Court to any such inconsistency between the positions taken by Mr. Levandowski in the arbitration and here, because as both Uber and the Court know, there are none. Mr. Levandowski did not succeed on any position in the arbitration where he is taking the opposing position here.

*Third*, what Uber clearly is trying to do is enforce nonmutual collateral estoppel against Mr. Levandowski—holding Mr. Levandowski to the findings of the arbitration panel even though, in Uber's own words, "Uber was not a party to the arbitration and did not have the right or opportunity to weigh in on critical issues there." *See* Mem. at 2, n.1. In the clearest possible language, the California Supreme Court has rejected that argument: "[A] private arbitration award, even if judicially confirmed, *may not* have nonmutual collateral estoppel effect under California law . . . ."

*Vandenberg v. Super. Ct.*, 21 Cal. 4th 815, 824 (1999) (emphasis added).

*Fourth*, Uber's motion does nothing to simplify the issues for trial. Even were there any valid legal principle supporting the motion, the statements at issue in the motion—largely related to how Mr. Levandowski breached duties *to Google*—are not the same as the issues in dispute in this adversary proceeding. As Uber's submission in the Joint Pre-Trial Statement shows, Tyto's relevance to its arguments primarily concern *Uber's* contractual indemnity and unclean hands defenses, *see* Dkt. 409 at 10-13, matters entirely unexplored by the arbitration panel. Uber's real goal here is to make a sideways attack on the parties' dispute over the allocation of damages in the event there is a finding of an Excluded Claim under the Indemnification Agreement. *See* Mem. at 8 n.5. The arbitration panel did not evaluate that issue either, and had no basis to do so. From the parties' own trial briefs, damages issues will be the subject of robust factual and expert testimony at trial. *See* Dkt. 404, Uber Trial Br. at 10-11; Dkt. 408, Levandowski Trial Br. at 20-21.

In sum, Uber's motion should be denied in its entirety.

## II.  ARGUMENT.

### A.  Uber's Only Case Citation Provides No Precedential Legal Authority.

Uber cites to a single case for its contention about the supposed binding effect of the arbitration award under California law: *Cleghorn Bar Enterprises v. Garlock*. However, *Cleghorn* was an unpublished decision of California's intermediate appellate court. California Rule of Court 8.1115 prohibits the use of such a decision as a statement of California law in unrelated proceedings: "[A]n opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."[1]

The Ninth Circuit has repeatedly followed Rule 8.1115 in federal proceedings when determining the bounds of California substantive law. *See, e.g.*, *Martinez-Lopez*, 864 F.3d at 1042 ("[W]e find [the cited decisions] unpersuasive. Many of these decisions are unpublished, and we will not rely on them.") (citing Cal. Rules of Ct. 8.1115); *Robinson v. Lewis*, 795 F.3d 926, 930

---

[1] Rule 8.1115(b) allows for limited citation of unpublished decisions for its preclusive effect on the parties to the original decision; an exception not relevant here.

(9th Cir. 2015) ("A handful of unpublished California cases also discuss timeliness. But because they are unpublished, Rule 8.1115 of the California Rules of Court directs that we not rely on them as precedent." (citations omitted)); *In Matter of Heller Ehrman LLP*, 830 F.3d 964, 969 (9th Cir. 2016) (certifying question to California Supreme Court rather than rely on unpublished cases cited by parties because "no California court has considered [the issue] (in a published opinion)" (footnote omitted)).

Uber has cited to no established doctrine of California law, like judicial estoppel or collateral estoppel (both of which, as described further below, do not apply here), in support of its motion. Instead, Uber seeks to create a *sui generis* rule for indemnification claims based on arbitration decisions. No legal authority supports Uber's position, which should be rejected.

**B.     Uber's Only Case Citation Is Inapposite And Does Not Support Uber's Legal Proposition.**

*Cleghorn* did not hold that indemnitees writ large "cannot be permitted to dispute the factual finding of [an arbitration] [a]ward." *See* Mem. at 7. Instead, it was expressly a judicial estoppel decision. As the *Cleghorn* court explained, under California law, judicial estoppel applies where "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Cleghorn*, 2008 WL 77584, at *4 (quoting *Jackson v. Cty. of Los Angeles*, 60 Cal. App. 4th 171, 183 (1997)); *see also id.* at *3 ("Having sought and received an award based on the theory that [the arbitration defendant] acted fraudulently, plaintiffs cannot now disavow that conclusion, or argue that its elements were not satisfied."). In *Cleghorn*, the plaintiffs (i) argued in an arbitration that an arbitration defendant intentionally misappropriated funds; (ii) won an award in the arbitration because of that contention; and (iii) tried to argue in the indemnification litigation that the arbitration defendants had not committed intentional misconduct (because intentional conduct was not indemnified). *Id.* at *3. After having succeeded on showing intentional misconduct the first time around, the plaintiffs were precluded from taking the opposite position in the later proceedings

seeking indemnity.[2]

That scenario has no bearing here. Uber's motion is focused on what it labels as the "Tyto Misconduct." Mr. Levandowski obviously was not "successful in asserting" that he committed what Uber calls the "Tyto Misconduct" during the arbitration. *See Cleghorn*, 2008 WL 77584, at *4. Judicial estoppel does not constrain his ability to present a fair defense to Uber's contentions in this adversary proceeding. And it certainly does not constrain Mr. Levandowski from disputing Uber's Excluded Claim defense concerning Tyto, an issue that indisputably was not litigated in the arbitration.

Indeed, Mr. Levandowski's position in the arbitration is entirely consistent with his position here. In the arbitration, he denied liability on all of Google's claims but was found liable for breach of contract, breach of the duty of loyalty to Google, and violation of California's Unfair Competition Law based on his breach of duty of loyalty to Google. Dkt. 414-2, Ex. 1, Corrected Final Award at 47; 66; 67, 74-75; 84; 86-87. Here, he is seeking indemnity from Uber under an Indemnification Agreement with Uber that expressly provides for indemnity for these claims. Dkt. 49-1, Indemnification Agreement, § 2.1.

### C. Binding California Supreme Court Precedent Prohibits Applying Collateral Estoppel To Issues Resolved By The Arbitration Panel Here.

Uber's motion transparently seeks to apply collateral estoppel (or issue preclusion) against Mr. Levandowski based on the findings made against him by the arbitrators. *See, e.g.*, Mem. at 8 (requesting this Court "prohibit the parties who are seeking indemnification based on the Award from disputing, challenging, or contradicting any of the legal or factual findings underpinning the Award."). Under California law, "[c]ollateral estoppel precludes *relitigation of issues argued and decided in prior proceedings*." *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990) (emphasis added). Here, Uber is trying to do precisely that: arguing for an order that "neither Google nor Mr.

---

[2] Indeed, the *Cleghorn* court made clear that it was "*not* considering the arbitrator's award here as evidence of the underlying facts," but instead as an element-centered analysis of what the claims were. *See Cleghorn*, 2008 WL 77584, at *3 n.7 (emphasis added). In addition to the fact that intentional acts were not covered by the indemnification agreement there, the court needed to analyze the elements of the claim to avoid issuing double recovery; the plaintiffs had already entered into a satisfaction of judgment on the non-intentional claims in the arbitration. *See id.* at *5.

Levandowski may challenge or *relitigate the findings in the Award*." Mem. at 2 (emphasis added).

In this setting, where Uber professes it was not party to the arbitration and therefore is not bound by it (*see* Mem. at 2 n.1), the California Supreme Court has squarely held that "a private arbitration award, even if judicially confirmed, may not have nonmutual collateral estoppel effect under California law unless there was an agreement to that effect in the particular case." *Vandenberg*, 21 Cal. 4th at 824; *accord Trinchitella v. Am. Realty Partners, LLC*, 2019 WL 2524419, at *5 n.10 (E.D. Cal. June 19, 2019). The arbitration was conducted under California law: Google's petition for confirmation of the arbitration award in California Superior Court expressly referenced California's private arbitration law, Cal. Code Civ. Proc. § 1280 *et seq.*, and explained that its contractual arbitration demands had been "governed by California law and provid[ed] for binding arbitration in California."[3] Uber has not argued that any of the relevant arbitration provisions expressly provided for nonmutual collateral estoppel in subsequent proceedings; none did. Presumably, Uber understands this and has not explicitly requested collateral estoppel as a consequence, but it is clear that this would be the intended effect of the motion.

The *Vandenberg* rule is based on the fundamental nature of an arbitration: "private arbitration is a process in which parties voluntarily trade the safeguards and formalities of court litigation for an expeditious, sometimes roughshod means of resolving their dispute." *Vandenberg*, 21 Cal. 4th at 831. Arbitrators may "deci[de] upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim *that a party might successfully have asserted in a judicial action*" and are "not bound to award on principles of dry law." *Id.* at 832 (emphasis original). Moreover, the *Vandenberg* court completely rejected the notion that the injection of some formality in an arbitration could bypass this conclusion:

> *The very fact* that arbitration is by nature an informal process, not strictly bound by evidence, law, or judicial oversight, suggests reasonable parties would hesitate to agree that the arbitrator's findings in their own dispute should thereafter bind them in cases involving different adversaries and claims. Even where, as here, the

---

[3] *See* Decl. of Brett Schuman, Ex. M, Google LLC's Pet. To Confirm Contractual Arbitration Award & for Entry of J. at 2-3 & n.1, *Google LLC v. Levandowski et al.*, No. CPF-20-516982 (Super. Ct. San Fran. Cty. Jan. 9, 2020).

> arbitral parties have imposed some formality on their proceedings, have aired their dispute thoroughly, and have received a detailed decision, there is no reason to assume they agreed to "issue preclusive" effect in favor of nonparties. In the usual case, tactical considerations would weigh against such an agreement.

*Id.* at 823-33 (emphasis original).

In sum, what Uber wants is collateral estoppel. Per *Vandenberg*, Uber cannot have it.[4]

### D. Uber's Motion Does Not Simplify The Issues For Trial.

Motions *in limine* are generally disfavored at bench trials unless they present some clear and express threshold issue. *See, e.g., United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009) ("For logistical and other reasons, pretrial evidentiary motions may be appropriate in some cases. But here, once the case became a bench trial, any need for an advance ruling evaporated."); *Fox v. De Long*, 2016 WL 6088371, at *12 (E.D. Cal. Jan. 8, 2016) ("For a bench trial, the trial court *can hear* relevant evidence, weigh its probative value and reject any improper inferences." (quoting *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) (punctuation omitted and emphasis added))).

Here, rather than some limited threshold issue, Uber seeks broadly to bar Mr. Levandowski "from disputing the findings in the Award."[5] *See* Mem. at 8. That is not a proper basis for a motion *in limine* at a bench trial, particularly where the legal and factual issues in the prior proceeding were so dissimilar. The quotations included within the motion mostly relate to Tyto, and specifically, to whether and how Mr. Levandowski breached duties *to Google* based on his involvement with Tyto. *See, e.g.*, Mem. at 4 (███████████████████████████████████████████████████████). However, Uber's own language in the Joint Pre-Trial Statement shows that Uber is not placing directly at issue whether Mr. Levandowski's Tyto-related conduct breached any *Google*-related obligations. Instead, Uber is (not surprisingly) focused on *Uber*-related

---

[4] It is surprising that, in a motion asking the Court to "bar Google and Mr. Levandowski from disputing the findings in the Award," Uber would not bring an on-point California Supreme Court case to the Court's attention in its motion.

[5] Mr. Levandowski's sole motion *in limine*, by contrast with this motion, presents the narrow threshold issue that Uber has not disclosed its purported evidence supporting its equitable indemnity counterclaims consistent with its pretrial obligations, and Mr. Levandowski seeks exclusion of such undisclosed evidence for that reason. *See* Dkt. 413.

Case: 20-03050    Doc# 441    Filed: 02/07/22    Entered: 02/07/22 21:08:21    Page 9 of 11

6

contractual duties or trade secret matters that were *not* part of the arbitration award.  For example:

- Whether Mr. Levandowski's concealment of his ownership and control of Tyto in response to relevant questions from Stroz prevented Stroz from identifying documents related to Tyto on Mr. Levandowski's devices.  Dkt. 409 at 9.

- Whether, when Otto acquired Tyto after April 11, 2016, the transaction resulted in the transfer of Google confidential information to Otto.  *Id.* at 10.

- Whether Mr. Levandowski defrauded Uber by concealing his formation, funding, and control of Tyto before Uber signed the Indemnification Agreement and the Otto Merger Agreement.  *Id.* at 11.

None of these issues were addressed in the arbitration.

Instead, this Court should do what courts typically do when confronted with broad-based categorical demands for evidentiary exclusion of issues that may not even rear their heads at trial: defer until those issues do come up, if at all.  *See, e.g.*, *Espinoza v. Sniff*, 2015 WL 12660410, at *1 (C.D. Cal. May 11, 2015) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored. . . . Therefore, when confronted with this situation, 'a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]' as opposed to tackling the matter in a vacuum on a motion in limine." (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (brackets original))); *accord Vincent v. Reyes*, 2021 WL 4262289, at *1 (N.D. Cal. Sept. 20, 2021).

Uber's goal with all the machinations set forth in the motion appears to be something else entirely: to impact the allocation of damages should the Court find an Excluded Claim.  *See* Mem. at 8 n.5 (claiming, without case law, that Mr. Levandowski's potential requested allocations are "legally unfounded").  But crucially, Uber has not sought a ruling on the parties' allocation contentions.  Moreover, as both sides discussed in their trial briefs to this Court, how to account for an Excluded Claim is expected to be the subject of fact and expert testimony.  *See* Dkt. 404, Uber Trial Br. at 10-11 (describing anticipated testimony of Melissa Bennis, Uber's expert); Dkt. 408, Levandowski Trial Br. at 20-21 (describing anticipated testimony of Michael Xing, the administrator of the Chauffeur Bonus Plan and Carl Saba, Mr. Levandowski's expert).  Uber has not tried to exclude this evidence and cannot now try to get in the backdoor and do so with this

motion. These issues should be fully aired out at trial.

To be clear, Mr. Levandowski does not intend to use his limited time at trial to re-litigate every factual finding in the arbitration award. But there is no legal principle, either in Uber's motion or otherwise, that prevents him from freely and fully litigating every issue that is relevant to the upcoming trial.

## III. CONCLUSION.

Mr. Levandowski respectfully requests that this Court deny Uber's motion.

Dated: February 7, 2022

GOODWIN PROCTER LLP

By: /s/ *Brett M. Schuman*
Brett Schuman
Jennifer Briggs Fisher
Andrew S. Ong

*Attorneys for Plaintiff and Debtor and Debtor in Possession*
ANTHONY S. LEVANDOWSKI