**Entered on Docket**
**February 10, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 10, 2022

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 20-30242 HLB |
| ANTHONY SCOTT LEVANDOWSKI, | ) Chapter 11 |
| Debtor. | ) |
| ANTHONY SCOTT LEVANDOWSKI, | ) |
| Plaintiff, | ) Adv. Proc. No. 20-3050 HLB |
| v. | ) |
| UBER TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

**AMENDED ORDER RE PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PARTIALLY REDACTED MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT IN SUPPORT OF UBER'S EQUITABLE INDEMNITY COUNTERCLAIMS AND TO FILE EXHIBITS B,C,D,E,H,I AND L UNDER SEAL**

This case comes before the court on Plaintiff Anthony Levandowski's Administrative Motion[1] to File Partially Redacted Motion in Limine to Exclude Evidence and Argument in Support of Uber's Equitable Indemnity Counterclaims[2] and to File Exhibits B,

---

[1] Dkt. 410 (the "Administrative Motion").

[2] Dkt. 413 (the "Motion").

C, D, E, H, I and L[3] to the January 31, 2022 Declaration of Brett M. Schuman[4] under Seal.

In the Administrative Motion, Mr. Levandowski disclaims any confidentiality interest in the designated content but seeks to provisionally redact portions of the Motion and to seal the Exhibits to afford Uber, Waymo, and other non-parties an opportunity to weigh in on the Administrative Motion.

Service of the Administrative Motion was proper as to parties entitled thereto,[5] and no timely responsive declarations were filed. Accordingly, the court issued an order on February 7, 2022 denying the Administrative Motion.[6]

Two declarations were subsequently filed, by Katharine McLaughlin, co-counsel to defendant Uber Technologies, Inc.,[7] and Jeffrey Nardinelli, counsel for non-party Waymo LLC.[8] Google LLC also filed a statement in support of the Administrative Motion,[9] requesting that the court maintain under seal certain information and documents filed by Mr. Levandowski in support of the Motion. Although these filings were untimely, given that the court very recently modified its Procedures for Filing Redacted

---

[3] Dkts. 413-3, 413-4, 413-5, 413-6, 413-9, 413-10, and 413-13 (collectively, the "Exhibits").

[4] Dkt. 413-1 (the "Schuman Declaration").

[5] See Dkt. 417.

[6] Dkt. 425 (the "February 7 Order").

[7] Dkt. 426 (the "McLaughlin Declaration").

[8] Dkt. 428 (the "Nardinelli Declaration") (together with the McLaughlin Declaration, the "Declarations").

[9] Dkt. 433 (the "Google Statement").

or Sealed Confidential or Highly Sensitive Documents, the court will consider the Declarations and the Google Statement.

Uber first contends that the Schuman Declaration's Exhibit B,[10] which is a copy of the February 2018 settlement agreement executed in the trade secret litigation between Uber and Waymo[11] ("Waymo Settlement Agreement"), should be sealed consistent with the court's prior orders.[12] In the Nardinelli Declaration and the Google Statement, Waymo and Google join that request. Given that this request is consistent with its prior orders, the court agrees.

In addition, Uber proposes to redact a portion of the Schuman Declaration's Exhibit C,[13] which consists of an interrogatory response by Uber that quotes from the Waymo Settlement Agreement (Exhibit C at 4:6-11).[14] In the Nardinelli Declaration and the Google Statement, Waymo and Google join Uber's request, but ask that the court also seal Exhibit C at 4:4-14.[15] As the designated content has previously been ordered sealed,[16] the court finds this request well-taken.

---

[10] Dkt. 413-3.

[11] Waymo LLC v. Uber Techs., Inc., Case No. 3:17-cv-00939-WHA (N.D. Cal.).

[12] See, e.g., Dkts. 28, 267, 300.

[13] Dkt. 413-4.

[14] McLaughlin Declaration, at 3:6-11.

[15] Nardinelli Declaration, at pp. 3-4; Google Statement, at 3:14-16.

[16] See, e.g., Dkts. 28, 267, 300.

The McLaughlin Declaration also indicates that the Schuman Declaration's Exhibit D[17] (a copy of the Melissa A. Bennis expert report) discusses a deferred compensation plan that Google has contended is highly confidential and competitively sensitive and that it does not oppose any reasonable request by Google to redact any portions of Exhibit D or the Motion that quote or discuss the same.[18]  In the Google Statement, Google requests that the portions of Exhibit D that discuss confidential information related to Google's Chauffeur Bonus Plan remain sealed.[19]  As the court has previously determined that the content Google identifies merits protection, the court agrees that Exhibit C may be redacted, but not sealed, in accordance with Google's requests.[20]

The McLaughlin Declaration next asserts that the Schuman Declaration's Exhibit H[21] (the 2021 expert report of Dr. Gerdes (the "Gerdes Report") contains information that Waymo believes constitutes confidential information and trade secrets, and that it does not oppose any reasonable request by Waymo or Google to redact reference to that information in Exhibit H or the Motion.[22]  The Nardinelli Declaration and the Google Statement indicate that the court has previously received extensive

---

[17] Dkt. 413-5.

[18] McLaughlin Declaration, at pp. 3-4.

[19] Google Statement, at 3:17-28, 4:1-4 ("Google's Requests").

[20] See, e.g., Dkt. 300, pp. 16-17, 18-19.

[21] Dkt. 413-9.

[22] McLaughlin Declaration, at pp. 3-4.

briefing on sealing portions of the Gerdes Report[23] and has issued an order permitting portions of that document to be filed under seal.[24] Waymo and Google request that Exhibit H be redacted in the same way as previously ordered.[25] The court agrees with this request.

The McLaughlin Declaration next indicates that the Schuman Declaration's Exhibit I,[26] which is work product related to the Stroz Friedberg investigation, should be sealed consistent with the court's prior orders.[27] The court agrees with this request.

The Google Statement requests that the Schuman Declaration's Exhibit L,[28] or the final arbitration award (the "Arbitration Award") entered in the matter of Google LLC v. Levandowski and Ron, Case Ref. No. 1100086069 (JAMS Dec. 23, 2019), be partially redacted in conformity with the redactions already specifically approved by this court in prior orders.[29] The court agrees with this request.

Finally, in the Declarations and in the Google Statement, Uber, Waymo, and Google also propose to narrowly redact certain portions of the Motion that describe or otherwise tend to reveal

---

[23] See Dkts. 360-364.

[24] Dkt. 367.

[25] Id. The public redacted version of the Gerdes Report is filed at Dkt. 369.

[26] Dkt. 413-10.

[27] See, e.g., Dkt. 300, at p. 25; Dkts. 93, 95.

[28] Dkt. 413-13.

[29] See Dkt. 16-1.

the content of material that the court previously ordered sealed or redacted.[30] The court also agrees with this request.

Accordingly, it is **ORDERED**:

**1.** The February 7 Order is hereby **VACATED**.

**2.** The Administrative Motion is hereby **GRANTED** as to Exhibit B, which may be filed under seal in accordance with this Order.

**3.** The Administrative Motion is hereby **GRANTED IN PART AND DENIED IN PART** as to Exhibit C, which may not be filed under seal as the Administrative Motion requests, may be redacted at 4:4-14.

**4.** The Administrative Motion is hereby **GRANTED IN PART AND DENIED IN PART** as to Exhibit D, which may not be filed under seal as the Administrative Motion requests, may be redacted consistent with Google's Requests.

**5.** The Administrative Motion is hereby **DENIED** as to Exhibit E, as no interested party has expressed a specific interest its redaction or filing under seal.

**6.** The Administrative Motion is hereby **GRANTED IN PART AND DENIED IN PART** as to Exhibit H, which may not be filed under seal as the Administrative Motion requests, may be redacted consistent with Dkt. 369.

**7.** The Administrative Motion is hereby **GRANTED** as to Exhibit I, which may be filed under seal in accordance with this order.

**8.** The Administrative Motion is hereby **GRANTED IN PART AND DENIED IN PART** as to Exhibit L, which may not be filed under seal

---

[30] See McLaughlin Declaration, at 3:17-20; Nardinelli Declaration, at 3:12-25; Google Statement at 3:1-10 (together, the "Proposed Redactions").

as the Administrative Motion requests, may be redacted consistent with Dkt. 16-1.

9. The Administrative Motion is hereby **GRANTED IN PART** as to the parties' Proposed Redactions to the Motion.

10. The Administrative Motion is otherwise **DENIED**.

**\*\*END OF ORDER\*\***

## Court Service List

[None]